Michael C. Geraghty, ABA#7811097
Oles Morrison Rinker & Baker
188 W. Northern Lights Blvd.
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106
Fax: (907) 258-5519
Email: Geraghty@oles.com

*Attorney for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, A NON-PROFIT; and also all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action,<br><br>　　　　　　　　　Defendant. | Case No. 3:20-cv-_____ |

# COMPLAINT

This is an action to resolve challenges to the scope of the Alaska Railroad Corporation's right-of-way ("ROW"), as granted by the federal government under the Alaska Railroad Transfer Act ("ARTA") of 1982 (45 U.S.C. §§ 1201-1214).

**COMPLAINT** - Page 1 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 1 of 10

## JURISDICTION & VENUE

1. Federal courts have jurisdiction over state-law claims implicating significant federal issues. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (finding federal question jurisdiction under 28 U.S.C. § 1331 over a state-law quiet title action, when the claim turned on interpretation of federal law); *see also Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1236 (10th Cir. 2006) (finding federal question jurisdiction over state-law property claims, where plaintiffs challenged the scope of a railroad's right-of-way under federal land-grant statutes). The two questions at issue in this case are clearly federal in nature: (1) the scope of the interest <u>reserved</u> by the federal government in the Federal Land Patent issued to defendant's predecessor in interest; and (2) the scope of the interest <u>conveyed</u> by the federal government to the state of Alaska in its right-of-way over the same property. Accordingly, this court has federal question jurisdiction under 28 U.S.C. § 1331.

2. Venue is proper before this Court as the federally granted right-of-way that is the subject of this action is located within the District of Alaska.

## PARTIES

3. Plaintiff Alaska Railroad Corporation ("ARRC") is a public corporation established pursuant to AS § 42.40.010. ARRC transports passengers and freight throughout southcentral Alaska and the interior, including Seward, Whittier, Girdwood, Anchorage, Talkeetna, Fairbanks, and Eielson AFB.

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**COMPLAINT** - Page 2 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 2 of 10

4. Defendant Flying Crown Subdivision Addition No. 1 and Addition No. 2 Property Owners Association, a non-profit, also known as Flying Crown Homeowners' Association ("FCHA"), on information and belief is a nonprofit corporation in Anchorage, Alaska, representing individual homeowners in the Flying Crown Subdivision.

5. This action is also brought against all other persons or parties unknown claiming a right, title, estate, lien, or interest in the real estate described herein.

## RELEVANT FACTS

**A. Background.**

6. In the years following the Klondike Gold Rush – from the late 1890s to approximately 1908 – as many as fifty private corporations were formed for the purpose of constructing railroads in Alaska. Nine companies made it as far as constructing and operating rail lines in the Territory, albeit for brief periods of time.

7. Each of these private railroads either failed or faced dire financial circumstances. Seeing the difficulties faced by private entities constructing and operating railroads in Alaska, and recognizing the importance of rail service to the development of the Territory, Congress took a different approach.

8. On March 12, 1914, Congress passed the Alaska Railroad Act, authorizing and directing the federal government to construct and operate railroads in the Territory of Alaska. At the time it was passed, government ownership of a railroad was considered "radical," and government operation of a railroad was "even more radical." To date, the

**COMPLAINT** - Page 3 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 3 of 10

Alaska Railroad is the only railroad ever constructed, owned, and operated by the United States federal government.

9.  The Alaska Railroad Act of 1914 ("Act of 1914") gave the President broad power to "purchase or otherwise acquire all real and personal property necessary" to carry out its purpose, including exercising the power of eminent domain to acquire property for the railroad. The Act of 1914 also required a right-of-way ("ROW") for the construction of railroads, telegraph, and telephone lines to be reserved for the United States in all land patents issued in the Territory of Alaska.

10. The federal government began building the Alaska Railroad in 1915. President Harding drove the Alaska Railroad's "golden spike" in Nenana in July 1923. Over the next several decades, and through statehood, the federally-owned Alaska Railroad moved freight and passengers between Seward, Anchorage, and Fairbanks, including the section of ROW at issue in this action.

