ASHBURN & MASON, P.C.
Donald W. McClintock
Eva R. Gardner
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 276-4331
Fax: (907) 277-8235
E-mail: don@anchorlaw.com
E-mail: eva@anchorlaw.com

THOMAS E. MEACHAM, ATTORNEY AT LAW
Thomas E. Meacham
9500 Prospect Drive
Anchorage, Alaska 99507
Telephone (907)346-1077
E-mail: tmeacham@gci.net

Attorneys for Defendant Flying Crown Subdivision Addition No. 1
and Addition No. 2 Property Owners Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION., <br><br> Plaintiff, <br><br> v. <br><br> FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, a non-profit corporation; and also, all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action, <br><br> Defendants. | **Case No. 3:20-cv-00232-JMK** <br><br><br> **ANSWER TO COMPLAINT** |

Defendant Flying Crown Subdivision Addition No. 1 and Addition No. 2 Property

Owners Association ("FCHA") answers Plaintiff Alaska Railroad Corporation's ("ARC")

Complaint as follows:

## JURISDICTION & VENUE

1. Answering paragraph 1, Defendant denies that jurisdiction is proper in this Court.

2. Answering paragraph 2, to the extent there is jurisdiction in this Court (which Defendant denies), Defendant admits that venue is proper in this Court.

## PARTIES

3. On information and belief, Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations of Paragraph 4.

5. Paragraph 5 is a statement of Plaintiff's legal intent and Defendant cannot admit nor deny its allegations; to the extent Paragraph 5 contains factual allegations, they are denied.

## RELEVANT FACTS

6. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 6 and therefore denies the same.

7. Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies the same.

9. Paragraph 9 is a statement of law and Defendant cannot admit nor deny its allegations; to the extent any factual allegations are made, they are denied.

ANSWER TO COMPLAINT  PAGE 2 OF 7
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 11   Filed 11/12/20   Page 2 of 7

10. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore denies the same.

11. Defendant lacks specific knowledge of the facts alleged in Paragraph 11 but, on information and belief, admits them.

12. Defendant admits the first sentence of Paragraph 12. With regard to the second sentence, Defendant responds that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response.

13. Paragraph 13 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

14. Paragraph 14 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied .

15. Answering Paragraph 15, Defendant responds that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response. To the extent any factual allegations are made, they are denied.

16. Answering Paragraph 16, Defendant responds that it lacks knowledge of other persons' arguments, but admits, on information and belief, that some have argued that ARTA's requirement for conveyance of "not less than an exclusive use easement" attached only to federal lands subject to unresolved claims. The remainder of the allegations of Paragraph 16 constitute legal argument that requires no response. To the extent any factual allegations are made, they are denied.

**ANSWER TO COMPLAINT** **PAGE 3 OF 7**
*Alaska Railroad Corp. vs. Flying Crown, Case No. 3:20-cv-00232-JMK*

Case 3:20-cv-00232-JMK   Document 11   Filed 11/12/20   Page 3 of 7

17. Answering Paragraph 17, Defendant admits ARTA defines exclusive use easements in 45 USC §1202(6) and such statutory provision speaks for itself.

18. Paragraph 18 contains legal argument and interpretation that require no response. To the extent it contains factual allegations, Defendant admits that the IBLA has rendered a decision as quoted in part by Plaintiff, but denies that such decision is applicable to the case at bar and that it was correctly decided.

19. Defendant admits the allegations of Paragraph 19.

20. Answering paragraph 20, Defendant admits the Alaska Railroad had been operating at the time the patent was issued, but denies the remainder of the allegations of Paragraph 20.

21. Defendant admits the allegations of Paragraph 21.

22. Answering Paragraph 22, Defendant admits that it sent a letter containing the quoted language, but denies that Paragraph 22 fully describes all of the positions taken in such letter.

23. Answering Paragraph 23, Defendant admits that it sent a letter containing the quoted language, but denies that Paragraph 23 fully describes all of the positions taken in such letter.

24. Answering Paragraph 24, Defendant lacks knowledge as to Plaintiff's motivation in bringing this action and therefore cannot admit or deny the first sentence of Paragraph 24. Defendant denies the second sentence of Paragraph 24.

ANSWER TO COMPLAINT  PAGE 4 OF 7
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 11   Filed 11/12/20   Page 4 of 7

## CAUSE OF ACTION
### (Quiet Title for ARRC Pursuant to AS § 09.45.010)

25. Defendant reasserts and realleges its responses to ¶¶ 1–24 of the Complaint.

26. Paragraph 26 is an argument of law and Defendant cannot admit nor deny its allegations; to the extent any factual allegations are made, they are denied.

27. Paragraph 27 is an argument of law and Defendant cannot admit nor deny its allegations; to the extent any factual allegations are made, they are denied.

28. Paragraph 28 is an argument of law and Defendant cannot admit nor deny its allegations; to the extent any factual allegations are made, they are denied.

29. Paragraph 29 is an argument of law and Defendant cannot admit nor deny its allegations; to the extent any factual allegations are made, they are denied.

30. Paragraph 30 is denied.

## PRAYER FOR RELIEF

31. Defendant denies Plaintiff's Prayer for Relief in its entirety and requests that the Court enter judgment against Plaintiff.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. The interest held by Plaintiff is a nonexclusive easement reserving to the fee owners all rights not required for the proper operation of the railroad.

**ANSWER TO COMPLAINT** **PAGE 5 OF 7**
*Alaska Railroad Corp. vs. Flying Crown, Case No. 3:20-cv-00232-JMK*

Case 3:20-cv-00232-JMK   Document 11   Filed 11/12/20   Page 5 of 7

## PRAYER FOR RELIEF

Defendant respectfully requests that the Court:

A. Enter judgment against Plaintiff on its claim and in favor of Defendant on its affirmative defenses;

B. Grant Plaintiff an award of attorneys' fees and costs as allowed by law; and

C. Enter any other relief this Court deems appropriate.

DATED this 12th day of November, 2020.

                Ashburn & Mason, P.C.
                Co-Counsel for Defendants

                By:   s/Donald W. McClintock
                        Donald W. McClintock
                        Alaska Bar No. 8108061

                By:   s/Eva R. Gardner
                        Eva R. Gardner
                        Alaska Bar No. 1305017

                Thomas E. Meacham, Attorney at Law
                Co-Counsel for Defendants

                By:   s/Thomas E. Meachum
                        Thomas E. Meacham
                        Alaska Bar No. 7111032

**ANSWER TO COMPLAINT**                                                                                    **PAGE 6 OF 7**
*Alaska Railroad Corp. vs. Flying Crown, Case No. 3:20-cv-00232-JMK*

Case 3:20-cv-00232-JMK   Document 11   Filed 11/12/20   Page 6 of 7

CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2020, I filed a true and correct copy of the foregoing document with the Clerk of Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-000232-JMK who are registered CM/ECF users will be served by the CM/EFC system.


ASHBURN & MASON, P.C.
By: s/ Heidi A. Wyckoff
    Heidi A. Wyckoff

**ANSWER TO COMPLAINT**         **PAGE 7 OF** 7
*Alaska Railroad Corp. vs. Flying Crown, Case No. 3:20-cv-00232-JMK*

Case 3:20-cv-00232-JMK    Document 11    Filed 11/12/20    Page 7 of 7