Matt Mead
David A. Wilkinson
Landye Bennett Blumstein LLP
701 W. 8th Ave, Ste. 1200
Anchorage, AK 99501
Tel: (907) 276-5152
Fax: (907) 276-8433
Email: mattm@lbblawyers.com
Email: davidw@lbblawyers.com

*Attorneys for Proposed Intervenor-Defendants*
*Enstar Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>Defendant. | Case No. 3:20-cv-00232-JMK<br><br>**[PROPOSED] ORDER GRANTING MOTION OF ENSTAR NATURAL GAS COMPANY, A DIVISION OF SEMCO ENERGY, INC., AND ALASKA PIPELINE COMPANY TO INTERVENE AS DEFENDANTS** |

Before the Court is the Motion of ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company (collectively, ENSTAR) to Intervene as Defendants or, in the Alternative, to Participate as Amici Curiae.

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

Because ENSTAR has demonstrated that it meets the grounds for intervention as a matter of right, as well as for permissive intervention, under Federal Rule of Civil Procedure 24, its motion is granted.

ENSTAR meets the criteria for intervention as a matter of right under Rule 24(a)(2). Its application is timely and will cause no prejudicial delay. Because Plaintiff has required ENSTAR to enter a permit agreement and pay rent based on the same claim to exclusive use it seeks to litigate here, ENSTAR has a protectable interest in the property or transaction at issue in this matter that will be impacted or impaired if the case moves ahead without it. As a public natural gas utility that has been subject to permit and rent requirements from Plaintiff, ENSTAR's interests are not adequately represented by the parties.

ENSTAR also satisfies each of Rule 24(b)'s conditions: (1) ENSTAR raises a common question of law or fact with the main action, namely Plaintiff's claim to exclusive use easements; (2) the requirement of an independent ground for jurisdiction is satisfied since ENSTAR seeks to intervene as a defendant and the Plaintiff has pleaded federal question jurisdiction; and (3) ENSTAR's motion is timely.[1]

ENSTAR's intervention will allow the Court to resolve, in a single action, the broader dispute over Plaintiff's claimed easement rights, allowing for a more

complete development of the underlying factual issues, the efficient use of judicial resources, and the just resolution of the matter.

Because the Court grants ENSTAR's motion to intervene, it does not need to address ENSTAR's alternative request to participate in an amicus capacity.

For the foregoing reasons, ENSTAR's motion to intervene is GRANTED.

DATED _____, 20\_\_          _____
                                    JOSHUA M. KINDRED
                                    United States District Judge

Certificate of Service

I hereby certify that on December 16, 2020, I filed a true and correct copy of the foregoing document with the Clerk of Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

LANDYE BENNETT BLUMSTEIN LLP
By:   /s/ Dana Cupp
      Dana Cupp

---

[1]   See Fed. R. Civ. P. 24(b)(2); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433