Matt Mead
David A. Wilkinson
Landye Bennett Blumstein LLP
701 W. 8th Ave, Ste. 1200
Anchorage, AK 99501
Tel: (907) 276-5152
Fax: (907) 276-8433
Email: mattm@lbblawyers.com
Email: davidw@lbblawyers.com

*Attorneys for Proposed Intervenor-Defendants
ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska
Pipeline Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>Defendant. | Case No. 3:20-cv-00232-JMK |

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS COMPANY, A DIVISION OF SEMCO ENERGY, INC., AND ALASKA PIPELINE COMPANY'S MOTION TO INTERVENE AS DEFENDANTS OR, IN THE ALTERNATIVE, TO PARTICIPATE AS AMICI CURIAE**

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE** **PAGE 1 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 1 of 20

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

ENSTAR Natural Gas Company and Alaska Pipeline Company (collectively, ENSTAR) jointly move to intervene as defendants in this matter under Rule of Civil Procedure 24.

ENSTAR is a jointly regulated, public natural gas utility[1] that has an immediate and ongoing interest in the interpretation of the Railroad's easement rights. Where ENSTAR's gas lines run within the Railroad's easements, the Railroad requires ENSTAR to acquire a permit and pay it rent, an expense that is ultimately borne by ENSTAR's ratepayers. In response to ENSTAR's objections to the permit and rent requirements, the Railroad has maintained that it has a right to demand them because of its claim to exclusive use easements reserved in federal patents and conveyed through the Alaska Railroad Transfer Act—the same position the Railroad is seeking to vindicate through this lawsuit.

Thus, the legal questions raised in this case have direct implications for other users of the railroad transportation corridor, including ENSTAR. This should come as no surprise to the Railroad. During the past several years, ENSTAR has challenged the scope of the easement and has made its permit payments for use of the easement under protest. ENSTAR should be allowed to intervene to defend against the Railroad's

---

[1] Alaska Pipeline Company and ENSTAR Natural Gas Company are jointly regulated, public natural gas utilities. Alaska Pipeline Company is a wholly owned subsidiary of SEMCO Energy, Inc., of which ENSTAR Natural Gas Company is a division.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**   **PAGE 2 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

claimed easement rights and to recover amounts that ENSTAR has been unfairly required to pay under the Railroad's claim to exclusive easements.

Should the Court deny ENSTAR's motion to intervene, ENSTAR requests leave to participate as amici curiae to file memoranda addressing the positions taken by the parties in any dispositive motions, including filing an amicus brief in opposition to the Railroad's motion for summary judgment.[2] ENSTAR's distinct role as a public utility using the land underlying the Railroad easements allows it to present a more complete picture of the broad implications of the Railroad's claim.

## BACKGROUND

ENSTAR owns approximately 388 linear miles of natural gas transmission pipelines in Southcentral Alaska.[3] These lines run through Kenai, Beluga Point, the Matanuska–Susitna Valley, and Anchorage and provide natural gas to over 149,000 customers.[4] At several locations, rights-of-way for ENSTAR's transmission pipeline and distribution system run within the railroad transportation corridor, parallel to the railroad tracks.[5] In order to secure those rights-of-way, the Railroad has required ENSTAR to enter agreements for transportation corridor permits.[6] One such permit,

---

2     Docket No. 13, Mot. for Summ. J., Nov. 20, 2020.
3     Decl. of John Sims ¶ 3.
4     *Id.* ¶¶ 3, 5.
5     *Id.* ¶¶ 6-7.
6     *Id.* ¶ 7.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

**PAGE 3 OF 20**

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 3 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Permit 7615, was issued by the Railroad in 1996.[7] In 2016, the Railroad increased the annual rent it charged ENSTAR under Permit 7615 by 246%.[8] Although the acreage covered by Permit 7615 is small—less than 1% of ENSTAR's leased pipeline right-of-way acreage—the amount charged by the Railroad makes up approximately 44% of ENSTAR's annual rent payments.[9] As a public utility, those payments are ultimately borne by ENSTAR's ratepayers.[10]

