Matt Mead
David A. Wilkinson
Landye Bennett Blumstein LLP
701 W. 8th Ave, Ste. 1200
Anchorage, AK 99501
Tel: (907) 276-5152
Fax: (907) 276-8433
Email: mattm@lbblawyers.com
Email: davidw@lbblawyers.com

*Attorneys for Proposed Intervenor-Defendants*
*ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska*
*Pipeline Company*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALASKA RAILROAD CORPORATION,

                Plaintiff,

      vs.

FLYING CROWN SUBDIVISION
ADDITION NO. 1 AND ADDITION NO.
2 PROPERTY OWNERS
ASSOCIATION,

                Defendant,
        and

ALASKA PIPELINE COMPANY, and
ENSTAR NATURAL GAS COMPANY,
a division of SEMCO, Energy, Inc.

         [Proposed]
         Intervenor-Defendants.

Case No. 3:20-cv-00232-JMK

---

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,**       **PAGE 1 OF 10**
**A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 1 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO., A DIVISION OF SEMCO ENERGY, INC., AND ALASKA PIPELINE COMPANY**

Intervenor-Defendant Alaska Pipeline Company, an Alaska corporation and a wholly owned subsidiary of SEMCO Energy, Inc., a Michigan corporation, and Intervenor-Defendant ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., jointly and severally answer the Complaint of Plaintiff Alaska Railroad Corporation as follows:

### JURISDICTION & VENUE

1.      Answering paragraph 1, Intervenor-Defendants deny that jurisdiction is proper in this Court.

2.      Answering paragraph 2, to the extent there may be jurisdiction in this Court, Intervenor-Defendants admit that venue is proper.

### PARTIES

3.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 3 and therefore deny the same.

4.      Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 4 and therefore deny the same.

5.      Paragraph 5 is a statement of Plaintiff's legal intent and Intervenor-Defendants cannot admit nor deny its allegations; to the extent Paragraph 5 contains factual allegations, they are denied.

6.  Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 6 and therefore deny the same.

7.  Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 7 and therefore deny the same.

8.  Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 8 and therefore deny the same.

9.  Paragraph 9 is an argument of law that requires no response; to the extent Paragraph 9 contains factual allegations, they are denied.

10. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 10 and therefore deny the same.

11. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 11 and therefore deny the same.

12. Intervenor-Defendants admit the first sentence of Paragraph 12. With regard to the second sentence, Intervenor-Defendants respond that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response.

13. Paragraph 13 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,     **PAGE 3 OF 10**
A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

14.     Paragraph 14 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

15.     Answering Paragraph 15, Intervenor-Defendants respond that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response. To the extent any factual allegations are made, they are denied.

16.     Answering Paragraph 16, Intervenor-Defendants lack sufficient knowledge to admit or deny what "[s]ome have argued" and therefore deny the same. The remainder of the allegations of Paragraph 16 constitute legal argument that requires no response. To the extent any factual allegations are made, they are denied.

17.     Answering Paragraph 17, Intervenor-Defendants respond that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response.

18.     Paragraph 18 is an argument of law that requires no response. To the extent it contains factual allegations, Intervenor-Defendants admit that the IBLA has rendered a decision that includes—in a quote—the language quoted in part by Plaintiff, but denies that Plaintiff has properly represented the language in its context, that such decision is applicable to the case at bar, and that it was correctly decided.

19.     Intervenor-Defendants lack specific knowledge of the facts alleged in Paragraph 19 but, on information and belief, admit them.

20. Intervenor-Defendants lack specific knowledge of the facts alleged in Paragraph 20 but, on information and belief, admit the Alaska Railroad had been operating at the time the patent was issued but deny the remainder of the allegations.

21. Intervenor-Defendants lack specific knowledge of the facts alleged in Paragraph 21 but, on information and belief, admit them.

22. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 22 and therefore deny the same.

23. Intervenor-Defendants lack sufficient knowledge to admit or deny the allegations of Paragraph 23 and therefore deny the same.

24. Answering Paragraph 24, Intervenor-Defendants lack knowledge as to Plaintiff's motivation in bringing this action and therefore cannot admit or deny the first sentence of Paragraph 24. Intervenor-Defendants deny the second sentence of Paragraph 24.

## CAUSE OF ACTION
### (Quiet Title for ARRC Pursuant to AS § 09.45.010)

25. Intervenor-Defendants reassert and reallege their responses to ¶¶ 1-24 of the Complaint.

26. Paragraph 26 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

27. Paragraph 27 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO., **PAGE 5 OF 10**
A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 5 of 10

28.     Paragraph 28 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

29.     Paragraph 29 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

30.     Paragraph 30 is denied.

## PLAINTIFF'S PRAYER FOR RELIEF

31.     Intervenor-Defendants deny Plaintiff's Prayer for Relief in its entirety and request the Court enter judgment against Plaintiff.

## INTERVENOR-DEFENDANTS' COUNTERCLAIMS

Intervenor-Defendants jointly and severally raise the following counterclaim:

### Counterclaim 1 (Restitution)[1]

1.     The Court has jurisdiction over Intervenor-Defendants' counterclaim under 28 U.S.C. § 1367.

2.     Intervenor-Defendant APC is an Alaska corporation that has, at all times mentioned here, been operating in Alaska.

3.     Intervenor-Defendant ENSTAR Natural Gas Company is a division of SEMCO Energy, Inc., a Michigan corporation that has, at all times mentioned here, been operating in Alaska.

