Michael C. Geraghty, ABA#7811097
Email: Geraghty@oles.com
William G. Cason, ABA#2009083
Email: Cason@oles.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>                Plaintiff,<br><br>   v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, A NON-PROFIT; and also all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action,<br><br>                Defendant. | Case No. 3:20-cv-00232-JMK |

**OPPOSITION TO**
**DEFENDANT'S RULE 56(d) MOTION TO DEFER OR DENY**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case involves two straightforward questions of law: (1) the nature of the ROW <u>reserved</u> by the federal government in the Sperstad Patent pursuant to the 1914 Act; and (2) the ROW interest <u>conveyed</u> to ARRC pursuant to ARTA. Each of these issues can be

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 1 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 1 of 14

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

resolved by the Court as a matter of law on summary judgment, without the extensive discovery requested by FCHA.

FCHA's Rule 56(d) Motion claims that the Railroad's Motion for Summary Judgment "glosses over multiple points of *possible* factual contention." (Dkt. No. 21, p. 3) (emphasis added). But its assertion – that possible disputes of fact exist – is insufficient to meet its burden under Rule 56(d), and FCHA has not identified any specific facts, likely to exist, which would be necessary for opposing ARRC's Motion. For this reason, ARRC asks that the Court deny FCHA's Motion for a Rule 56(d) continuance.

## I. THE INSTANT CASE, AND ARRC'S MOTION FOR SUMMARY JUDGMENT, SHOULD NOT COME AS A SURPRISE TO FCHA.

FCHA professes the need for burdensome and far-reaching discovery, in some cases going back to 1983, or before, when ARTA was passed. However, this is disingenuous.

Disgruntlement concerning the railroad's assertion of exclusive control over its ROW has been an active topic between ARRC and numerous landowners over the course of many years. FCHA has been particularly aggressive, and has never expressed uncertainty over its position, or qualified its position based on a need to investigate and discover ARRC records.

When it wrote the letter to ARRC in October 2019 (cited in the complaint), FCHA claimed that as a result of recent amendments to Alaska Statutes, ARRC "is not authorized to manage property or exercise authorize obtained through ARTA which was not a federally-owned interest at the time ownership of the Alaska Railroad was transferred to the state of Alaska."

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 2 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 2 of 14

Further, the letter attached the Patent to the Sperstad property, now occupied by FCHA, along with a title report for the property. "[T]his Patent and Title Report *unequivocally confirm* that, as of April 17, 1950, the federal government owned no rights (to confer to ARRC or any other party) regarding this property, other than the reserved surface easement." (Emphasis added.)

The letter demanded that ARRC "immediately proclaim, by means of a legally recordable document, that it relinquishes any and all claim to 'exclusive use' of the right-of-way..."

ARRC responded in writing, as it has done to FCHA and others numerous times in the past, by expressing its respectful disagreement with FCHA's position and declining to record any disclaimer.

On March 17, 2020, FCHA again wrote to ARRC expressing its "disappoint[ment]" and doubling down on its position that ARRC's position was legally invalid. "AS 42.40.350 now states that the Alaska Railroad cannot claim any rights or interest in rail properties not vested in the United States at the time of transfer." Referring back to the Sperstad Patent and the title report produced in its October 2019 correspondence, FCHA stated that "this showing establishes that the only vested interest held by the federal government after April 17, 1950 was simply the reservation of a ROW over the homestead land for 'railroad, telegraph and telephone' as provided for in the Alaska Railroad Act of 1914. Nothing more." Again, there was no qualification or reservation expressed, and certainly no suggestion that their position could or would be borne out in discovery.

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 3 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 3 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

It is also significant for the court to understand that since 2016, a lengthy legal memorandum has been circulating amongst landowners similarly situated to FCHA – and we presume to FCHA – which concludes that ARRC's asserted interest in the exclusive use of its ROW is erroneous. The 18-page memorandum, single-spaced, purports to address the landowner's concern "that ARTA, as it has been interpreted and applied by the United States (through the U.S. Bureau of Land Management, or BLM), is being misinterpreted and misapplied to the detriment of the numerous private, municipal and state real property owners whose land patents from the United States have long been burdened with the 1914 easement reservation for the benefit of the [ARRC]."

As a consequence, the memorandum goes on, "you believe that this expansion has created a cloud on your own land title, a diminution of your property rights and property value, and at its extreme, an unconsented taking of your property without just compensation." The memo concludes that the "concerns are both significant and legally justified."

The author of the memo? Thomas E. Meacham, co-counsel of record for FCHA. In reaching its conclusion, the memorandum relies on the same materials which ARRC relies on in its motion for summary judgment: the 1914 Act, the Sperstad Patent, and the provisions of ARTA.

