Michael C. Geraghty, ABA#7811097
Email: Geraghty@oles.com
William G. Cason, ABA#2009083
Email: Cason@oles.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>      Plaintiff,<br><br> v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, A NON-PROFIT; and also all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action,<br><br>      Defendant. | Case No. 3:20-cv-00232-JMK |

**ALASKA RAILROAD CORPORATION'S OPPOSITION TO ENSTAR NATURAL GAS GOMPANY AND ALASKA PIPELINE COMPANY'S MOTION TO INTERVENE AS DEFENDANTS**

ENSTAR Natural Gas Company and Alaska Pipeline Company (collectively "ENSTAR") have filed a motion to intervene in this matter, or in the alternative, to participate as amicus curiae. (Dkt. No. 25). For the reasons expressed below, ENSTAR has not met the standards for intervention, either as a matter of right or permissively, and ARRC

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 1 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 1 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

therefore requests that the Court DENY ENSTAR's request to intervene. ARRC does not oppose ENSTAR participating in this matter as amicus curiae.

## I. ENSTAR is Not Entitled to Intervene as a Matter of Right

ARRC largely concurs in ENSTAR's statement of the applicable Ninth Circuit test for intervention as a matter of right under Rule 24. An applicant for intervention as of right must demonstrate that: (1) its motion is timely; (2) it has a "significant protectable interest" relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest is not adequately represented by existing parties to the action. See *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999). While ENSTAR's motion is timely, it has not shown a significant protectable interest in the property at issue, and has not shown any inadequacy in FCHA's representation of the issues which it claims an interest in.

### A. ENSTAR has shown no significant protectable interest in the ROW

The Ninth Circuit applies a two-part test to determine whether an applicant has a significant protectable interest in a case sufficient to support intervention. First, the applicant must show that it asserts an interest that is protected under some law. *Donnelly*, 159 F.3d at 409. Second, it must show a relationship between its legally protected interest and the plaintiff's claims. *Id.* (internal citation omitted).

ENSTAR claims no legal interest in the right-of-way at issue here, which pertains solely to FCHA. (*See* Dkt. No. 25, p. 10). Nevertheless, it asserts two other interests, which

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 2 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 2 of 10

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

it argues justify intervention. First, ENSTAR asserts that it has an interest in "running its gas lines without paying the Railroad" for access to the right-of-way. (Dkt. No. 25, p. 10).[1] Second, ENSTAR asserts an interest in restitution from ARRC for rent payments it has already made. *Id.*

---

[1] The Declaration from ENSTAR's President neglects to provide some important background and context. ENSTAR (and specifically Alaska Pipeline Company) and its predecessors-in-interest have been operating their facilities within the Alaska Railroad's ROW since *April 1, 1976*, initially pursuant to a Permit and Construction Agreement with the federal railroad. That initial agreement, with a 20-year term, was non-exclusive, and the federal railroad expressly reserved "the right to grant to others, permits to use and occupy the permit area" provided that it did not, "in the opinion of the Railroad," unreasonably interfere with ENSTAR's use. "Railroad Property" was defined within the agreement as "all lands owned or withdrawn for the use of the Railroad, in and including the railroad's track right-of-way..." The agreement was amended and/or supplemented on several occasions, primarily to account for changes to ENSTAR's footprint within the permitted area, as well as rent adjustments. There is a Supplement dated March 1, 1988 which provides that "effective January 6, 1985, ALASKA RAILROAD CORPORATION, a wholly-owned corporation of the State of Alaska ("ARRC") became the successor in interest to the federally owned Alaska Railroad." It is also true that on or about September 21, 1999, ENSTAR entered into a Transportation Corridor Permit, Contract No. 7615 ("Permit") with ARRC which picked up when the original 1976 permit expired by its terms. Now, as 2020 closes, and *almost 45 years after entering into its agreement with the federal Railroad and then ARRC to operate its facilities on railroad property, ENSTAR complains that apparently neither the federal government nor ARRC had the right to permit ENSTAR's uses, and to charge rent for that privilege.* Instead, ENSTAR's President highlights the last rent increase which went into effect in 2016. However, he neglects to mention that the rent was set pursuant to an appraisal process described in the Permit, including detailed provisions for appealing that appraisal to an arbitration panel possessing the required professional qualifications, including experience appraising "similar transportation corridors." ARRC submits that ENSTAR's purported objection to ARRC's exclusive use of the easement it received pursuant to ARTA is a fig leaf for its complaint about the rent that is currently required under its Permit. This simply reinforces ARRC's view that ENSTAR does not meet the requirements for intervention.

