ASHBURN & MASON, P.C.
Donald W. McClintock
Eva R. Gardner
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 276-4331
Fax: (907) 277-8235
E-mail: don@anchorlaw.com
E-mail: eva@anchorlaw.com

THOMAS E. MEACHAM, ATTORNEY AT LAW
Thomas E. Meacham
9500 Prospect Drive
Anchorage, Alaska 99507
Telephone (907)346-1077
E-mail: tmeacham@gci.net

Attorneys for Defendant Flying Crown Subdivision Addition No. 1
and Addition No. 2 Property Owners Association

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION., <br><br> Plaintiff, <br><br> v. <br><br> FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, a non-profit corporation; and also, all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action, <br><br> Defendants. | Case No. 3:20-cv-00232-JMK |

**DEFENDANT'S REPLY IN SUPPORT OF RULE 56(d) MOTION TO DEFER OR DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

It is unclear why ARRC is so vehemently opposed to allowing any discovery (even Rule 26 initial disclosures) to take place. ARRC chose to file this suit, its motion for

summary judgment in hand, with the luxury of access to its own vast archives. There is no urgency or emergency that demands a hasty ruling and prevents the parties from taking a few extra months to level the informational playing field.[1]

Substantively, ARRC's Opposition raises irrelevant issues and overlooks several of Flying Crown's primary arguments in its 56(d) Motion. The factual question Flying Crown seeks to explore in discovery is unquestionably material: if the evidence shows that the federal government did not in fact hold and administer an exclusive-use easement in the right-of-way prior to ARTA's passage, it could not have conveyed an exclusive-use easement to the State of Alaska. Flying Crown is entitled to explore this material fact through discovery into the specific, detailed areas it described in its Rule 56(d) Motion.

### I. The Parties' Prior Correspondence Is Irrelevant to the Issues before the Court, as Flying Crown Never Had the Privilege of Conducting Discovery.

ARRC is correct that this dispute has been simmering between the parties for some years and that Flying Crown was, and is, certain of its position. The relevance of this point is unclear: parties on opposite sides of litigation are, in almost every case, certain of their respective positions. The fact that litigation may have been preceded by aggressive letter correspondence should not in any way limit a party's ability to delve into the facts in

---

[1] To the extent ARRC worries that the back-and-forth of discovery would take an excessive amount of time, that is entirely within ARRC's control. Flying Crown has been transparent and specific about the factual information it seeks. ARRC is free to collect and produce that information at any point. Indeed, shortly before this Reply was filed on January 5, 2020, ARRC sent a letter to Flying Crown stating it would be delivering two volumes of federal and state archival materials.

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 2 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 2 of 12

discovery. Adopting a position in letter correspondence is very different from proving it in court, where a final, binding judgment is at stake. That is why the Federal Rules of Civil Procedure allow parties in litigation the privilege of conducting discovery.

To the extent the Court is inclined to review the parties' pre-litigation correspondence, Flying Crown's prior position is not inconsistent with its Rule 56(d) motion. The portions of its letters quoted by ARRC clearly express Flying Crown's position that the crucial fact question here is what rights were vested in the federal government prior to ARTA's passage—if the federal government did not retain an exclusive-use easement, it could not have conveyed an exclusive-use easement to the State.[2] In its letters, Flying Crown relied on the legal information that was available to it at the time—*because it has had no access to ARRC or third party records.*

It would be inequitable to restrict Flying Crown's defense in this litigation to the arguments it made prior to litigation. Flying Crown is entitled to present the best and most thorough defense it can, based not only on its statutory legal arguments, but also on factual arguments and evidence it has not previously had the ability to explore.

---

[2] Docket 30 at 3 (quoting Flying Crown) ("the Alaska Railroad cannot claim any rights or interest in rail properties not vested in the United States at the time of transfer. . . . [T]he only vested interest held by the federal government after April 17, 1950 was simply the reservation of a ROW over the homestead land for 'railroad, telegraph and telephone' as provided for in the Alaska Railroad Act of 1914.").

