Thomas E. Meacham, Attorney at Law
9500 Prospect Drive
Anchorage, Alaska 99507
Tel: 907-346-1077
Email: tmeacham@gci.net

*Attorney for Proposed Intervenor-Defendant*
*Matanuska Telephone Association, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FLYING CROWN SUBDIVISION | ) |
| ADDITION NO. 1 AND ADDITION | ) |
| NO. 2 PROPERTY OWNERS | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| ALASKA PIPELINE COMPANY, | ) |
| and ENSTAR NATURAL GAS | ) Case No. 3:20-cv-00232-JMK |
| COMPANY, a division of SEMCO | ) |
| Energy, Inc. | ) |
| | ) |
| [Proposed] | ) |
| Intervenor-Defendants, | ) |
| | ) |
| and | ) |

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

|                                    | ) |
| ---------------------------------- | - |
| MATANUSKA TELPHONE                 | ) |
| ASSOCIATION, INC.,                 | ) |
|                                    | ) |
|    [Proposed]       | ) |
|    Intervenor-Defendant. | ) |

# MOTION OF MATANUSKA TELEPHONE ASSOCIATION, INC.
# TO
# INTERVENE AS A DEFENDANT IN THE ABOVE-CAPTIONED CASE

Matanuska Telephone Association, Inc. including its wholly-owned subsidiaries MTA Communications, LLC, and MTA Fiber Holdings, LLC (collectively, "intervenor-defendant MTA") seeks permission of the Court to intervene as a defendant in this action, pursuant to Federal Rule of Civil Procedure 24. The proposed intervenor-defendant is an Alaskan non-profit, member-owned corporation providing telephone and related telecommunications services, and is organized and operating under Alaska Statutes 10.15.005 *et seq.*, the Alaska Cooperative Corporations Act, and its predecessor Acts.

Proposed intervenor-defendant MTA has a significant and direct interest in the central legal issue in this litigation, *i. e.,* whether the Alaska Railroad Corporation ("ARRC") owns, as it claims, an "exclusive-use" easement for railroad purposes, arising from the Alaska Railroad Transfer Act of 1982 ("ARTA")[1] and its predecessor Act, the

---

[1] 45 U.S.C. §1201, *et seq*.

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

1914 federal right-of-way Act (the "1914 Easement Act").[2] The 1914 Easement Act was for the stated purpose of reserving, on federal lands, an easement for "railroad, telephone and telegraph" uses. Under the same claim of an exclusive-use property right for railroad purposes that ARRC asserts in the present quiet-title action, the Railroad has attempted to assess and collect annual rents from MTA for telephone lines and equipment located within the 1914 Easement that belie the stated multiple-purpose uses of that easement.

MTA has had facilities and equipment located within the exterior boundaries of the Railroad easement virtually since MTA's founding in 1953. Some of these lines and facilities are overhead (aerial), while many are installed underground, within the 1914 Easement. Some of these facilities cross the 1914 Easement, while others lie within the the 1914 Easement and run parallel with it. Prior to ARTA, the established practice of MTA was to receive from the federal Railroad, at a reasonable annual charge, a "blanket" 20-year permit for all of MTA's facilities that were co-located, under the 1914 Act's easement reservation, within the exterior boundaries of the overall 1914 Easement. The annual charge for the federal Railroad's blanket permit was in the range of $12.00 per year, plus an initial $50.00 fee. *See* Declaration of MTA's Vice-President of Engineering and Operations Eric Anderson and Exhibits, attached hereto.

