Thomas E. Meacham, Attorney at Law
9500 Prospect Drive
Anchorage, Alaska 99507
Tel: 907-346-1077
Email: tmeacham@gci.net

*Attorney for Proposed Intervenor-Defendant*
*Matanuska Telephone Association, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FLYING CROWN SUBDIVISION | ) |
| ADDITION NO. 1 AND ADDITION | ) |
| NO. 2 PROPERTY OWNERS | ) |
| ASSOCIATION, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| ALASKA PIPELINE COMPANY, | ) |
| and ENSTAR NATURAL GAS | ) Case No. 3:20-cv-00232-JMK |
| COMPANY, a division of SEMCO | ) |
| Energy, Inc. | ) |
| | ) |
| [Proposed] | ) |
| Intervenor-Defendants, | ) |
| | ) |

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

|                                  | ) |
| -------------------------------- | - |
| and                              | ) |
|                                  | ) |
| MATANUSKA TELEPHONE              | ) |
| ASSOCIATION, INC.,               | ) |
|                                  | ) |
| [Proposed]                       | ) |
| Intervenor-Defendant.            | ) |

**[PROPOSED]**

**ANSWER OF INTERVENOR-DEFENDANT
MATANUSKA TELEPHONE ASSOCIATION, INC.**

Intervenor-Defendant Matanuska Telephone Association, Inc., an Alaska Non-Profit Cooperative Corporation, including its wholly-owned subsidiaries MTA Communications, LLC, and MTA Fiber Holdings, LLC (collectively, "Intervenor-Defendant MTA" or "MTA"), jointly and severally answer or otherwise respond to the Complaint of Plaintiff Alaska Railroad Corporation ("Plaintiff" or "ARRC") in this action as follows:

**I.
JURISDICTION AND VENUE.**

1. Responding to paragraph 1 of ARRC's Complaint, Intervenor-Defendant MTA denies that jurisdiction is proper in this Court.

2. Responding to Paragraph 2 of ARRC's Complaint, Intervenor-Defendant admits that if jurisdiction is proper in this Court, venue is proper.

**[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 2 of 15

## II.
## PARTIES.

3. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 3 of ARRC's Complaint, and therefore these allegations are denied.

4. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 4 of ARRC's Complaint, and therefore these allegations are denied.

5. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny any facts underlying the asserted scope and intent of ARRC's Complaint, and therefore declines to respond to such assertions. To the extent that Paragraph 5 contains allegations of fact, they are denied.

## IV.
## RELEVANT FACTS.

6. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 6 of ARRC's Complaint, and therefore these allegations are denied.

7. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 7 of ARRC's Complaint, and therefore these allegations are denied.

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 3 of 15

8. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 6 of ARRC's Complaint, and therefore these allegations are denied.

9. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 9 of ARRC's Complaint, and therefore these allegations are denied.

10. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 10 of ARRC's Complaint, and therefore these allegations are denied.

11. Intervenor-Defendant MTA lacks sufficient knowledge to either admit or deny the allegations in Paragraph 11 of ARRC's Complaint, and therefore these allegations are denied.

12. Intervenor-Defendant MTA admits the first sentence of Paragraph 12 of ARRC's Complaint. The second sentence of ARRC's Complaint contains allegations and argument regarding an enacted federal statute that speaks for itself, and as to which no response is required of intervenor-Defendant MTA.

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 4 of 15

13. Paragraph 13 of ARRC's Complaint contains legal argument, as to which no response is required of Intervenor-Defendant MTA. To the extent that Paragraph 13 of ARRC's Complaint contains assertions of fact, they are denied.

14. Paragraph 14 of ARRC's Complaint contains legal argument, as to which no response is required of Intervenor-Defendant MTA. To the extent that Paragraph 14 of ARRC's Complaint contains assertions of fact, they are denied.

15. Paragraph 15 of ARRC's Complaint contains allegations and argument regarding an enacted federal statute that speaks for itself, and as to which no response is required of Intervenor-Defendant MTA.

