IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>　　　　　Defendant. | Case No. 3:20-cv-00232-JMK<br><br>**ORDER RE DEFENDANT'S<br>RULE 56(d) MOTION** |

　　　　Before the Court is Defendant, Flying Crown Subdivision Addition No. 1 and Addition No. 2 Property Owners Association's (Flying Crown), Rule 56(d) Motion to Defer or Deny Plaintiff's Motion for Summary Judgment (the Motion).[1] Plaintiff, Alaska Railroad Corporation (ARRC), responded in opposition.[2] Flying Crown replied.[3] Oral Argument on Flying Crown's Motion and ARRC's Motion to Stay Discovery Pending Resolution of Motion for Summary Judgment[4] was held on January 27, 2021.[5]

---

[1] Docket 21.
[2] Docket 30.
[3] Docket 36.
[4] Docket 16.
[5] Docket 38.

Rule 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[6] But it is incumbent on the party requesting discovery to show: "(1) the specific facts it hopes to elicit from further discovery; (2) the specific facts exist; and (3) that the sought-after facts are essential to oppose summary judgment."[7] The Ninth Circuit has held that where a motion for summary judgment is filed "early in the litigation, before a party has had any realistic opportunity to pursue its theory of the case, the district courts should grant any Rule 56(f)[8] motion fairly freely."[9] However, denial of a Rule 56(d) motion "is proper where it is clear that the evidence sought is almost certainly nonexistent or is the object of pure speculation."[10]

> To that end, Flying Crown asserts discovery is necessary to
>
> establish the nature of the easement reserved in the 1950 Sperstad patent (exclusive or for a specific purpose); how the federally-owned Alaska Railroad viewed and managed its reserved rights over time with regard to the Flying Crown easement and other similar easements; the factual

---

[6] Fed. R. Civ. P. 56(d).
[7] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *Cal. on behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998)).
[8] Rule 56 was rewritten in 2010 and Rule 56(f) was changed to 56(d). However, no substantive changes were made. Pre-2010 cases applying Rule 56(f) remain controlling authority under the current Rule 56(d). *See* Fed. Prac. & Proc. Civ. § 2741 (4th ed.).
[9] *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).
[10] *Campbell*, 138 F.3d at 780; *see also Martinez v. Columbia Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. 2014) ("In ruling on a 56(d) motion, a district court considers[.] . . . whether the information sought is based on pure speculation.").

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order re Defendant's Rule 56(d) Motion  Page 2
Case 3:20-cv-00232-JMK   Document 45   Filed 03/12/21   Page 2 of 7

circumstances giving rise to the 2006 patent; and how ARRC itself has interpreted its rights and managed this and similar easements over time.[11]

The parties appear to agree that this case hinges on two legal questions: (1) whether the federal government held and reserved at least an "exclusive use easement" in the Alaska Railroad's right-of-way (ROW) when it issued the Sperstad patent in 1950; and (2) whether the federal government conveyed at least an exclusive use easement in the ROW to ARRC when ARTA was enacted in 1982.[12] ARRC contends that because this case turns on these purely legal issues factual discovery is "wholly unnecessary," however, it does not object to affording Flying Crown an extension of time to complete its briefing.[13]

ARRC asserts that Flying Crown has not met its burden under Federal Rule of Civil Procedure 56(d) to identify "specific facts, likely to exist, which would be necessary for opposing ARRC's motion."[14] Flying Crown has identified eight broad categories of documents[15] it seeks to discover. The first four categories include: (1) "[d]ocumentation of conflicts between the ARRC right-of-way and mining claims, patents, and leases, and how such conflicts were resolved"; (2) "[d]ocumentation of each-instance, pre-ARTA, in which the federal Alaska Railroad asserted that it held an exclusive-use easement on the Alaska Railroad right-of-way subject to the 1914 easement

---

[11] Docket 21 at 9.
[12] Dockets 21 at 9; 30 at 1–2. In its Initial Case Status Report, Flying Crown characterized the "two major legal issues presented by this case" as "(1) the historical interpretation of the easement created under the 1914 Alaska Railroad Act and (2) interpretation of certain provisions of the Alaska Railroad Transfer Act []." Docket 21-2 at 2.
[13] Docket 30 at 13.
[14] *Id.* at 1–2.
[15] Docket 21 at 11–14.

