Robert P. Owens
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Proposed Intervenor-Defendant Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>               Plaintiff,<br><br>vs.<br><br>FLYING CROWN SUBDIVISION<br>ADDITION NO. 1 AND ADDITION NO. 2<br>PROPERTY OWNERS ASSOCIATION,<br><br>               Defendant.<br><br>   and<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>               [Proposed]<br>               Intervenor Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:20-cv-00232-JMK |

**MOTION OF THE MUNICIPALITY OF ANCHORAGE
TO INTERVENE AS DEFENDANTS OR, IN THE ALTERNATIVE,
TO PARTICIPATE AS AMICI CURIAE**

The Municipality of Anchorage (MOA) hereby moves, pursuant to Federal Rule of

Civil Procedure 24, to intervene as a defendant in this action. MOA is a unified home rule

municipal corporation with fee-owned property and certain utility infrastructure within the Alaska Railroad Corporation's (ARRC's) transportation corridor.

The MOA has a substantial and significant interest in the legal questions under consideration in this matter. Multiple parcels of land owned and controlled by the MOA as well as utility infrastructure running within the ARRC right-of-way are implicated in ARRC's claim to exclusive use easements conveyed through the Alaska Railroad Transfer Act. ARRC's claimed exclusive use easement would endanger MOA's ability to use the public land owned by the MOA for the public benefit. Even if the public use intended by the MOA does not conflict with or inhibit railroad operations, ARRC could unilaterally bar such use under the theory of exclusive use easement expressed by the railroad in this case. An excellent example of this situation occurs less than a mile south of the tract of land at issue in this matter. Oceanview Park, a public municipal park, is bisected by the railroad corridor and has several features which fall within the claimed exclusive use easement including one of the public accesses to the park.

ARRC has also required the MOA to obtain permission and pay for permits for MOA utility infrastructure passing through the railroad transportation corridor. The MOA seeks to intervene to defend against ARRC's expansive claim that it holds exclusive use easements and to protect similarly impacted MOA owned land and property interests.

Should the Court deny the MOA's request to intervene, the MOA asks for leave to participate in this case as amici curiae with permission to file memoranda addressing positions taken by the parties in pending and future dispositive motions. Amicus briefing from the MOA will demonstrate the substantial and significant public interest impacted by

Motion to Intervene by Municipality of Anchorage
*ARRC v. Flying Crown Subdivision*; Case No. 3:20-cv-00232-JMK
Page 2 of 4

ARRC's exclusive use easement claims which could precedentially expand beyond the subject dispute with this particular underlying fee owner to impact the public interest of the MOA as fee owner and a multitude of other private fee owners.

Counsel for Defendant Flying Crown, intervenor-defendants Enstar, Alaska Pipeline Company, and Intervenor-defendant Matanuska Telephone Association have indicated that they do not oppose the MOA's intervention or amicus participation in this case. It is anticipated that ARRC will oppose MTA's motion to intervene, as it has that of pending intervenor-applicants ENSTAR and Alaska Pipeline Company.[1]

This motion is supported by the attached Memorandum and accompanying Affidavit of Robin Ward. Also accompanying this motion is the MOA's proposed Answer.

Respectfully submitted this 16th day of March, 2021.

        KATHRYN R. VOGEL
        Municipal Attorney

    By:   /s/Robert P. Owens
        Municipal Attorney's Office
        P.O. Box 196650
        Anchorage, Alaska 99519-6650
        Phone: (907) 343-4545
        Fax: (907) 343-4550
        E-mail: uslit@muni.org
        Alaska Bar No. 8406043

---

[1] Docket 31, Alaska Railroad Corporation's Opposition to ENSTAR & Alaska Pipeline Co.'s Motion to Intervene as Defendants. 2, Dec. 30, 2020.

Motion to Intervene by Municipality of Anchorage
*ARRC v. Flying Crown Subdivision*; Case No. 3:20-cv-00232-JMK
Page 3 of 4

<u>Certificate of Service</u>
The undersigned hereby certifies that on <u>03/16/21</u>, a true and correct copy of the foregoing was served on the parties by electronic means through the CM/ECF system:

<u>/s/ Cathi Russell</u>
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Motion to Intervene by Municipality of Anchorage
*ARRC v. Flying Crown Subdivision*; Case No. 3:20-cv-00232-JMK
Page 4 of 4