**B.  Congress Transfers the Alaska Railroad to State Ownership.**

11. The federal government began discussing the concept of transferring the Alaska Railroad from federal to state ownership in the late 1970s. On July 7, 1981, Senator Ted Stevens introduced the Alaska Railroad Transfer Act ("ARTA") into the Senate, co-sponsored by Senator Frank Murkowski.

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**COMPLAINT** - Page 4 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 4 of 10

12. Congress passed ARTA, which went into effect on January 14, 1983. ARTA transferred all rail properties of the Alaska Railroad to the state of Alaska, including the federal government's interest in the Railroad's ROW.[1]

13. Congress recognized that without exclusive control of the Railroad's ROW, the State's ability to maintain and operate a safe and economical railroad would be undermined. Consequently, the drafters of ARTA made clear that "the State-owned railroad [would] receive exclusive and complete control over land traversed by the right-of-way." A statement of this Congressional intent is contained within the statute itself:

> Congress finds that exclusive control over the right-of-way by the Alaska Railroad has been and continues to be necessary to afford sufficient protection for safe and economic operation of the railroad.[2]

14. During ARTA's passage, there was general agreement in Congress that most land of the Alaska Railroad, including its ROW, was held in fee simple by the United States, and therefore would be transferred to the state of Alaska in fee.

15. Some lands within the ROW, however, were either not owned by the federal government in fee simple when ARTA was passed or were subject to third party claims of existing rights, primarily by Native Village Corporations. Thus, ARTA required administrative resolution of claims by Village Corporations, and included a minimum interest that would pass to the State in all other circumstances. Specifically, where land within the ROW was subject to claims by parties other than Village Corporations, or – as

---

[1] *See* 45 U.S.C. § 1203(a), *et seq*.
[2] 45 U.S.C. § 1205(b)(4)(A)(ii).

**COMPLAINT** - Page 5 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

here – had been conveyed from federal ownership prior to January 14, 1983, ARTA required the federal government to grant the State "not less than an exclusive-use easement" in such land.[3]

16. Some have argued that ARTA's requirement for conveyance of "not less than an exclusive use easement" attached *only* to lands subject to unresolved claims. This is belied by the statute's plain text, which required an exclusive-use easement where land was subject to unresolved claims <u>or</u> where land had been conveyed from federal ownership prior to ARTA's enactment.

17. An exclusive-use easement is defined within ARTA to include:

(A) The exclusive right to use, possess, and enjoy the surface estate of the land subject to [the] easement for transportation, communication, and transmission purposes and for support functions associated with such purposes;

(B) The right to use so much of the subsurface estate of the lands subject to [the] easement as is necessary for the transportation, communication, and transmission purposes and associated support functions for which the surface of such lands is used;

(C) Subjacent and lateral support of the lands subject to the easement; and

(D) The right (in the easement holder's discretion) to fence all or part of the lands subject to [the] easement and to affix track, fixtures, and structures to such lands and to exclude other persons from all or part of such lands.[4]

---

[3] *See* 45 U.S.C. § 1205(b)(4)(B).
[4] 45 U.S.C. § 1202(6).

**COMPLAINT** - Page 6 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

18. The U.S. Department of the Interior's Board of Land Appeals confirmed this requirement in a 2015 decision, finding that "ARTA requires BLM to convey all Federal interest to the lands within the Alaska Railroad right-of-way, but at a minimum an exclusive use easement."[5]

### C. FCHA Claims ARTA Erred by Transferring Rights Not "Federally Owned."

19. The United States issued Federal Land Patent #1128320 on February 15, 1950, to FCHA's predecessor in interest. Patent #1128320 conveyed a tract of land out of federal ownership but reserved to the United States "a right of way for the construction of railroads, telegraph and telephone lines" across that land. The Patent also reserved rights-of-way for "roads, roadways, highways, tramways, trails, bridges, and appurtenant structures constructed or to be constructed by or under authority of the United States or of any State created out of the Territory of Alaska[.]"

20. At the time Patent #1128320 was issued, the federally owned Alaska Railroad had already been operating a rail line on the land for several decades, established pursuant to the Act of 1914. The newly issued Patent allowed the Railroad to continue operating, by unambiguously reserving the ROW in question.

21. The land originally conveyed by Patent #1128320 is now owned by FCHA, and continues to overlap ARRC's ROW.

---

[5] *Appeal of Peter Slaiby & Rejani Slaiby*, 186 IBLA 143, 147 (2015).