The Railroad has asserted it has the right to require Permit 7615 because of its claim to an exclusive use easement.[11] In 2018, ENSTAR met with the Railroad specifically to raise its objection to the permit and rent requirements.[12] In a follow-up letter, ENSTAR questioned the Railroad's authority to charge rents within its transportation corridor easements, pointing out that the Railroad "does not have authority over any right, title or interest in property" that is transferred to it via the Alaska Railroad Transfer Act (ARTA) when that right, title, or interest "was not vested in the Unites States at the time of transfer."[13] ENSTAR explained that it would therefore only make payment under protest.[14]

---

[7]   *Id.*
[8]   *Id.*
[9]   *Id.* ¶ 8.
[10]  *Id.* ¶ 9.
[11]  *Id.* ¶ 12 .
[12]  *Id.* ¶ 10.
[13]  Ex. A to Decl. of John Sims at 1 (quoting AS 42.40.350).
[14]  *Id.*; *see also* Decl. of John Sims ¶¶ 10-11.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 4 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

In response, the Railroad asserted a right to an exclusive use easement—the same right it asserts in this litigation—and posited that such a right made its permit agreements with ENSTAR "legal and enforceable."[15] In language that parallels its pleadings in the present quiet title action, the Railroad rested its claim on the position that "ARTA *required* the U.S. to convey, *at a minimum*, an exclusive use easement for the ROW."[16] The Railroad noted that it had "encouraged" some affected land owners to file suit.[17] Now, having itself brought that foreshadowed litigation, the Railroad seeks judicial confirmation of the same legal position it relies on to charge ENSTAR (and, in turn, the ratepayers) for the right to run utilities within the transportation corridor.

## ARGUMENT

### I. ENSTAR has a right to intervene to defend against the Railroad's claim to an exclusive use easement.

An applicant may intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), where its participation meets four criteria: (1) the application is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the original

---

[15] Ex. B to Decl. of John Sims at 8.
[16] *Id.* (emphasis in original).
[17] *Id.*

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 5 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

parties to the action.[18] Courts apply a "liberal policy in favor of intervention," which serves "both efficient resolution of issues and broadened access to the courts."[19]

ENSTAR meets these criteria and is entitled to intervene as a matter of right. At this early stage in the proceedings, when discovery has not yet started and no dispositive rulings have been made, intervention is timely and will cause no prejudicial delay. Because the Railroad has required ENSTAR to pay rent based on the same claim to exclusive use at issue here, ENSTAR has a protectable interest in the property or transaction at issue in this matter. And ENSTAR's interest will be impaired if the Railroad is permitted to litigate its claim to exclusive use in ENSTAR's absence. Lastly, because ENSTAR is uniquely situated as a public utility, no party adequately represents its interests in this matter.

### A. ENSTAR's intervention is timely.

"Timeliness is determined by the totality of the circumstances facing would-be intervenors," and courts focus on three primary factors: the stage of the proceeding, any prejudice to other parties, and the reason for and length of any delay.[20]

---

[18] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011) (en banc).
[19] *See id.* at 1179 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397-98 (9th Cir. 2002)).
[20] *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 6 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

At this early stage in the proceedings, the Court has not issued any dispositive or issue-limiting rulings and intervention is appropriate.[21] Pending its summary judgment motion, the Railroad has moved to stay discovery, discovery-related deadlines, and the deadline for filing a scheduling and planning conference report.[22] And Flying Crown has moved to defer or deny the Railroad's motion for summary judgment in order to allow for discovery under Federal Rule of Civil Procedure 56(d).[23] Flying Crown rightly points out that the Railroad's "intent to establish its rights in this case will have far-reaching effects," which should not be resolved "lightly or hastily."[24] Indeed, one of the "far-reaching effects" is a determination bearing on ENSTAR's similarly situated rights. At this juncture, ENSTAR's intervention will not interfere with a fixed pre-trial schedule. At most, if Flying Crown's Rule 56(d) motion is denied, ENSTAR's intervention may cause a minimal delay for summary judgment briefing in order to allow a reasonable window for ENSTAR to prepare an opposition brief. But even that may have no practical effect on the timing of the resolution of that pending motion.

---

[21] *See, e.g.*, *Abdurahman v. Alltran Financial, LP*, 330 F.R.D. 276, 280 (S.D. Cal. 2018) (holding intervention timely where "discovery remain[ed] open and no substantive motion deadlines ha[d] passed").

[22] Docket 16, Mot. to Stay Discovery Pending Resolution of Mot. for Summ. J. 1, Dec. 3, 2020.