4.     Intervenor-Defendants are regulated public utilities transmitting and

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,     PAGE 6 OF 10
A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 6 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

providing natural gas to customers throughout Southcentral Alaska.

5.      Intervenor-Defendant APC is jointly regulated with Intervenor-Defendant ENSTAR by the Regulatory Commission of Alaska.

6.      Intervenor-Defendant APC owns approximately 388 linear miles of natural gas transmission pipelines in Southcentral Alaska, along with regulator stations that modulate pressure along those pipelines. These lines tie into the distribution system owned by Intervenor-Defendant ENSTAR, which delivers natural gas to over 149,000 customers.

7.      Those customer-ratepayers ultimately bear the expense of Intervenor-Defendants' jointly regulated operations, including any costs to secure and maintain rights-of-way for natural gas transmission pipelines and distribution systems.

8.      Intervenor-Defendant APC holds the rights-of-way both for Intervenor-Defendant APC's transmission pipelines and Intervenor-Defendant ENSTAR's distribution system.

9.      At several locations, Intervenor-Defendants' rights-of-way are located in the subsurface land underlying Plaintiff's easements.

10.     Plaintiff requires Intervenor-Defendants to enter agreements for transportation corridor permits and to pay Plaintiff rents in order for Intervenor-

---

[1]     Intervenor-Defendants expressly reserve the right to amend this counterclaim or to add additional counterclaims as they may appear during the course of discovery.

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,**          **PAGE 7 OF 10**
**A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Defendants to locate rights-of-way in the subsurface land underlying Plaintiff's easements.

11.     Plaintiff erroneously claims a right to exclusive use easements wherever Plaintiff acquired its interests through alleged reservations in federal patents pursuant to the Alaska Railroad Act of 1914 which were later allegedly conveyed through the Alaska Railroad Transfer Act of 1982. That claim to exclusive use easements forms the basis for Plaintiff's requirement that Intervenor-Defendants enter agreements for permits and controls the amounts charged for rent.

12.     As a result of its claim to exclusive use easements, Plaintiff has, without legal grounds to do so, required Intervenor-Defendants to enter the agreements for permits and made it overpay for rent.

13.     In September 2018, Intervenor-Defendants met with Plaintiff and informed Plaintiff that it was overstating its interest in the easements and therefore unfairly requiring the permits and rents.

14.     Intervenor-Defendants then engaged the law firm Landye Bennett Blumstein to communicate Intervenor-Defendants' objection to Plaintiff's claim to exclusive use easements and the permits and rents it requires under that claim.

15.     Beginning in 2018 and continuously after that, Intervenor-Defendants have made payments to Plaintiff only under protest. Plaintiff has received approximately $95,800 from Intervenor-Defendants since Intervenor-Defendants

[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,                    PAGE **8** OF **10**
A DIV. OF SEMCO ENERGY, INC., **& ALASKA PIPELINE CO.**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 8 of 10

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

raised their objection and began paying under protest. The Railroad continues to charge rents and these amounts continue to accrue.

16. By requiring permit agreements and collecting rent without legal grounds to do so, Plaintiff has been unjustly enriched at the expense of Intervenor-Defendants and the ratepayers.

17. No part of these overpayments have been returned by Plaintiff, despite Intervenor-Defendants' protest.

18. Intervenor-Defendants lack an adequate remedy at law and are entitled to restitution of the amounts they have paid to Plaintiff under permit agreements and rents where Plaintiff did not, in fact, hold exclusive use easements or greater title.

## AFFIRMATIVE DEFENSES

Intervenor-Defendants raise the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The interest held by Plaintiff is a nonexclusive easement reserving to the fee owners all rights not required for the proper operation of the railroad.

## PRAYER FOR RELIEF

A. Enter judgment against Plaintiff on its claim and in favor of Intervenor-Defendants on their affirmative defenses;

[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,      PAGE 9 OF 10
A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 9 of 10

B. Award Intervenor-Defendants restitution damages under their restitution counterclaim, in an amount to be proven at trial, plus pre- and post-judgment interest as allowed by law;

C. Grant Intervenor-Defendants an award of attorneys' fees and costs as allowed by law; and

D. Enter any other relief this Court deems appropriate.

DATED December 16, 2020.

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Proposed Intervenor-Defendants
ENSTAR Natural Gas Company, a division of
SEMCO Energy, Inc., and Alaska Pipeline
Company

By: /s/ Matt Mead
Matt Mead, Alaska Bar No. 0711095

By: /s/ David A. Wilkinson
David A. Wilkinson, Alaska Bar No. 1211136

<u>Certificate of Service</u>

I hereby certify that on December 16, 2020, I filed a true and correct copy of the foregoing document with the Clerk of Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

LANDYE BENNETT BLUMSTEIN LLP
By: /s/ Dana Cupp
     Dana Cupp

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**[PROPOSED] ANSWER OF INTERVENOR-DEFENDANTS ENSTAR NATURAL GAS CO.,**
**A DIV. OF SEMCO ENERGY, INC., & ALASKA PIPELINE CO.**
*Alaska Railroad Corp. v. Flying Crown*, Case No. 3:20-cv-00232-JMK

**PAGE 10 OF 10**

Case 3:20-cv-00232-JMK   Document 27   Filed 12/16/20   Page 10 of 10