Now FCHA claims surprise and dismay that its position is being challenged in court and claims that the issue cannot be decided for many months and only after an exhaustive –

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 4 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 4 of 14

albeit aimless – search. The court should not allow this distraction and the significant expense imposed on, frankly, both parties.

## II. FCHA HAS NOT MET ITS BURDEN FOR A CONTINUANCE UNDER RULE 56(d).

A party requesting a continuance to pursue discovery under Rule 56(d)[1] must show three things: (1) the specific facts it hopes to elicit from further discovery; (2) that the specific facts exist; and (3) that the sought-after facts are essential to oppose summary judgment. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008). FCHA has failed in this regard.

None of the broad categories of discovery sought by FCHA could change the plain meaning of either the 1914 Act (and the attendant reservation of a right-of-way in the Sperstad Patent) or ARTA, and therefore could not create an issue of material fact as to the proper interpretation of those statutes. Similarly, none of the equitable doctrines invoked by FCHA could have divested the federal government – or ARRC – of their interest in the ROW, and therefore discovery in support of those defenses is futile.

### A. FCHA Has Not Set Forth the Specific Facts Necessary to Oppose Summary Judgment.

It is the burden of a party seeking a continuance under Rule 56(d) to show the *specific* facts it hopes to discover that would raise an issue of material fact. *Cont'l Maritime of San*

---

[1] Formerly Rule 56(f)). *See* Fed. Prac. & Proc. Civ. § 2741 (4th ed.) (explaining that Rule 56 was rewritten in 2010, but no substantive changes were made, and that pre-2010 cases applying Rule 56(f) remain controlling authority under the current Rule 56(d)).

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 5 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 5 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

*Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987) (denying request for continuance to take additional depositions, because "[t]he mere hope that further evidence may develop prior to trial is an insufficient basis for a [Rule 56(d)] continuance.")

Federal courts have repeatedly held that Rule 56(d) continuances will not be granted simply for the purpose of conducting evidentiary "fishing expeditions." *See e.g., Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 732 F. Supp. 2d 1107, 1125 (D. Haw. 2010) ("[w]hen requesting additional discovery pursuant to Rule 56[d], plaintiffs must do more than request a fishing expedition to hopefully find evidence that will allow them to make a case."); *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) ("Rule 56(d) does not condone a fishing expedition where a [party] merely hopes to uncover some possible [supporting] evidence") (internal citation omitted).

FCHA's Motion is plainly a request for a court-sanctioned fishing expedition. In its own words, FCHA's Motion identifies broad categories of discovery that it "intends to explore." (Dkt. No. 21, p. 11). Its request is co-extensive with its discovery plan; suggesting that FCHA might not be ready to oppose summary judgment until discovery is fully completed. And while FCHA emphasizes the current, early stage of this case, none of the authorities it cites hold that a movant under Rule 56(d) is excused from making this initial showing, even early in litigation. Thus, FCHA's failure to describe the facts necessary to oppose summary judgment with any reasonable specificity should be fatal to its request.

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 6 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 6 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

## B. FCHA Has Made No Effort to Show That the Facts It Seeks Exist.

A movant under Rule 56(d) must also provide the Court some basis for believing that the specific facts sought after actually exist. *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003). FCHA has likewise failed to meet this burden.

For instance, FCHA suggests that "if the federal Alaska Railroad did not consider its easements . . . to be exclusive, that fact undermines ARRC's" claims. (Dkt. No. 21, p. 10). To support this fact, FCHA suggests that it seeks discovery on "pre-ARTA conflicts." (Dkt. No. 21, p. 11). But FCHA makes no attempt to show the actual existence of any such pre-ARTA conflicts.

Further, FCHA has conflated the existence of documents *responsive* to its broad discovery requests – for instance boxes of information related to land conveyances, and "reams" of correspondence – with the specific *facts* it must show a basis for believing do exist. The two are not the same. As stated in *Cont'l Maritime*, the hope that "evidence may develop" if a party is permitted to embark on a fishing expedition is not a valid reason to deny summary judgment. 817 F.2d at 1395.

## C. FCHA Has Not Shown That the Discovery It Seeks Would, or Could, Preclude Summary Judgment.

The third element under Rule 56(d) is perhaps the most fundamental, especially here: a party seeking a continuance for discovery must show *how* the facts sought, if discovered, would preclude summary judgment. *Barona Grp. of Capitan Grande Band of Mission Indians v. Am. Mgmt. & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) (denying

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 7 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 7 of 14

continuance because movant "failed to explain how additional discovery would have affected the disposition of the case.") Simply identifying broad areas of discovery which "relate to" a party's claims or defenses is insufficient to meet this burden. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (affirming denial of motion for continuance because the evidence sought was "only generically relevant," to the case, and the movant failed to show how the evidence was "essential" to oppose summary judgment.")