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 3 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

ENSTAR fails to offer any legal basis for these asserted rights. Outside of its ongoing permit agreement with ARRC, ENSTAR *has* no legal right to access the ROW, and thus has no significant protectable interest in the dispute here. Likewise, ENSTAR has no standing to challenge ARRC's title to the ROW, and thus has no protectable interest supporting its claim for restitution.

In Alaska, a lessee is generally estopped from challenging its landlord's title.[2] *AAA Valley Gravel, Inc. v. Totaro*, 219 P.3d 153, 169 n.7 (Alaska 2009), *as amended* (Jan. 19, 2010) (in a case involving the lease of gravel mining rights, recognizing the "general rule that a tenant is estopped from challenging his landlord's title. . . even if he himself purchases a title to the property that is superior to his landlord's title.") (citing 49 Am.Jur.2d *Landlord and Tenant* § 768 (2006)). Other states, including Texas, follow this rule. *See Air-Ag, Inc. v. F & H Santa Fe Rail, Inc.*, 22 S.W.3d 596, 597 (Tex. App. 2000) ("[W]e reaffirm the long-standing rule . . . that a tenant may not challenge its landlord's title.")

*Air-Ag, Inc.* is especially pertinent here as an application of the rule stated in *AAA Valley Gravel, Inc.* In that case, three lessees of F&H Santa Fe Rail, Inc. ("F&H") sought to challenge F&H's right to possess several tracts within its right-of-way, which the plaintiffs leased from the company. *Air-Ag, Inc.*, 22 S.W.3d at 598-600. The plaintiffs argued that

---

[2] This rule, that a lessee is estopped from challenging its lessor's title, applies with equal force to ENSTAR as a permit holder. *See* 53 C.J.S. Licenses § 149 ("[a] licensee is estopped during the time the license exists to deny the title of the licensor or of anyone claiming under the licensor.") (citing cases); *see also N. Alaska Envtl. Ctr. v. State, Dep't of Nat. Res.,* 2 P.3d 629, 635 n. 23 (Alaska 2000) (discussing land permit holders as licensees: "[a] permit to use land revocable at the will of the grantor is generally considered a license.")

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 4 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106  Fax: (907) 258-5519

F&H never owned the tracts of land in fee simple because the right-of-way reverted back to the adjoining landowners upon abandonment of the railroad, and thus F&H had no basis to exclude them from the ROW. *Id.* at 600. The court, however, declined to hear their argument, finding that the lessees had no standing to make such claim. Specifically, it held that: "the adjoining landowners, who under this argument would claim title, are not parties to this suit. Appellants, as mere tenants of the tracts, have no justiciable interest in asserting title in absent third parties; thus, this court has no jurisdiction to consider this argument." *Id.*

In this case, ENSTAR denies any interest in the ROW adjoining FCHA.[3] Nevertheless, it seeks, as a permittee, to contest ARRC's title to the ROW. Looking to *AAA Valley Gravel, Inc.* and *Air-Ag, Inc.*, however, it has no standing to do so – and thus has no protectable interest supporting its claim.

Finally, while ENSTAR may stand to benefit economically from a ruling favorable to FCHA, an economic stake in litigation – even if significant – is not enough to establish a significant protectable interest supporting intervention. *Silver v. Babbitt*, 166 F.R.D. 418, 425 (D. Ariz. 1994), *aff'd*, 68 F.3d 481 (9th Cir. 1995); *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993).

### B.  ENSTAR's interests are adequately represented by FCHA

Even if an applicant for intervention has shown that it has a significant protectable interest which may be impaired in the action, which ENSTAR has not, there is no right to

---

[3] *See* Dkt. No. 25, p. 10 (". . . ENSTAR has no claim to the specific parcel that is the subject of the Railroad's quiet title action against Flying Crown.")

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 5 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

intervene if "the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). The most important factor in determining the adequacy of representation is how the interest of the proposed intervenor compares with the interests of existing parties. *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (internal citation omitted). When an applicant for intervention and an existing party have the same ultimate objective in an action, a presumption of adequacy of representation arises. *Id.*

For instance, in *League of United Latin Am. Citizens v. Wilson,* the plaintiff brought a lawsuit challenging a California ballot proposition, which had been enacted into law. 131 F.3d 1297 (9th Cir. 1997). A public interest group brought a motion to intervene as of right, claiming it participated in the drafting and sponsorship of the proposition and desired to intervene in support of its defense. *Id.* at 1301. The district court denied the motion, which the Ninth Circuit affirmed. The court held that the existing defendant (the State of California) and the public interest group sought the same ultimate objective—*i.e.,* to defend the constitutionality of the proposition—and thus a presumption of adequacy of representation arose. *Id.* at 1305.