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 3 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 3 of 12

## II. Flying Crown Has Met Its Burden under Rule 56(d).

As Flying Crown previously noted, the Court should liberally construe Rule 56(d) requests, especially when they are filed before any discovery has taken place. This is clear from Ninth Circuit precedent including *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, where that court explicitly directed that "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."[3] ARRC attempts to distinguish this case by claiming that the *Burlington* defendants "clearly connected their need for discovery to a specific, fact-driven, and potentially dispositive issue[.]"[4] But there is no meaningful difference between that situation and the present one, where Flying Crown has identified specific facts that are material to a dispositive issue: whether the federal government held an exclusive-use easement prior to ARTA that it could have conveyed to the State after ARTA's passage.

Ultimately, ARRC cannot escape *Burlington*'s holding that Rule 56(d)'s standards should be relaxed in cases where "no discovery whatsoever has taken place," because "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid."[5]

---

[3] 323 F.3d 767, 773 (9th Cir. 2003).

[4] Docket 30 at 9.

[5] *Burlington,* 323 F.3d at 773 (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)).

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 4 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 4 of 12

Whether the Court applies Rule 56(d) strictly or in a more relaxed matter as directed by *Burlington,* Flying Crown has clearly met the standard articulated by ARRC in its Opposition. It has demonstrated "(1) the specific facts it hopes to elicit from further discovery; (2) that the specific facts exist; and (3) that the sought-after facts are essential to oppose summary judgment."[6]

### A. Flying Crown Has Identified Specific Facts It Hopes to Elicit and Demonstrated That They Exist.

ARRC claims that Flying Crown has failed "to describe the facts necessary to oppose summary judgment with any reasonable specificity[.]"[7] This statement is, to be blunt, false. Flying Crown devoted five full pages of its Rule 56(d) motion to describing, in detail, the specific facts it hopes to elicit in discovery, and explained how each set of facts is material to the defenses it plans to argue.[8] Flying Crown did not outline a "fishing expedition"; it presented a reasonable, thorough, and diligent approach to obtaining evidence that relates to a foundational factual assumption underlying ARRC's arguments.

To reiterate, Flying Crown plans to engage in discovery to establish the nature of the easement reserved to the federal government in the 1950 Sperstad patent (exclusive, or for a specific purpose); how the federally-owned Alaska Railroad viewed and managed its reserved rights over time with regard to the Flying Crown easement and other similar

---

[6] Docket 30 at 4 (citing *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

[7] Docket 30 at 6.

[8] Docket 21 at 10-14.

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 5 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 5 of 12

easements; the factual circumstances giving rise to the 2006 patent; and how ARRC itself has interpreted its rights and managed this and similar easements over time. Specifically, it hopes to elicit the following evidence:

- evidence that the federal Alaska Railroad—ARRC's predecessor—did not have, assert, or utilize exclusive-use easement rights in the many decades before ARTA;[9]

- evidence that the 2006 patent was created—24 years after ARTA—in an unlawful, inequitable, or ineffective attempt to retroactively give ARRC rights to the Flying Crown property that it did not actually have;[10] and

- evidence that ARRC and the federal Alaska Railroad have instructed appraisers to value the relevant easements as non-exclusive-use easements before, at the time of, and after ARTA's passage.[11]

Flying Crown's Rule 56(d) Motion identified the specific sources from which it intends to seek all of this evidence (ARRC or third parties) and explained that for most categories of evidence, ARRC has already confirmed that the material actually exists.[12]

---

[9] *See* Docket 21 at 11-12 (describing areas of discovery in more detail).

[10] *See* Docket 21 at 12-13 (describing areas of discovery in more detail).

[11] *See* Docket 21 at 14 (describing areas of discovery in more detail). Separate from an estoppel argument, this evidence would constitute a party admission appropriate for the Court's consideration.

[12] Docket 21 at 10-14; *see* also Ex. 3 (ARRC letter describing available records).