---

[2] Section 1 of the Act of March 12, 1914 (codified at 43 U.S.C. §§ 975c and 975d); 38 Stat. 305, repealed by ARTA, Pub. L. 97-468, Title VI, § 615(a)(1)

MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

After the passage of ARTA and the later expiration of the federal 20-year permit, ARRC has refused to continue the federal Railroad's practice of issuing a multi-year blanket co-location and coordination permit to MTA, at a reasonable permit fee and annual charge. Instead, asserting its claimed "exclusive-use" easement for railroad purposes under the 1914 Act and ARTA, ARRC has sought to assess annual co-location rntals against MTA on a facility-by-facility basis, for annual rents reflecting nearly fair-market fee values, and consistent with ARRC's own interpretation of the 1914 easement as existing for its exclusive use.

The last blanket permit issued to MTA by the federal Railroad expired in 2002. This permit has been extended for varying periods while MTA and ARRC remain at loggerheads regarding ARRC's claim of right tonow treat MTA as essentially a "purchaser" of utility co-location rights from ARRC, or as its year-to-year "tenant" at open-market land rental rates.

MTA has resisted ARRC's claims to greatly-increased annual permit fees that ARRC is calculating based on (1) the total number of MTA's telephone-line crossings of the 1914 Easement; and (2) the total linear footage of MTA's telephone lines that lie within the exterior boundaries of the 1914 Easement. At the annual rental rates insisted upon by ARRC, MTA's current annual permit fee for 114 crossings of the 1914

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 4 of 7

Easement, at $500.00 per crossing, would be $ 57,000.00. MTA's current 188,000 linear feet of lines paralleling the railroad and within the 1914 Easement, at $1.00 per foot per year, would be annually assessed at $188,000.00. The total annual permit assessment or "rental" to be owed ARRC by MTA for its co-located facilities, both overhead and buried, would be $245,000 per year. These greatly-increased annual permit fees or rentals for the co-location of MTA's telephone facilities within the 1914 Easement would be borne by MTA's rate-payers, most of whom are also its member-owners. *See* Declaration of Eric Anderson, *id*., and Exhibits A through G, attached thereto.

Based on the foregoing, MTA seeks to intervene to defend against ARRC's claim that the 1914 Easement, as transferred to it pursuant to ARTA, has been from 1914 and is today an "exclusive-use" easement solely for ARRC's railroad purposes, notwithstanding the 1914 easement's multiple purposes as stated in the federal legislation that created it. MTA's participation in this litigation is necessary to defend and protect its property and easement interests, and the financial interests of its member-owned cooperative corporation. In so doing, MTA will assert its own claims against ARRC, and will provide necessary context to properly analyze the original 1914 Easement reservation, the purposes it was intended to serve (and has served to date), and its lawful application following the passage of ARTA.

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 5 of 7

Counsel for defendant Flying Crown and intervenor-defendant applicant ENSTAR have indicated that these entitles do not oppose MTA's intervention. It is anticipated that ARRC will oppose MTA's motion to intervene, as it has that of pending intervenor-applicant ENSTAR.[3]

This motion is supported by the attached Memorandum of Law and the accompanying Declaration of Eric Anderson of MTA, with seven Exhibits as attachments to that Declaration. Also accompanying this motion is MTA's proposed Answer in Intervention.

Dated at Anchorage, Alaska this 2nd day of March, 2021.

    /S/ Thomas E. Meacham
Thomas E. Meacham, Attorney at Law
Alaska Bar No. 7111032

Attorney for proposed intervenor-defendant
Matanuska Telephone Association, Inc.

---

[3] Docket 31, Alaska R.R. Corp.'s Opp'n to ENSTAR & Alaska Pipeline Co.'s Mot. to Intervene as Defs. 2, Dec. 30, 2020.

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 6 of 7

Certificate of Service

I hereby certify that on March 2, 2021, I filed a true, correct and complete copy of the foregoing document with the Clerk of Court for the United States District Court, District of Alaska by using the CM/ECF system  Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

Thomas E. Meacham, Attorney at Law
By:   __/S/ Thomas E. Meacham

**MOTION TO INTERVENE: [PROPOSED] INTERVENOR-
DEFENDANT MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No.  3:20-cv-00232-JMK

Page 7 of 7