16. Responding to Paragraph 16 of ARRC's Complaint, Intervenor-Defendant MTA lacks sufficient knowledge or information to admit or deny how some entities have interpreted the Alaska Railroad Transfer Act of 1983 ("ARTA"), and therefore ARRC's allegations in this regard are denied. To the extent that Paragraph 16 contains legal argument, no response is required of Intervenor-Defendant MTA. To the extent that Paragraph 16 contains factual assertions, they are denied.

17. Paragraph 17 of ARRC's Complaint contains allegations and argument regarding an enacted federal statute that speaks for itself, and as to which no response is required of Intervenor-Defendant MTA.

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 5 of 15

18. Paragraph 19 contains assertions of law that require no response. To the extent that Paragraph 19 contains factual allegations, Intervenor-Defendant admits that the IBLA has issued a decision that includes, in a quotation, the language quoted in part by Plaintiff, but denies that Plaintiff has correctly presented the language in its actual context, that the IBLA decision is applicable to the instant action, and that the appeal was correctly decided.

19. Intervenor-Defendant lacks specific knowledge of the facts alleged in Paragraph 19, but, on information and belief, admits them.

20. Intervenor-Defendant lacks specific knowledge of the facts alleged in Paragraph 20 but, on information and belief, admits that the Alaska Railroad has been operating at the time the patent was issued, but denies the remainder of the allegations.

21. Intervenor-Defendant lacks specific knowledge of the facts alleged in Paragraph 21 but, on information and belief, admits them.

22. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 22, and therefore denies the same.

23. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 23, and therefore deny the same.

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 6 of 15

24. Answering Paragraph 24, Intervenor-Defendant lacks knowledge as to Plaintiff's motivation in bringing this action and therefore cannot either admit or deny the first sentence of Paragraph 24. Intervenor-Defendant denies the second sentence of Paragraph 24.

## V.
## CAUSE OF ACTION.
### (Quiet Title for ARRC Pursuant to AS § 09.45.010)

25. Intervenor-Defendants reasserts and realleges its responses to Paragraphs 1 through 24 of the Complaint.

26. Paragraph 26 is an argument of law that requires no response. To the extent any factual allegations are made in paragraph 26, they are denied.

27. Paragraph 27 is an argument of law that requires no response. To the extent any factual allegations are made in Paragraph 27, they are denied.

28. Paragraph 28 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

29. Paragraph 29 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

30. Paragraph 30 is denied.

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 7 of 15

## VI.
## PLAINTIFF'S PRAYER FOR RELIEF.

31. Intervenor-Defendant denies Plaintiff's Prayer for Relief in its entirety, and requests that the Court enter judgment against Plaintiff.

## VII.
## INTERVENOR-DEFENDANTS' COUNTERCLAIMS.

Intervenor-Defendant raises the following counterclaims:

**Counterclaim 1: Plaintiff's Easement Rights Under the 1914 Easement Reservation are not Exclusive-Use Rights.**

1. The Court has jurisdiction over Intervenor-Defendants' counterclaim under 28 U.S.C. § 1367.

2. Intervenor-Defendant Matanuska Telephone Association, Inc. ("MTA") is an Alaska non-profit, member-owned corporation, organized and operating under Alaska Statutes 10.15.005 *et seq.*, the Alaska Cooperative Corporations Act, and its predecessor Acts.

3. Intervenor-Defendant MTA (excluding its wholly-owned subsidiaries) has been operating in Alaska since 1953, and at all times mentioned here has been providing telephone and telecommunication facilities and services to its customers and members, who presently number approximately 32,000 persons, comprising both individuals and entities.

**[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 8 of 15

4. Intervenor-Defendant MTA is a public utility, and it regulated and self-regulated under applicable provisions of Alaska state law at AS 42.05.711(h), and other applicable laws and regulations.

5. Intervenor-defendant MTA owns and operates a system of approximately 6,600 miles of telephone and telecommunications lines in Alaska. Portions of this system serve an area in Southcentral Alaska. Other portions extend northward to the Fairbanks, Alaska vicinity, some of which facilities lie along the Alaska Railroad "Railbelt" to Fairbanks.