*Alaska RR Corp. v. Flying Crown Subdivision*     Case No. 3:20-cv-00232-JMK
Order re Defendant's Rule 56(d) Motion     Page 3
Case 3:20-cv-00232-JMK    Document 45    Filed 03/12/21    Page 3 of 7

reserved for railroad, telephone, telephone, and telegraph purposes"; (3) "documentation regarding the closure of any federal Alaska Railroad branch or ARRC spur at Sutton or at any other location along the federal Alaska Railroad from Seward, Alaska, to Fairbanks, Alaska, and the disposition of the federal railroad's land interest"; and (4) the "terms of pre-ARTA permits between the federal Alaska Railroad, public utilities, and other landowners along the Alaska Railroad right-of-way."[16] Flying Crown alleges these documents are necessary to illustrate "how the federal government administered [its] right-of-way before its transfer to the State of Alaska,"[17] which theoretically could offer insight as to whether ARRC received an exclusive use easement from the United States beginning in 1914.[18] However, generic relevance is not sufficient.[19] Flying Crown has not articulated any *specific* facts it intends to glean from the documents; it has simply identified possible areas of inquiry. The Court does not dispute, nor does ARRC, that documents responsive to the categories Flying Crown delineates may in fact exist. But Flying Crown has merely suggested that such documents might potentially contain relevant information. Simply hoping that relevant information exists, without supporting those aspirations with specificity or articulating a sufficient basis for the likely existence of, is not enough to satisfy the standard under Rule 56(d).

---

[16] *Id.* at 11–12.
[17] *Id.* at 11.
[18] *Id.* at 10.
[19] See *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order re Defendant's Rule 56(d) Motion  Page 4
Case 3:20-cv-00232-JMK   Document 45   Filed 03/12/21   Page 4 of 7

The next two categories of documents Flying Crown seeks to discover include: (1) "[c]orrespondence between ARRC (or related/predecessor entities) and the following agencies: the U.S. Bureau of Land Management, the Federal Railroad Administration, the Solicitor's Office, U.S. Department of the Interior, and the Alaska federal congressional delegation from January 1, 1980 to the present date that involve the subjects of Interim Conveyances and/or land patents issued, or to be issued, to ARRC from the United States pursuant to ARTA"; and (2) "[m]inutes of the meetings of the Board of Directors of ARRC that involve the subjects of Interim Conveyances and/or land patents issued, or to be issued, to ARRC from the United States under ARTA."[20] Although Flying Crown asserts these documents are relevant "to a potential laches or estoppel argument," it is not clear to the Court how anything in those documents would be helpful to establishing such a claim. Flying Crown has not cited to any case authority or proposed any legal theory to support the viability of such a defense or counterclaim. Further, as stated above, Flying Crown has conflated the existence of responsive documents with the existence of specific facts and the "mere hope" of discovering evidence is not enough.[21] The Court cannot open the door to an exhaustive and burdensome discovery process—which, as briefed, would require the participation of numerous federal agencies and produce "reams and reams and reams"[22] of only potentially relevant documents—when Flying Crown has not met its burden under Rule 56(d).

---

[20] Docket 21 at 13.
[21] *Cont'l Maritime of San Francisco, Inc. v. Pac. Coast Metal Trades Dist. Council, Metal Trades Dep't, AFL-CIO*, 817 F.2d 1391, 1395 (9th Cir. 1987).
[22] Docket 21 at 13.

Finally, Flying Crown seeks to discover "ARRC's appraiser instructions for all appraisals of state-owned ARRC right-of-way lands" and "[a]ll available appraiser instructions for any appraisal, which was conducted by the U.S. Railway Association, and assigned values to easements."[23] Flying Crown asserts these documents are relevant to a potential estoppel claim, which it plans to establish should it discover that ARRC or the federal railway has been inconsistent in its claim that it holds an exclusive use easement.[24] However, again, Flying Crown has not shown with *any* specificity facts showing that the Railroad has ever believed it held less than exclusive use easement. Nor has it proven that those facts are essential to opposing ARRC's motion for summary judgment. In summary, Flying Crown has failed to articulate with specificity facts it hopes to discover, show that those facts likely exist, and prove their necessity in defending against summary judgment.[25]

## CONCLUSION

For the reasons stated above, this Court does not find that engaging in a lengthy discovery process before determining the merits of ARRC's motion for summary judgment is warranted. However, the Court recognizes that ARRC filed its motion for summary judgment early in the litigation—prior to initial disclosures—and is not in possession of many of the documents Flying Crown seeks. Indeed, many of the documents identified by Flying Crown purportedly are in the custody of federal agencies or already

---

[23] *Id.* at 14.
[24] *Id.*
[25] See *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (affirming district court's denial of movant's request to defer ruling on summary judgment where the district court concluded "that the evidence sought is only 'generically relevant,'" and the requesting party "failed to show how the evidence is 'essential' to oppose summary judgment").

publicly available.  The Court thus finds it is equitable to give Flying Crown an extended period of time to engage in the research necessary to defend its claim and will defer the deadline for its response to ARRC's motion for summary judgment for three months after the date of this Order.

In light of the foregoing, Flying Crown's Rule 56(d) Motion to Defer or Deny Plaintiff's Motion for Summary Judgment at Docket 21 is **DENIED.**  ARRC's Motion to Stay Discovery Pending Resolution of Motion for Summary Judgment at Docket 16 is **GRANTED**.

IT IS SO ORDERED this 12th day of March, 2021, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order re Defendant's Rule 56(d) Motion  Page 7
Case 3:20-cv-00232-JMK   Document 45   Filed 03/12/21   Page 7 of 7