**COMPLAINT** - Page 7 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 7 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

22. On October 23, 2019, ARRC received a letter from FCHA claiming that the federal transfer of the Alaska Railroad's ROW had "attempted to award property rights no longer owned by the federal government." Specifically, FCHA objected to the transfer of an exclusive interest in the ROW to ARRC.

23. FCHA's letter demanded that "ARRC immediately proclaim, by means of a legally recordable document, that it relinquishes any and all claim to 'exclusive use' of the right-of-way[.]"

24. This demand, that ARRC relinquish the right to control its ROW, is the impetus for the present action. Given the inherently dangerous nature of railroad operations – especially through residential areas – ARRC cannot operate safely or efficiently without retaining authority over its ROW.

## CAUSE OF ACTION
### (Quiet Title for ARRC Pursuant to AS § 09.45.010)

25. Plaintiff ARRC re-alleges the allegations contained in paragraphs 1-24 above.

26. In *Western Union Telegraph Co. v. Pennsylvania Railroad Co.*, the Supreme Court held that "[a] railroad right-of-way is a very substantial thing. It is more than a mere right of passage. [A right-of-way] is more than an easement. . . if a railroad's right-of-way [is] an easement it [is] one having the attributes of the fee, perpetuity and exclusive use and possession[.]" 195 U.S. 540, 570 (1904) (discussing rights-of-way granted by the United States to privately owned railroads).

**COMPLAINT** - Page 8 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 8 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

27. Patent #1128320 reserved to the United States a ROW for construction of railroads, telegraph and telephone lines, in addition to other rights-of-way. In *Great N. R. Co. v. United States*, the Supreme Court held that "any ambiguity in a grant is to be resolved favorably to a sovereign grantor – nothing passes but what is conveyed in clear and explicit language." 315 U.S. 262, 272 (1942) (internal citation omitted). Applying this rule of construction, the ROW reserved by federal government included the <u>maximum</u> interest that such a right-of-way could reasonably entail. Because the government had previously owned the patented land in its entirety, and was reserving the ROW for its own use, it would defy logic to construe the ROW more *narrowly* than previous ROWs granted to private entities – such as in *Western Union Telegraph Co.*

28. For decades, commentators have emphasized the unique and exclusive nature of a railroad's ROW. *See, e.g.* G. Thompson, Commentaries on the Modern Law of Real Property (1965), § 381 at 503, 512 ("a railroad right-of-way [generally] partakes more of the nature of an estate in fee than an easement. A railroad right-of-way includes the actual possession or the right to the actual possession of the entire surface for every proper use and purpose in construction and operation of the road.") *See also* 74 C.J.S. Railroads § 225 (2002) ("[a]s long as the railroad company occupies any portion of its right of way, it has the exclusive use and right of control coextensive with its boundaries") (footnotes omitted); 65 Am.Jur.2d, Railroads, § 104, at 403 (a railroad right-of-way easement is essentially different from any other in that it requires exclusive occupancy).

**COMPLAINT** - Page 9 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 9 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

29. These principles derive from over 150 years of railroad operations in the U.S., and the development of railroad ROWs over both public and private lands. The exclusive nature of these ROWs was well-settled at the time defendant's land was patented. There is no reason why the Act of 1914 would depart from these principles, or why the federal government would retreat from ensuring the state of Alaska received the same exclusive interest in the ROW as it had possessed. In fact, Congress' intent, as stated in ARTA, was just the opposite.

30. ARRC is therefore entitled to an order of this Court quieting title to the ROW.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ARRC respectfully requests this Court to enter the following relief:

1. A judgment quieting title in the ROW crossing defendant's property and a finding that ARRC's interest in that ROW includes the entire interest previously held by the United States federal government, and all rights contained within the definition of an "exclusive use easement" under 45 U.S.C. § 1202(6).

2. For such additional relief as this court deems appropriate.

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiff

Dated: September 21, 2020     By: _____
Michael C. Geraghty
Alaska Bar No. 7811097

4831-2495-2502, v. 11

**COMPLAINT** - Page 10 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-_____

Case 3:20-cv-00232-JMK   Document 1   Filed 09/21/20   Page 10 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519