[23] Docket 21, Def.'s R. 56(d) Mot. to Defer or Deny Pl.'s Mot. for Summ. J., Dec. 11, 2020.

[24] *Id.* at 2.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

**PAGE 7 OF 20**

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 7 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Allowing intervention at this stage also would not prejudice the original parties.[25] Existing parties are not prejudiced by the mere prospect that intervention may "prolong the litigation" or even make resolution more difficult.[26] ENSTAR's defense brings a fuller discussion to the implications of the Railroad's legal position. That in no way prejudices the Railroad's ability to litigate its position. Moreover, in determining whether intervention might cause undue delay or prejudice, courts weigh the interest of judicial economy.[27] Taking up ENSTAR's defenses and counterclaim allows for the a more complete resolution of the Railroad's claim to exclusive easements, all in a single action.

Finally, ENSTAR seeks intervention within a reasonable period after becoming aware of the matter and the Railroad's position in this case. The Railroad filed its complaint in late September; Flying Crown's answer was filed in mid-November; and the Railroad's summary judgment motion on November 20. While timeliness is evaluated under the totality of the circumstances in any given matter, the Ninth Circuit Court of Appeals has held a party's intervention was timely when it was sought twenty years after a case was commenced, but made only a year after changed circumstances

---

[25] *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977); *see also Smith*, 830 F.3d at 857 (noting prejudice is the most important consideration in determining timeliness).
[26] *Smith*, 830 F.3d at 857.
[27] *See Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), *aff'd sub nom.*, *Venegas v. Mitchell*, 495 U.S. 82 (1990).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE** **PAGE 8 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 8 of 20

could have prompted the motion and weeks after definitively learning that the party's interest was not adequately represented.[28] An intervenor thus has time to determine if the circumstances and the parties' litigation positions call for its intervention.

Here, ENSTAR moved swiftly. It was appropriate for ENSTAR to review the parties' pleadings before moving to intervene. By seeking intervention before discovery, before a scheduling and planning conference, and before the completion of summary judgment briefing, ENSTAR's request is timely.

**B.  ENSTAR has a significantly protectable interest and its ability to protect that interest may be impaired and impeded in this matter.**

In determining whether a party has an adequate interest for intervention as a matter of right, courts follow "practical and equitable considerations" and construe Rule 24(a)(2) "broadly in favor of proposed intervenors."[29] No specific legal or equitable interest is required, and the interest test "is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[30] "It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue."[31]

---

[28]  *Smith*, 830 F.3d at 854, 859-60.
[29]  *Wilderness Soc'y*, 630 F.3d at 1179 (quoting *City of Los Angeles*, 288 F.3d at 397).
[30]  *Id.* (quoting *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)).
[31]  *Id.* (quoting *Sierra Club v. Envt'l Protection Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

**PAGE 9 OF 20**

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 9 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

ENSTAR's legally protected interests bear directly on the Railroad's claim to an exclusive use easement. In the same manner that the Railroad relies on a claimed exclusive use easement in this quiet title action against Flying Crown, the Railroad has required ENSTAR to obtain a permit and pay rent to run its gas lines.[32] ENSTAR has a protectable interest in running its gas lines without paying the Railroad to access property that the Railroad lacks a legal right to control. ENSTAR also has an interest in recovering in restitution from the Railroad when it has continued to require rent despite ENSTAR's protest.

Disposing of this action without ENSTAR will, as a practical matter, impair or impede ENSTAR's ability to protect those interests. The Railroad has made it plain that unless a court tells it otherwise, it will continue to assert its claim to an exclusive use easement and require ENSTAR to secure the permit and pay rent.[33] It does not matter that ENSTAR has no claim to the specific parcel that is the subject of the Railroad's quiet title action against Flying Crown—ENSTAR can intervene based on a "practical interest in the outcome of a particular case."[34] ENSTAR meets Rule 24(a)(2)'s interest requirements based on its ongoing interest in determination of the same underlying easement rights.