If the party seeking a Rule 56(d) continuance fails to show how additional discovery would likely alter the outcome of the summary judgment motion, the continuance will be denied. *See e.g., Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (denying discovery in support of defamation claim as being moot because claim was time-barred by statute of limitations, and additional discovery "would not affect the statute of limitations analysis.")

Here, FCHA argues that its burden under Rule 56(d) should be relaxed because discovery in this case has not yet begun. In support of this point, it cites *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation* for the statement that early in litigation district courts should grant continuances "fairly freely." (Dkt. No. 21, p. 7) (quoting *Burlington N. Santa Fe R. Co.*, 323 F.3d 767, 773 (9th Cir. 2003)). However, FCHA omits the holding of that case; that denial of the defendant's request for a continuance had been "largely correct" less than *one month* after the suit was filed – and before discovery had begun. *Id.* at 773-775.

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 8 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 8 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

Thus, even at this early stage, a party seeking a Rule 56(d) continuance must *still* demonstrate how its requested discovery could reasonably change the outcome of the underlying summary judgment motion.

The facts of *Burlington N. Santa Fe R. Co.* are illustrative of this point. In that case, the Burlington Northern Railroad's congressionally conferred right-of-way crossed several miles of tribal land, governed by the Assiniboine and Sioux Tribes of Montana. *Id.* at 768. The tribes asserted rights which were contrary to those of the railroad (namely the right to tax railroad property along the ROW), and the railroad filed an action in federal court, seeking to enjoin the tribes from assessing a tax. *Id.* at 769. Less than one month after the railroad filed suit, it moved for summary judgment, which the tribes opposed with a Rule 56(d) motion for additional discovery. *Id.* at 773.

The district court denied the tribes' motion, and granted summary judgment for the railroad, finding discovery futile, considering the legal issues raised. *Id.* On appeal, the 9th Circuit held that this result was "largely correct" but reversed summary judgment on a limited basis, to allow discovery on the fact-specific issue of potentially hazardous railroad cargo – which the tribes asserted could be a valid basis for taxation under the so-called "second *Montana* exception." *Id.* at 769-773 (referencing an exception to the relevant law precluding taxation established by *Montana v. United States,* 450 U.S. 544 (1981)). Because the tribes clearly connected their need for discovery to a specific, fact-driven, and potentially dispositive issue – whether the approximately 1,695 freight cars crossing the Reservation

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 9 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 9 of 14

each day posed a hazard sufficient to allow taxation under *Montana* – the Court held discovery should be allowed to continue. *Id* at 775-776.

As in *Burlington*, FCHA has asserted rights contrary to the railroad's federally granted interest in the ROW. ARRC brought this action in *response* to that assertion – seeking an adjudication of the parties' respective interests in the ROW. ARRC moved promptly for summary judgment because those interests can be resolved as a matter of law. Unlike the defendants in *Burlington*, FCHA has identified no clear factual questions which would alter the outcome of the legal issues in this case.

> 1. <u>FHCA has shown no ambiguity in the 1914 Act or ARTA, which would be necessary to justify discovery of legislative history or other parole evidence.</u>

FCHA has largely accepted ARRC's framing of this case as turning on two legal issues: (1) the nature of the interest reserved in the Sperstad Patent (pursuant to the 1914 Act); and (2) the nature of the interest conveyed to ARRC under ARTA. (*See* Dkt. No. 21, p. 9). However, FCHA suggests that *interpretation* of the relevant statutes and conveyances requires discovery into legislative history, hypothetical past conflicts with other landowners, and the manner in which the railroad ROW has been managed by state and federal officials historically. (*See* Dkt. No. 21, pp. 9-12).

Discovery into each of these categories is futile, however, unless FCHA can first demonstrate genuine ambiguity in the 1914 Act, the Sperstad Patent, or ARTA. *See United States v. Rone*, 598 F.2d 564, 569 (9th Cir. 1979) ("When no ambiguity is apparent on the face of a statute, an examination of legislative history is inappropriate. The proper function

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 10 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 10 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

of legislative history is to solve, and not create, an ambiguity."); *United States v. Hagberg*, 207 F.3d 569, 574 (9th Cir. 2000) ("[w]here a statute or regulation is plain on its face. . . statements in legislative history do not sway our decision."); *Close v. Thomas*, 653 F.3d 970, 975 (9th Cir. 2011) (holding that if the plain meaning of a statute is unambiguous, that meaning is generally controlling).

FCHA has made no attempt to show ambiguity in the laws governing this issue.[2] Unless it does so, there is no reason to deny summary judgment for it to pursue open-ended discovery into legislative history or parole evidence, because the plain language of the statutes and federal conveyances will govern.