ENSTAR asserts that its interests are not protected by FCHA because FCHA is not a public utility, and it uses ARRC's ROW in a different manner than ENSTAR. (Dkt. No. 25, p. 11). However, as in *League of United Latin Am. Citizens*, distinguishable organizations (in that case a private organization and a public entity) may nevertheless share the same ultimate objective in a suit. In this case, ENSTAR and FCHA share the same ultimate objective in the issue presently before the court – whether the federal government validly

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 6 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 6 of 10

conveyed an exclusive use easement to ARRC. As such, a presumption of adequacy in FCHA's representation should arise. ENSTAR has not shown any deficiencies in FCHA's representation or offered any arguments on this issue that FCHA would be unlikely to raise. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (discussing the applicant's burden to show inadequate representation by existing parties, and noting that if the applicant has an identical interest to one of the present parties, a "compelling showing" of inadequate representation is required.)

ENSTAR also asserts that FCHA cannot represent its interests regarding its claim for restitution against ARRC. While true in a limited sense (neither FCHA nor ENSTAR have a valid claim for restitution here) this issue is not – and should not be brought – before the Court in this action, and thus cannot support ENSTAR's application to intervene.

## II. ENSTAR Should Also Be Denied Permissive Intervention

As shown above, ENSTAR does not have the right to intervene in this action. As shown below, ENSTAR also should be denied permissive intervention. An applicant seeking permissive intervention must prove that it meets three threshold requirements: (1) it has a claim or defense that shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. Fed. R. Civ. P. 24(b)(1)(B); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

ENSTAR, as a permittee, does not have standing to challenge ARRC's title to the ROW, and thus its request for intervention should fail for lack of independent jurisdiction

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 7 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 7 of 10

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

over its claims. *See United States v. Hays*, 515 U.S. 737, 742 (1995) (recognizing that "standing is perhaps the most important of the jurisdictional doctrines.") (internal quotations omitted).

However, even if ENSTAR had satisfied the threshold requirements, the Court has discretion to deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties. *Id.* For instance, in *Arakaki v. Cayetano*, the district court denied an applicant's request for permissive intervention because it sought to interject new issues into the case beyond the scope of the plaintiffs' claims, and unnecessarily complicate the litigation. 324 F.3d 1078, 1082 (9th Cir. 2003) (unchallenged on appeal).

Additionally, if a district court *does* grant permissive intervention, it has discretion to limit intervention to particular issues. *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) (citing *Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.,* 974 F.2d 450, 469 (4th Cir.1992) (providing that "[w]hen granting an application for permissive intervention, a federal district court is able to impose almost any condition")).

In this case, ENSTAR seeks to interject an attenuated claim for restitution, which is subject to numerous defenses, and which will unnecessarily complicate the legal issues presently before the Court. As a practical matter, there is no benefit in allowing these issues to be inserted into the present case.

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 8 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 8 of 10

However, ARRC does not object to ENSTAR being granted amicus status so that it may freely contribute to the informed resolution of those issues.

### III. ARRC Does Not Oppose ENSTAR Participating as Amicus Curiae

Amicus status for ENSTAR is more appropriate here than intervention because it will allow ENSTAR to participate in resolution of the legal issues already in dispute – namely, whether the federal government validly conveyed an exclusive use easement to ARRC in the ROW adjoining FCHA, pursuant to ARTA, without unnecessarily complicating this case with issues not germane to FCHA.

## CONCLUSION

ARRC welcomes ENSTAR's briefing in this case as an amicus. However, it has not met the requirements for intervention, and therefore ARRC requests the Court DENY ENSTAR's request to intervene in this matter.

OLES MORRISON RINKER & BAKER LLP
Attorneys for Plaintiff

Dated: December 30, 2020   By:  s/ Michael C. Geraghty
Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 9 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 9 of 10

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2020, a copy of the foregoing document was served electronically on the following party(ies):

Donald W. McClintock, III
Eva Rivka Gardner
Thomas E. Meacham
*Attorneys for Flying Crown Subdivision*

Matt Mead
David A. Wilkinson
*Attorneys for ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company*

OLES MORRISON RINKER & BAKER LLP

s/ Michael C. Geraghty

4831-2495-2502, v. 11

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

**[PROPOSED] ORDER STAYING DISCOVERY** - Page 10 of 10
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 31   Filed 12/30/20   Page 10 of 10