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION                                           Page 6 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 6 of 12

### B. The Facts Identified Are Material to the Issues Before the Court.

This factual information is directly relevant to the two legal issues ARRC raises in its Motion for Summary Judgment: (1) the nature of the interest reserved by the federal government in the Sperstad Patent; and (2) the nature of the interest conveyed to ARRC under ARTA.[13] ARRC asserts that this case turns solely on the legal interpretation of ARTA's statutory text, which it claims required the federal government to convey an exclusive-use easement to the State of Alaska. This overlooks a material underlying factual question: whether the federal government ever possessed exclusive-use easement rights that could be conveyed. As Flying Crown explained in its Rule 56(d) Motion, a party cannot convey what it does not own. Discovery into the scope, nature and administration of the federal government's easement pre-ARTA is therefore necessary.

Although ARRC contends that Flying Crown's evidence-based arguments are futile, it has failed to support this contention. It argues that Flying Crown cannot rely on any facts unless it first identifies an ambiguity in the 1914 Act; and that Flying Crown is categorically precluded from making an estoppel argument against a sovereign. Both of these arguments are incorrect.

First, Flying Crown is not the party injecting ambiguity in the 1914 Act—that is ARRC. The 1914 Act is clear that it reserved easements "for the construction of railroads, telegraph and telephone lines"—*not* exclusive-use easements. The language of the Act

---

[13] Docket 13 at 12.

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 7 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 7 of 12

appears to support Flying Crown's position, not ARRC's; yet ARRC is arguing that the easement reserved by the federal government in the Sperstad patent, pursuant to the 1914 Act, was in fact somehow exclusive despite the lack of any use of the word "exclusive" in the Act (or in the patent). The purpose of Flying Crown's pre-ARTA discovery and exploration of legislative history is to rebut ARRC's argument on this point and to prove that the federal government never held an exclusive-use easement.

This approach has been sanctioned by the United States Supreme Court in similar contexts. For example, in *Great Northern R. Co. v. United States*[14]—a case relied on by ARRC in its Opposition[15]—the Supreme Court was charged with determining the nature of a statutory right-of-way granted to a railroad in an 1875 act. The 1875 act's grants, which were construed to be simple easements adequate for the statutory purpose, are similar to the easements granted in the 1914 Act (at issue here) in that neither act stated the easements were "exclusive." The Supreme Court considered not only the statutory text, but administrative applications and interpretations,[16] in reaching its conclusion that the 1875 act granted the railroad "but an easement[.]"[17]

---

[14] 315 U.S. 262, 277 (1942).

[15] Docket 30 at 13.

[16] *Great Northern R. Co.*, 315 U.S. at 275 ("Also pertinent to the construction of the Act is the contemporaneous administrative interpretation placed on it by those charged with its execution.").

[17] *Id.*

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION                                   Page 8 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 8 of 12

The Federal Circuit Court of Appeals reaffirmed this approach later in *Hash v. U.S.*, a case that addressed, in part, the government's interest in a railroad easement that had been reserved in a land patent pursuant to statute, but was subsequently abandoned by the railroad.[18] The court cited approvingly to the breadth of materials reviewed in *Great Northern*[19] and considered "the statutory language, its contemporaneous explanations and regulations, [and] its administration over the ensuing century"[20] in reaching its decision that the easement reverted to the landowners when the railway use had ceased.[21]

Second, ARRC claims that Flying Crown's discovery aimed at estoppel is futile, because estoppel cannot be used as a defense against the government as a general rule. This is incorrect. Even a cursory review of the cases ARRC cites demonstrates that this is a wild misstatement of their holdings.

ARRC characterizes one case, *Saulque v. United States*,[22] as holding that "estoppel is not applicable to the government when acting in a sovereign role, and the conduct of government officers generally cannot 'cause the Government to lose its valuable rights by

---

[18] 403 F.3d 1308, 1313 (2005)

[19] *Id.* at 1313 ("In [*Great Northern*] the Court extensively reviewed the rights of railway, government, and land patentee, and explained: 'That petitioner [railway] has only an easement in its rights of way acquired under the Act of 1875 is therefore clear from the language of the Act, its legislative history, its early administrative interpretation and the construction placed upon it by Congress in subsequent enactments.'").

[20] *Id.* at 1314.

[21] *Id.* at 1318.

[22] 663 F.2d 968, 975 (9th Cir. 1981).