6. Intervenor-defendant MTA's telecommunications equipment, facilities and lines are comprised of buried, surface and aerial installations.

7. Intervenor-defendant MTA's members bear ultimate financial responsibility, through their member-owned cooperative corporation, for all expenses involved in obtaining, permitting and maintaining legal rights-of-way and easements for the installation of MTA's equipment, facilities and lines.

8. At numerous locations within MTA's service area, MTA's existing telecommunications rights-of-way are physically located and installed in locations beneath, and on the surface, and overhead of lands burdened by the right-of-way easement arising under the Alaska Railroad Act of 1914 and its federal easement reservation, Section 1 of the Act of March 12, 1914 (codified at 43 U.S.C. §§ 975c and

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 9 of 15

975d); 38 Stat. 305, repealed, Pub. L. 97-468, Title VI, § 615(a)(1)) (the "1914 Easement"). The 1914 Easement was occupied and utilized in part by Plaintiff's predecessor, the federal Alaska Railroad, before passage of the Alaska Railroad Transfer Act ("ARTA"), 45 U.S.C. Sec. 1201, *et seq.,* Pub. L. 97-468, 96 Stat. 2556 (Jan 14, 1983).

9. MTA's facilities that are physically located and installed in locations beneath, on the surface and overhead of lands burdened by the 1914 Easement include facilities and lines that cross the 1914 Easement, and facilities and lines that roughly parallel the 1914 Easement and lie within its exterior limits.

10. The 1914 Easement comprises the reservation of a certain easement on federal lands prior to the conveyance of these lands out of federal ownership, for purposes of the possible future construction of "railroad, telephone and telegraph" facilities, pursuant to Section 1 of the Act of March 12, 1914.

11. Prior to the passage of ARTA, the federal Alaska Railroad coordinated the use and administration of the 1914 Easement with MTA's co-located telecommunications facilities located within that right-of-way easement through the issuance to MTA of permits, including comprehensive "umbrella" permits, at nominal annual rates intended to cover the Alaska Railroad's necessary administrative expenses.

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 10 of 15

12. Following the passage of ARTA and expiration of the last federal Railroad's permit, Plaintiff, the state-owned Alaska Railroad Corporation ("ARRC"), has decided that MTA must annually execute right-of-way contracts or permits for MTA's telecommunications facilities located within the 1914 Easement, and must pay annual rents to Plaintiff that are at rental rates apparently based on a significant percentage of the fair-market fee value of the lands affected, and notwithstanding MTA's existing property and easement interests under the 1914 Easement.

13. Plaintiff and MTA have been unable to resolve this right-of-way fee or rental dispute regarding MTA's occupancy of 1914 Easement lands. MTA has to date resisted these demands from Plaintiff, but this dispute continues.

14. Plaintiff erroneously claims the right to an exclusive-use easement for railroad purposes only, wherever Plaintiff has acquired its easement interests through the 1914 Easement reservation that is contained in federal patents issued pursuant to the Alaska Railroad Act of 1914. This easement interest, of whatever scope, content or dimension to be determined, was later conveyed to Plaintiff through ARTA after 1982. Plaintiff's claim to an exclusive-use easement for railroad purposes forms the basis for Plaintiff's demand that Intervenor-Defendant MTA enter into new annual agreements for MTA's co-located facilities, and that annual rental rates now charged by Plaintiff may and will

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 11 of 15

greatly exceed the administrative fees earlier charged MTA for such permits by the federal Alaska Railroad.

15. Plaintiff's erroneous claim regarding its exclusive right for railroad purposes under the 1914 Easement, as conveyed to it pursuant to ARTA, unlawfully disregards the statutory purposes of the 1914 Easement, *i. e*., for "railroad, telephone and telegraph" purposes. Plaintiff's disregard of this statutory command has directly and significantly harmed MTA, and will continue to do so unless appropriate judicial relief is granted to MTA.