---

[32] *See* Ex. B to Decl. of John Sims at 8.
[33] *See id.*
[34] *City of Los Angeles*, 288 F.3d at 398 (quoting *Forest Conserv. Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995), *partially abrogated on other grounds in Wilderness Soc'y*, 630 F.3d at 1178).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE** PAGE 10 OF 20
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 10 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

### C. As a public utility, no party adequately represents ENSTAR's interests in this matter.

An intervenor is adequately represented if the interests of the present party are such that it will undoubtedly make all the intervenor's arguments, the present party is capable of and willing to make the arguments, and the intervenor would not offer any necessary element to the proceedings that the other parties would neglect.[35] While Flying Crown may align with ENSTAR in disputing the Railroad's claim to exclusive use easements, Flying Crown cannot represent ENSTAR's unique interests as a public utility.[36] Indeed, the character and location of the use that the Railroad seeks to control is very different between ENSTAR and the Flying Crown. Flying Crown is not subject to the same transportation corridor permit and rent requirements that the Railroad imposes on ENSTAR. Flying Crown is not a primarily subsurface user. Nor can Flying Crown seek restitution on ENSTAR's behalf to recover those amounts that the Railroad has unfairly collected from it. ENSTAR's interests cannot be adequately protected unless it is allowed to intervene and directly defend them.

ENSTAR satisfies the criteria for intervention as a matter of right and should be allowed the opportunity to protect its significant interests.

---

[35] *See Fresno Cty. v. Andrus*, 622 F.2d 436, 439 (9th Cir. 1980).

[36] *See, e.g.*, Docket 21, Def.'s R. 56(d) Mot. to Defer or Deny Pl.'s Mot. for Summ. J. 1 (distinguishing Flying Crown from "the many utilities, municipalities, and other entities who have economic ties to the administration of the ARRC right-of-way").

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 11 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

## II. Alternatively, ENSTAR should be granted permissive intervention.

In granting permissive intervention under Rule 24(b), courts evaluate three conditions: (1) whether the intervenor-applicant's defense and the main action share a common question of law or fact, (2) whether there must be an independent ground for jurisdiction over the claims or defenses, and (3) timeliness.[37] Permissive intervention may be warranted when the intervenor will "significantly contribute to the full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[38]

As detailed above, ENSTAR's request squarely meets the conditions for permissive intervention. In requiring ENSTAR to enter a permit agreement and pay rent to access land within its easement area, the Railroad relies on precisely the same construction of federal patent reservations and ARTA transfers that are at issue in this case. ENSTAR's role as an intervenor-defendant will not improperly affect the Court's jurisdiction. And, as discussed in detail above, ENSTAR's intervention, at this early stage of the litigation, will not cause prejudice or delay. Because of its unique role as a regulated public utility that has been required by the Railroad to enter a permit agreement and pay rents based on the legal position the Railroad now seeks to litigate,

---

[37] Fed. R. of Civ. P. 24(b)(2); *see Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).
[38] *See Spangler*, 552 F.2d at 1329 (discussing factors that may be evaluated in allowing permissive intervention).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**    **PAGE 12 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 12 of 20

ENSTAR's intervention will significantly contribute to the development and just resolution of the issues presented in this case.

### A. ENSTAR's defense raises common questions of law and fact.

The requirement that an intervenor's claim or defense raise a common question of law or fact is liberally construed.[39] ENSTAR's defense to the Railroad's claimed authority to require permits and rents under an exclusive use easement meets that liberal standard.

Both the Railroad's claim to quiet title against Flying Crown and its claimed authority to require ENSTAR to enter a transportation corridor permit and pay rent hinge on the construction of the easement interest the Railroad may have received through rights-of-way reserved in federal patents and then later conveyed via ARTA. Indeed, both the Railroad's 2019 letter to ENSTAR and the Railroad's summary judgment motion in this case set out nearly the same argument—walking through its interpretation of the history of the Alaska Railroad Act of 1914,[40] the federal ownership of the Alaska Railroad, the requirement that federal patents include railroad rights-of-way, and the enactment of the Alaska Railroad Transfer Act and its exclusive-use

---

[39] *See Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977) (citing *Securities & Exchange Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940)).
[40] Act of March 12, 1914, 43 U.S.C. 975 *et seq.*; 38 Stat. 305, repealed by ARTA, Pub. L. 97-468, Title VI, § 615(a)(1).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE** PAGE 13 OF 20
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK Document 25 Filed 12/16/20 Page 13 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

language.[41] There can be no doubt that the same questions of law will determine both Flying Crown and ENSTAR's legal rights against the Railroad.