> 2. <u>The equitable doctrines referenced by FCHA could not divest the federal government or ARRC of their interest in the ROW.</u>

FCHA suggests that several broad areas of discovery (including, for instance, past correspondence between ARRC and various agencies, and minutes of board meetings) could be "relevant to a potential laches or estoppel argument." (Dkt. No. 21, p. 13).[3] However,

---

[2] The author of the Meacham memorandum observed that, in reviewing ARTA, "I have found the statute to be quite straightforward in its construction, with no obvious ambiguities or inconsistencies. As with any statute dealing with the transfer of lands having varying legal situations and past histories, ARTA must be necessarily detailed and complex to deal clearly with each of the varied land status situations. But in the end, as I will explain, ARTA as a comprehensive enactment 'hangs together.'"

[3] FCHA also suggests that the several year period between the passage of ARTA and the issuance of Patent No. 50-2006-0363 may indicate "some perceived defect in [ARRC's] title." (Dkt. No. 21, p. 13). That is not the case. Large federal land conveyances are cumbersome, and regularly take decades to complete. *See* James D. Linxwiler and Joseph J. Perkins, <u>A Primer on Alaska Lands,</u> 61 RMMLF-INST 7-1 (2015) (noting that despite language for "immediate" selection in the Alaska Native Claims Settlement Act, "not all

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 11 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 11 of 14

describing categories of discovery that may be relevant to a list of "potential" arguments simply does not meet the movant's burden under Rule 56(d) of explaining *how* discovery would be necessary to oppose summary judgment.

Additionally, FCHA suggests that it *may* make a "defense or counterclaim based on justifiable and detrimental reliance." Yet, presumably, if FCHA had detrimentally or justifiably relied on an affirmative representation by ARRC or the federal government, it would be able to explain the circumstances surrounding that reliance – even if it needed additional discovery to prove the truth of its assertion. FCHA has offered no explanation or assertion of any such detrimental reliance occurring.

Even more fundamentally, if the evidence sought by FCHA concerning estoppel or laches did exist, those equitable doctrines would likely be inapplicable to either the state or federally owned Alaska Railroad. There is simply no mechanism by which FCHA – or any other private entity – could have *gained* any rights in the right-of-way except through a clear and explicit grant. *See Saulque v. United States*, 663 F.2d 968, 976 (9th Cir. 1981) (explaining that estoppel is not applicable to the government when acting in a sovereign role, and the conduct of government officers generally cannot "cause the Government to lose its

---

ANCSA land has been fully conveyed almost 45 years later. Similar delays have occurred under the Statehood Act and the Native Allotment Act.") In this case, the federal government issued an interim conveyance of the ROW to ARRC in 1985, as required by ARTA. A copy of the interim conveyance is attached for reference as **Exhibit A**. Following the government's completion of survey work on the ROW, a final patent was issued in 2006. (*See* Dkt. No. 13, Ex. B). Neither the interim conveyance nor the final conveyance was in any way defective. Rather, the interim conveyance explicitly incorporated ARTA's definition of an "exclusive use easement" for ARRC. (*See* Exhibit A, pp. 16-17).

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 12 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 12 of 14

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

valuable rights by their acquiescence, laches, or failure to act.") (internal citations and quotations omitted); *see also Great N. R. Co. v. United States* 315 U.S. 262, 272 (1942) (explaining that "nothing passes [from a sovereign grantor] but what is conveyed in clear and explicit language.")

### III. CONCLUSION

The Alaska Railroad and FCHA have discussed – and disagreed on – the nature of ARRC's right-of-way for many years. Neither party has ever suggested uncertainty in their position, but instead have simply disagreed over the meaning of the law. In an effort to seek final resolution of this dispute, ARRC has turned to the court. ARRC has no interest in depriving FCHA of a reasonable opportunity to oppose its summary judgment motion – and will not object an extension of time for FCHA to complete its briefing. But fact discovery is wholly unnecessary. FCHA has not (and cannot) meet any of the elements of its burden under Rule 56(d), and ARRC therefore requests that the Court DENY its motion for such a continuance.

                                                OLES MORRISON RINKER & BAKER LLP
                                                Attorneys for Plaintiff

Dated: December 22, 2020       By:  s/ Michael C. Geraghty
                                                    Michael C. Geraghty, ABA#7811097
                                                    William G. Cason, ABA#2009083

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 13 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 13 of 14

CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, a copy of the foregoing document was served electronically on the following party(ies):

Donald W. McClintock, III
Eva Rivka Gardner
Thomas E. Meacham
*Attorneys for Flying Crown Subdivision*

OLES MORRISON RINKER & BAKER LLP

s/ Michael C. Geraghty

4831-2495-2502, v. 11

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**OPPOSITION TO DEFENDANT'S RULE 56(d) MOTION** - Page 14 of 14
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 30   Filed 12/22/20   Page 14 of 14