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION  Page 9 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 9 of 12

their acquiescence, laches, or failure to act.'"[23] This quotation conveniently omits the beginning of the sentence: "*officers who have no authority at all* to dispose of Government property cannot by their conduct cause the Government to lose its valuable rights by their acquiescence, laches, or failure to act."[24] *Saulque* is clear that estoppel was not available in that case because it involved a government agent who engaged in "unauthorized acts."[25] *Saulque* has no bearing on Flying Crown's estoppel arguments because Flying Crown does not expect to rely on "unauthorized acts" of a rogue government agent—it hopes to find evidence of a consistent, sanctioned pattern or policy by the federal Alaska Railroad, and post-ARTA by ARRC, of treating the easement rights in question as non-exclusive.

The other case cited by ARRC, *Great Northern R. Co. v. United States*, does not even address the subject of estoppel or equitable defenses.[26] It involved a petitioner railroad seeking to establish that when it received an easement from the federal government for a railroad by operation of statute, it in fact received fee title to the land, including subsurface mineral rights. The Supreme Court declined to expand the terms of the grant, referencing

---

[23] Docket 30 at 12-13.

[24] *Saulque*, 663 F.2d at 976 (quoting *United States v. California*, 332 U.S. 19, 40 (1947)).

[25] *Id.* at 976 ("Estoppel is not applicable against the government in this case for several reasons. In the first place, there is no evidence in the record that Seitz had any authority with regard to the withdrawal of land of the public domain. Consequently, we must assume that he acted without authority in representing to Saulque that the land was in a withdrawn status. It is well settled that estoppel cannot be invoked against the government because of the unauthorized acts of its agents.")

[26] *Id.* (cited in Docket 30 at 13).

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION Page 10 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 10 of 12

in passing "the general rule of construction that any ambiguity in a grant is to be resolved favorably to a sovereign grantor[.]"[27] That statement has no bearing on the present case. Flying Crown is not seeking to expand the terms of a limited easement granted by the federal government or gain new rights from the government; it merely seeks to defend its fee title to the property, conveyed by the 1950 Sperstad patent.

### III. A Hasty Summary Judgment Ruling Would Prejudice Countless Other Potential Parties.

ARRC does not dispute that this a high-stakes case that will have far-reaching effects on individuals and entities across the state. There is no question about this: after ARRC filed its summary judgment motion, and after Flying Crown filed its 56(d) motion, ENSTAR Natural Gas Company and Alaska Pipeline Company ("ENSTAR") moved to intervene [Docket 24], explaining that "the legal questions in this case have direct implications for other users of the railroad transportation corridor[.]"[28] ENSTAR and other potential intervenors should be allowed time and opportunity to join and be heard in this case before a decision affecting their rights is issued on summary judgment.

### IV. CONCLUSION

Flying Crown reiterates its request that the Court defer or deny ARRC's Motion for Summary Judgment and allow discovery in this case to proceed.

---

[27] *Great N. R. Co.*, 315 U.S. 262.

[28] Docket 25 at 2.

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION Page 11 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK Document 36 Filed 01/13/21 Page 11 of 12

DATED this 5th day of January, 2021.

            Ashburn & Mason, P.C.
            Co-Counsel for Defendants

            By:  s/Donald W. McClintock
               Donald W. McClintock
               Alaska Bar No. 8108061

            By:  s/Eva R. Gardner
               Eva R. Gardner
               Alaska Bar No. 1305017

            Thomas E. Meacham, Attorney at Law
            Co-Counsel for Defendants

            By:  s/Thomas E. Meacham
               Thomas E. Meacham
               Alaska Bar No. 7111032

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2021, I filed a true and correct copy of the foregoing document with the Clerk of Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:20-cv-000232-JMK who are registered CM/ECF users will be served by the CM/EFC system.

ASHBURN & MASON, P.C.
By: s/ Heidi A. Wyckoff
   Heidi A. Wyckoff

REPLY IN SUPPORT OF DEFENDANT'S RULE 56(D) MOTION          Page 12 of 10
*Alaska Railroad Corp. vs. Flying Crown*, Case No. 3:20-cv-00232-JMK

Case 3:20-cv-00232-JMK   Document 36   Filed 01/13/21   Page 12 of 12