16. As a result of Plaintiff's claim to an exclusive-use easement for railroad purposes, Plaintiff has, without legal grounds to do so, demanded that Intervenor-Defendant MTA enter into certain easement co-location agreements that require MTA to overpay annual "rentals" to Plaintiff by a very significant amount. This amount will exceed the federal Railroad's earlier annual permit fees for co-located MTA facilities by more that six hundred (600) times.

**Counterclaim 2: Plaintiff Holds No Subsurface Easement Rights or Control Under the 1914 Reservation and ARTA.**

1. Intervenor-Defendant incorporates the factual and legal assertions made in Paragraphs 1 through 16 of its Counterclaim 1, as though fully set forth herein.

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 12 of 15

2. In an attempt to avoid conflicting with Plaintiff ARRC's claimed exclusive-use easement rights, and to void incurring ARRC's unreasonable and unlawful annual rents, MTA has attempted in one instance to avoid Plaintiff's easement occupancy entirely, by crossing beneath Plaintiff's right-of-way. MTA planned to accomplish this by boring a small conduit of less than five (5) inches in diameter, placed beneath Plaintiff's right-of-way using accepted industry practices including the maintenance of subjacent support, and both entering and exiting the earth on privately-owned land outside the limits of Plaintiff's 1914 Easement right-of-way.

3. Plaintiff, claiming a lack of authorization, prevented MTA's attempt to install its lines by drilling and passing underneath Plaintiff's claimed right-of-way, notwithstanding that MTA's installation would be at sufficient depth to avoid any compromise of subjacent support, for which support MTA would be liable in any event.

4. Plaintiff's action in preventing MTA from safely placing its telephone lines beneath Plaintiff's right-of-way wrongfully exceeds the surface easement rights reserved to Plaintiff's predecessor under the 1914 Easement reservation, and coveyed to Plaintiff under ARTA.

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 13 of 15

# VIII.
# AFFIRMATIVE DEFENSES.

Intervenor-Defendant MTA raises the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The easement rights and uses designated to be reserved by the 1914 Easement legislation specify railroad, telephone and telegraph easement rights and uses, with no single use specified to predominate to the detriment or exclusion of any other designated use.

3. The interest held by Plaintiff under the 1914 Easement, as transferred to Plaintiff under ARTA, is a non-exclusive easement for railroad purposes, and which reserves and retains to the fee owners of the land all rights not required for the proper operation of the railroad.

4. The interest held by Plaintiff under the 1914 Easement, as transferred to Plaintiff under ARTA, is a non-exclusive surface easement with a concurrent right of subjacent support, but it does not include subsurface rights or control extending beyond or unrelated to the subjacent support of Plaintiff's surface facilities and installations.

[PROPOSED] ANSWER IN INTERVENTION
MATANUSKA TELEPHONE ASSN., INC.
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK

Page 14 of 15

# VIII.
# PRAYER FOR RELIEF.

A. Enter judgment against Plaintiff on its claim and in favor of Intervenor-Defendant MTA on its affirmative defenses;

B. Grant Intervenor-Defendants an award of attorneys' fees and costs as allowed by law; and

C. Enter any other relief this Court deems appropriate.

Dated at Anchorage, Alaska this 2nd day of March, 2021.

                                                 /S/ Thomas E. Meacham
                                     Thomas E. Meacham, Attorney at Law
                                       Alaska Bar No. 7111032

                                     Attorney for proposed Intervenor-Defendant
                                     Matanuska Telephone Association, Inc.

Certificate of Service

I hereby certify that on March 2, 2021, I filed a true, correct and complete copy of the foregoing document with the Clerk of Court for the United States District Court, District of Alaska by using the CM/ECF system  Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

Thomas E. Meacham, Attorney at Law
By:   /S/ Thomas E. Meacham

**[PROPOSED] ANSWER IN INTERVENTION**
**MATANUSKA TELEPHONE ASSN., INC.**
*Alaska Railroad Corp. v. Flying Crown*, No. 3:20-cv-00232-JMK