Further, it is not determinative that the property subject to ENSTAR's transportation corridor permit does not include the specific parcels that are the subject of the Railroad's existing quiet title action. Permissive intervention does not require any direct, personal interest in the specific subject of the litigation.[42] And even in the context of intervention as a matter of right, parties may intervene based on a "practical interest in the outcome of a particular case,"[43] including its *stare decisis* consequences.[44] For example, in *Smith v. Pangilinan*, the United States Attorney General had a right to intervene in a dispute between residents of the Northern Mariana Islands and commonwealth officials regarding the application of a local law that was designed to determine who may be entitled to United States citizenship.[45] Although the specific law was not part of the body of federal immigration law the Attorney General

---

[41]  *See* Ex. B to Decl. of John Sims at 1-8; Docket 13, Mem. in Support of Mot. for Summ. J. at 2-8, 13-21, Nov. 20, 2020.
[42]  *Securities & Exchange Comm'n*, 310 U.S. at 459 (noting requirement of common question of law or fact "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation").
[43]  *City of Los Angeles*, 288 F.3d at 398 (quoting *Forest Conserv. Council*, 66 F.3d at 1496 n.8).
[44]  *See Smith v. Pangilinan*, 651 F.2d 1320, 1325 (9th Cir. 1981) ("In appropriate circumstances . . . *stare decisis* may supply the requisite practical impairment warranting intervention of right.").
[45]  *Id.* at 1324-25.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE** PAGE 14 OF 20
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 14 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

administers and enforces, the core question—entitlement to United States citizenship—was a matter squarely within the Attorney General's interests.[46] Likewise, while ENSTAR may not have an interest in the specific property subject to the quiet title action, it has a clear, practical interest in the resolution the core question in this matter—the Railroad's claim to exclusive use easements. And more, ENSTAR has property and pecuniary interests in the permit and rents required by the Railroad under its exclusive use claim.

> **B.** **Allowing ENSTAR to intervene does not inappropriately enlarge or impermissibly alter the Court's jurisdiction.**

The requirement that the intervenor's claim have an independent ground for jurisdiction stems from the "concern that intervention might be used to enlarge inappropriately the jurisdiction of the district courts."[47] That concern is at its apex in diversity cases, but falls away where the district court's jurisdiction is grounded in a federal question raised by the plaintiff.[48] Here, the Railroad has pleaded federal question jurisdiction based on the nature of its claim to reserved interests from federal patents

---

[46]  *Id.* at 1324 ("Clearly, the Attorney General, who is charged with administration and enforcement of the laws relating to immigration and naturalization, has an interest in a case in which people seek to have it determined that they are persons who will be entitled to become United States citizens . . . .").

[47]  *Freedom from Religion Found.*, 644 F.3d at 843.

[48]  *See id.* at 844 ("In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant . . . ." (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1917 (3d ed. 2010)).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

PAGE 15 OF 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

and the subsequent conveyance under federal law.[49] To the same extent it might have jurisdiction over that original matter, the Court will have jurisdiction over ENSTAR's defense.

ENSTAR's proposed counterclaim for restitution does not upset the jurisdictional foundation for its intervention. Under 28 U.S.C. § 1367(a), the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[50] ENSTAR's counterclaim for restitution arises under the same controversy that allows its intervention as a defendant. The Railroad has taken the position that because of its claim to an exclusive use easement, ENSTAR must secure a transportation corridor permit and pay the Railroad rent.[51] Because the Railroad in fact holds less than an exclusive use easement, the Railroad has been unjustly enriched by collecting rents without solid legal footing and at the expense of ENSTAR and its ratepayers. This entitles ENSTAR to restitution. Because this counterclaim arises from the same case or controversy as the resolution of the Railroad's claim to exclusive use easements, the Court has supplemental jurisdiction over it. In sum, there are no jurisdictional hurdles to permitting ENSTAR to intervene.

---

[49] Docket 1, Compl. ¶ 1, Sept. 21, 2020 (citing 28 U.S.C. § 1331).
[50] 28 U.S.C. § 1367(a).
[51] Decl. of John Sims ¶¶ 10-11; *see also* Ex. B to Decl. of John Sims.

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 16 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

### C. Discretionary factors weigh in favor of intervention.

Where a timely interest in intervention is presented, courts may consider several factors in determining whether to permit intervention, including the following:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.[52]

These factors weigh heavily in favor of allowing ENSTAR to intervene. ENSTAR's interest is to protect its ratepayers from permit and rent charges demanded by the Railroad under its claim to an exclusive use easement. Through a counterclaim in restitution, ENSTAR also seeks to recover those amounts. While ENSTAR may not have an interest in the specific parcels subject to the Railroad's quiet title action, ENSTAR's defenses and counterclaim raise the same fundamental legal question regarding the Railroad's rights. While that allows ENSTAR to contribute to a more complete discussion of the core issue in this action, it does not mean that ENSTAR's interests are adequately represented.

---

52     *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**     **PAGE 17 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

In sum, allowing ENSTAR to intervene will enable the Court to resolve, in a single action, the broader dispute over the Railroad's claimed easement interest. Independent actions to determine Flying Crown and ENSTAR's rights will create needless duplication and potentially divergent rulings on the same underlying questions of law. At this early stage, where the Railroad has sought a stay of discovery and no dispositive motions have been resolved, ENSTAR's intervention will cause no delay or prejudice and will only result in the more complete and just resolution of the dispute. This Court should permit ENSTAR to intervene.

### III. If intervention is denied, ENSTAR should be allowed to participate as amici curiae.

Allowing proposed intervenors to at least participate as amici curiae is "common practice."[53] District courts may permit proposed intervenors to participate as amici to allow them to address relevant points that the parties may fail to raise.[54]

As a regulated public utility impacted by the scope of the easement, ENSTAR can provide critical perspective on the broad effects of the Railroad's claim to exclusive use easements. Although the Railroad has raised the same legal issue in correspondence

---

[53] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1913 (3d ed. 2020).

[54] *Alaska v. Lubchenco*, 2011 WL 13152535, at *4 (D. Alaska, May 3, 2011) (denying permissive intervention, but allowing participation as amici curiae); *see also Calif. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1118 (9th Cir. 2002) (affirming district court ruling denying intervention but allowing amici curiae participation).

**MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE**    **PAGE 18 OF 20**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 18 of 20

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

with ENSTAR that it raises in this matter, the scope of use that the Railroad seeks to control in the two situations is distinct. For example, in the context of a natural gas pipeline running withing the easement subsurface area, but apart from and parallel to the railroad tracks, the Railroad's claim that exclusive use is "a critical safety and operational issue" finds no footing. This Court should, at a minimum, allow ENSTAR's participation as amicus curiae.

If the Court allows participation as amicus curiae, ENSTAR proposes that it be permitted to submit briefs on dispositive motions within seven days after the brief of the party it supports, the timeline followed under Federal Rule of Appellate Procedure 29(a)(6).

## CONCLUSION

ENSTAR has a significant interest in the adjudication of the Railroad's claim to exclusive use in easements reserved by federal patents and conveyed through the Alaska Railroad Transfer Act. The Railroad has relied on the same arguments it raises against Flying Crown to require ENSTAR to obtain permission and pay rent—which has been paid under protest—to run its gas lines within the Railroad's easement area. ENSTAR's intervention is timely, its interests are not adequately represented, and its ability to protect those interests will be substantially impaired if it cannot defend them here. Moreover, ENSTAR's intervention presents raises common questions of law and

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

PAGE 19 OF 20

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 19 of 20

fact without presenting jurisdictional hurdles. As such, ENSTAR respectfully requests that the Court grant its motion to intervene.

DATED December 16, 2020.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Proposed Intervenor-Defendants
ENSTAR Natural Gas Company, a division of
SEMCO Energy, Inc., and Alaska Pipeline
Company

By: /s/ Matt Mead
Matt Mead, Alaska Bar No. 0711095

By: /s/ David A. Wilkinson
David A. Wilkinson, Alaska Bar No. 1211136

Certificate of Service

I hereby certify that on December 16, 2020, I filed a true and correct copy of the foregoing document with the Clerk of Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

LANDYE BENNETT BLUMSTEIN LLP
By: /s/ Dana Cupp
Dana Cupp

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

MEMORANDUM IN SUPPORT OF ENSTAR NATURAL GAS CO., A DIV. OF
SEMCO ENERGY, INC., & ALASKA PIPELINE CO.'S MOT. TO INTERVENE
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

PAGE 20 OF 20

Case 3:20-cv-00232-JMK   Document 25   Filed 12/16/20   Page 20 of 20