Robert P. Owens
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Proposed Intervenor-Defendant Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FLYING CROWN SUBDIVISION | ) |
| ADDITION NO. 1 AND ADDITION NO. 2 | ) |
| PROPERTY OWNERS ASSOCIATION, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| and | ) |
| | ) |
| MUNICIPALITY OF ANCHORAGE, | ) |
| | ) |
| [Proposed] | ) |
| Intervenor Defendant | ) |
| | ) Case No. 3:20-cv-00232-JMK |

## <u>MEMORANDUM IN SUPPORT OF THE MUNICIPALITY OF ANCHORAGE'S MOTION TO INTERVENE AS DEFENDANTS OR, IN THE ALTERNATIVE, TO PARTICIPATE AS AMICI CURIAE</u>

The Municipality of Anchorage (MOA) moves to intervene as a defendant in this

matter pursuant to Federal Rule of Civil Procedure 24.

MOA is a unified home rule municipal corporation with a significant and perpetual interest in the legal questions at issue in this case, specifically the nature and extent of the property interest held by the Alaska Railroad Corporation (ARRC) within the ARRC transportation corridor. Like Defendant FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, ("Flying Crown" hereinafter) MOA is a fee property owner of land adjacent to, and occasionally surrounding, the railroad transportation corridor subject to ARRC's easements. MOA also owns and operates utility infrastructure including but not limited to water transmission lines which run within ARRC's easements for which ARRC requires MOA to acquire a permit and pay rent. ARRC's claim to an exclusive use easement significantly burdens MOA owned public property and the permit and rental requirements add costs which are born by the citizens and taxpayers of MOA. ARRC has claimed these burdensome exclusive use easements are supported by reservations in federal patents conveyed to ARRC through the Alaska Railroad Transfer Act just as they are claiming against the private landowner, Flying Crown, in this lawsuit. As a fellow fee landowner adjacent to the railroad transportation corridor and utility user of the corridor, the legal questions in this case have potential direct precedential implications for MOA.

Should the Court deny MOA's request to intervene, MOA asks for leave to participate in this case as amici curiae with permission to file memoranda addressing positions taken by the parties in pending and future dispositive motions. MOA's role as a local government landowner and transportation corridor user able to represent the general public interest impacted by the legal questions at issue in this case allows it to present a

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 2 of 17

unique and broader viewpoint of the implications, both public and private, of the claims of ARRC.

## BACKGROUND

MOA owns approximately 80 properties adjacent to ARRC's transportation corridor throughout the municipality.[1] A majority of these properties are located within the city limits of Anchorage but others are as far south as Girdwood and as far north as Chugiak.[2] Each of these properties is subject an easement held by ARRC similar in kind to the easement at issue under Patent #1128320. These properties serve a variety of functions and purposes including, among other purposes, parks and recreation space and utility infrastructure.[3] The colloquially known Oceanview Park is a MOA owned public park approximately 2000 feet south of Defendant Flying Crown's property which is bisected by the railroad transportation corridor.[4] ARRC has brought this suit claiming that they are entitled to an exclusive use easement under Patent #1128320, a position which could significantly burden the many MOA properties and public functions which similarly lie adjacent to the transportation corridor.

## ARGUMENT

**I.     MOA has a right to intervene to defend against the Railroad's claim of an exclusive use easement.**

---

[1] *See Declaration of Robin Ward*
[2] *See id.*
[3] *See id.*
[4] *See id.*

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 3 of 17

Pursuant to Federal Rule of Civil Procedure 24(a)(2), an applicant may intervene in an action where the intervenor "claims an interest relating to the property or transaction" at issue in the action and if the intervenor's interest is not adequately represented by existing parties and the movant's interest may be harmed in the disposition of the action.[5] More specifically, the applicant must meet four criteria: (1) the application is timely; (2) the applicant has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the original parties to the action.[6] In evaluating whether an applicant meets these criteria, the Court follows "practical and equitable considerations" construed broadly in favor of intervenors.[7] This broad construction in favor of inclusion of parties is designed to encourage "efficient resolution of issues and broadened access to the courts."[8] The inclusion of parties with a practical interests in the outcome of particular litigation could reduce the burden of future litigation with similar issues.[9]

This case is precisely the type of case where intervention could simplify or prevent future litigation. MOA meets the criteria for intervention precisely and is entitled to intervene as a matter of right. At this early stage in the proceeding discovery has not yet

---

[5] Fed. R. Civ. P. 24(a)(2).
[6] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011).
[7] *See id.* at 1179.
[8] *See id.*
[9] *See id.*

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 4 of 17

started, only limited motion work has occurred between the parties, and no dispositive rulings have been made. Intervention is timely and will cause no prejudicial delay. As a fee owner of real property subject to the claimed ARRC exclusive use easement, MOA has a protectable interest in the property or transaction at issue in this matter. If ARRC is permitted to litigate its exclusive use easement claims without the participation of MOA, MOA's ability to protect its interest will be impaired or impeded. As a unified home rule municipal corporation, MOA is uniquely situated as a government and holder of the public lands. No other party adequately represents these interests in this matter.

### A.    *MOA's intervention is timely.*

The three primary factors considered by courts to evaluate the timeliness of and intervention are: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."[10] The overall totality of the circumstances of the applicant to intervene is evaluated but "prejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'"[11]

This case is still very early in its proceedings. At this time discovery has not yet begun and minimal motion work has occurred between the parties. No dispositive or issue limiting rulings have been issued by the Court. A single hearing has been held. MOA's intervention will not impact any discovery related deadlines or fixed pre-trial schedule as

---

[10] *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)
[11] *Id.* at 857.

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 5 of 17

those have yet to be set.[12] MOA does not intend to file motion work regarding Defendant Flying Crown's pending Rule 56d motion as a hearing has already been held on that motion. The only possible delay MOA's intervention might cause would be to allow time for MOA (and the other fellow intervenor defendants) to prepare an opposition brief to the pending summary judgement motion. This delay could only occur if Defendant Flying Crown's Rule 56(d) motion is denied but such delay is not definite. At this early stage in the proceedings, MOA's intervention is timely.

Intervention is not prejudicial to existing parties if it merely threatens to prolong or make resolution the litigation more difficult.[13] Prejudice to existing parties encompasses monetary and non-monetary factors.[14] An example of non-monetary prejudice would be the disruption of the "delicate balance reached by existing parties after protracted negotiations."[15] Due to the early stage of this litigation such a balance has not yet occurred.

MOA seeks to intervene in this matter within a reasonable delay after becoming aware its interests may not be adequately protected. While ARRC filed its Complaint in late September, Flying Crown's Answer was not filed until mid-November. Fellow applicants for intervention, Enstar Natural Gas Company, Alaska Pipeline Company and Matanuska Telephone Association, filed their Motions to Intervene in mid-December and early March respectively. This less-than-six-month delay from the initiation of the case is

---

[12] *See* Docket 16, Plaintiff's Motion to Stay Discovery Pending Resolution of Motion for Summary Judgement 1, Dec. 3, 2020.
[13] *Smith*, 830 F.3d at 858.
[14] *Id.* at 857
[15] *Id.*

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 6 of 17

reasonable in light of MOA's need to weigh public policy concerns, the implications of committing public resources in litigation, and to evaluate whether MOA interests were adequately protected by existing parties. Further, during this time period MOA has undergone a change in administration and been dealing with a community wide health emergency. The reason for and length of the minimal delay in MOA's motion for intervention is reasonable.

Due to the early stage of the litigation, non-existent prejudice to the existing parties, and reasonableness of the minimal delay preceding the filing, MOA's intervention is timely.

### B.    *MOA has a significantly protectable interest in the subject of this case.*

Rule 24(a)(2) is construed "broadly in favor of proposed intervenors" when determining the adequacy of a parties interest for intervention as a matter of right.[16] Both practical and equitable factors are to be considered though no specific legal or equitable interest is required.[17] The test is instead "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process,'"[18] The interest test is threshold type test.[19] So long as the proposed intervenor 1) holds an interest protectable under some law, and 2) that interest has a relationship to the claims at issue intervention as a matter of right is appropriate.[20] If resolution of the claims

---

[16] *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d at 1179 (9th Cir. 2011) (quoting City of Los Angeles, 288 F.3d at 397).
[17] *See Id.*
[18] *See id.*
[19] *See Fresno Cty. v. Andrus,* 622 F.2d 436, 438 (9th Cir. 1980)
[20] *See Wilderness.* 630 F.3d at 1179

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 7 of 17

at issue in the case will affect the would-be intervenor, the relationship requirement is met.[21]

Pursuant to Alaska Statute § 09.45.010 MOA, as a real property owner, is entitled to defend against an adverse claim of interest in the owned real property. Though the precise property and patent at issue in this case is not MOA owned, MOA owns numerous similarly situated properties subject to the similar legal history of ownership and transfer from the Federal government with retention of specific easements.[22] As such, resolution of ARRC's claims in this case will have a precedential effect on MOA.

Judicial economy is another factor to be considered in deciding a motion for intervention.[23] The addition of MOA to these proceedings may 'prolong the litigation' by introducing the perspectives of a local government landowner. This would not be prejudicial to the existing parties but would instead provide for a more complete consideration of the legal issues raised and their broader implications beyond this particular tract of land. Additionally, MOA's involvement could significantly aid judicial economy by allowing for consideration of similarly situated parties to Defendant Flying Crown.

MOA lands are legally and historically similarly situated to the private land at issue in this case. If MOA does not have a protectable interest in this matter, the implication would-be that any decision in this case has no precedential impact on other properties along the railroad corridor. Further, that each parcel and landowner must be individually

---

[21] *United States v. City of Los Angeles, Cal*., 288 F.3d 391, 398 (9th Cir. 2002)
[22] *See Affidavit of Robin Ward*
[23] *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989), aff'd sub nom. Venegas v. Mitchell, 495 U.S. 82, 110 S. Ct. 1679, 109 L. Ed. 2d 74 (1990)

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 8 of 17

considered to determine ARRC's rights in that specific parcel. MOA has a protectable interest in the subject of this case as a landowner.

### C. MOA's ability to protect its interest in this matter may be impaired or impeded.

Disposing of this case without the participation of MOA will impair and impede MOA's ability to protect its interest as a landowner. ARRC has claimed in this matter that the Alaska Railroad Transfer Act conveyed an exclusive use easement to ARRC in lands transferred from federal ownership prior to January 14, 1983.[24] MOA owns multiple properties similar to Defendant Flying Crown's property in their history of ownership and legal relationship to ARRC. The claims made by ARRC in this matter against Defendant Flying Crown could equally apply to the significant amount of similarly situated MOA land.

While MOA does not own the exact property at interest in this matter, MOA's 'practical interest' in the outcome of this case is sufficient to support intervention.[25] MOA's interest is in the determination of the easement rights held by ARRC pursuant to the state and federal actions which brought about the legal relationship between Plaintiff ARRC and Defendant Flying Crown. A decision adverse to Defendant Flying Crown could significantly impede MOA's ability to protect its own property interests. MOA has a protectable interest in the subject of this case as a landowner which will be impeded or impaired if MOA is not allowed to intervene.

---

[24] Docket 1, Complaint, Sept. 29, 2020.
[25] *See United States v. City of Los Angeles*, Cal., 288 F.3d at 398

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 9 of 17

**D.      MOA's interest in this case is not adequately represented by any other party.**

A putative intervenor may not intervene if their protectable interest is already adequately represented by existing parties.[26] This is a minimal burden which can be satisfied if the would-be intervenor shows its interest 'may be' inadequately represented.[27] Adequate representation occurs when:

> "(1) the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) the present party is capable of and willing to make such arguments; and (3) the intervenor would not offer any necessary element to the proceedings that the other parties would neglect."[28]

For example, in *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca,* the specific employment interests of a union were "more narrow and parochial than the interests of the public at large," and thus were not represented by the existing State of California agencies already parties to the case.[29] In counterpoint, a presumption of adequacy of representation occurs when a would-be intervenor and an existing party "have the same ultimate objective".[30] In *League of United Latin Am. Citizens v. Wilson*, a public interest group shared the ultimate objective of upholding the constitutionality of a ballot proposition with the existing party (the State of California).[31] The 9th Circuit held that the

---

[26] *See Fed.R.Civ.P. 24(a)(2).*
[27] *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006)
[28] *Fresno City. v. Andrus*, 622 F.2d 436, 438–39 (9th Cir. 1980)
[29] *Californians For Safe & Competitive Dump Truck Transp. v. Mendonca*, 152 F.3d 1184, 1190 (9th Cir. 1998)
[30] *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1305 (9th Cir. 1997)
[31] *See id.* at 1305-1307.

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 10 of 17

interests of the would-be intervenor were already encompassed by the broader public interests represented by the State.[32]

MOA's interest in this matter is similar to Defendant Flying Crown's, in that both are landowners, but with a major difference. MOA not only holds its interest in land as a property owner but also as a local government representing the interests of the public at large holding land for the public trust. MOA is a *public* landowner. This situation is, in part, the inverse of *Mendonca* and *League of United Latin Am. Citizens.* The broad public interest is absent and the existing parties represent more limited interests. Defendant Flying Crown and all other existing or potential parties are not governments and cannot present arguments on behalf of the citizens of MOA or the public at large.

MOA's minimal burden is met because Flying Crown's 'more narrow and parochial' interest is primarily in defending its rights as a private land owner; MOA's interest involves not only private land ownership but also the public trust and interest in public lands. This distinction invokes significant additional considerations of public policy and the broad implications of this litigation. No existing party can justifiably make these arguments. While would-be intervenor Enstar can represent the public interest in utility matters, even it cannot represent the broadest public interest of the citizens of the Anchorage. MOA's protectable interest in the subject of this case as a public landowner is not adequately represented by any other party to this case.

---

[32] *See id.*

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 11 of 17

MOA has a right to intervene to defend against the Railroad's claim of an exclusive use easement. MOA's intervention in this case is timely. MOA has a significant protectable interest as a public landowner the defense of which may be impaired or impeded by the disposition of this case. Further, this public interest is not adequately represented by any existing or pending party.

## II. Alternatively, MOA should be granted permissive intervention.

Permissive intervention under Rule 24(b) may be granted at the Court's discretion under three conditions: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common."[33] After these initial conditions the court may consider additional factors including whether a would-be intervenor is already adequately represented by an existing party, whether intervention would cause delay in the litigation, and whether a would-be intervenor would "significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[34]

MOA's motion to intervene meets the requirements for permissive intervention and the additional discretionary factors weigh in favor of including MOA in this litigation.

### A. *MOA's Intervention does not disrupt jurisdiction and is timely.*

The independent grounds for jurisdiction requirement is a precaution to prevent permissive intervention from being used to inappropriately enlarge jurisdiction or to

---

[33] *United States v. City of Los Angeles, Cal.*, at 403.
[34] *See Spangler*, 552 F.2d 1326, 1329

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 12 of 17

damage diversity in state-law actions.[35] These concerns are relaxed in federal-question cases.[36] In this case, ARRC has plead federal question jurisdiction.[37] As such, this Court will have jurisdiction over issues and defenses raised by MOA to the same extent it would have jurisdiction over ARRC's original case.

As discussed in detail above, MOA's intervention is timely. Due to the early stage in the litigation, no prejudice to existing parties or delay in the case will occur. Further, the time between the initiation of the case and MOA's motion to intervene is reasonable.

### B.    *MOA's defense raises common questions of law and fact.*

MOA's defense to ARRC's claimed exclusive use easement interest in land is based on the common questions of law and fact to the defenses and claims already present in this case. The precise nature of ARRC's easement interest in fee land along the railroad transportation corridor and in what interest was transferred from the prior federal railroad to the State of Alaska are the matters at issue in this case and the questions pertinent to MOA's defense and intervention. ARRC claims federal law supports its claim to an exclusive use easement. These same factors exist in the legal and factual ownership history of both Flying Crown and MOA properties. Common questions of law and historical fact will determine ARRC's interest in fee land owned by Defendant Flying Crown or MOA.

That MOA owned properties are not the specific property at issue in this matter is irrelevant. A direct financial or personal interest in the subject of the litigation is not

---

[35] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)
[36] *See id.* at 844.
[37] Docket 1, Complaint. ¶ 1, Sept. 21, 2020

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 13 of 17

necessary.[38] As discussed above, MOA has clear practical interests in the resolution of the questions at issue in this litigation due to the implications of the resolution on MOA owned public property and property interests. The pertinent questions of law and fact in this case are common to MOA's defense.

### C. Discretionary factors favor MOA's permissive intervention.

The discretionary factors the court may consider after a would-be intervenor has met the initial conditions for permissive intervention weigh strongly in favor of inclusion of MOA in this litigation. Some of these factors mirror the intervention by right factors.[39] Specifically, the would-be intervenor's interest, adequate representation of that interest by other parties, and potential delays in the litigation.[40] As discussed above, MOA has a substantial and significant interest as a public landowner which is not adequately represented by any existing party. Further, MOA intervention will not delay or prolong the litigation.

A final factor is whether a would-be intervenor "will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[41] MOA's interest is to represent and protect the public interests in public lands which will likely be impacted by the resolution of this case. Allowing MOA intervention will allow for inclusion of the broader public perspective into this suit. This will allow for fuller development of the legal and factual questions at

---

[38] *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.,* 310 U.S. 434, 459 (1940).
[39] *See Spangler,* 552 F.2d at 1329
[40] *See id.*
[41] *Id.*

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 14 of 17

issue in this suit. Inclusion of MOA will help prevent needless duplication of litigation and waste of judicial resources over ARRC's claimed easement interests. Additionally, it will prevent the possibility of disparate rulings interpreting the same legal questions at issue here which could be possible if multiple lawsuits become necessary to adjudicate ARRC's easement rights throughout the railroad corridor.

MOA meets the necessary requirements for permissive intervention and discretionary considerations overwhelmingly favor inclusion of MOA in this suit.

## III.   If intervention is denied, MOA requests permission to participate as amici curiae.

A court may allow a would-be intervenor to participate as amici curiae in the event intervention is not allowed.[42] As described above MOA can provide important insight into the broad impact and public policy considerations affected by ARRC's claims. For example, MOA can provide details of the numerous pieces of public infrastructure and public parks & recreation areas which could be affected. At minimum, MOA should be allowed to participate in this case as amicus curiae.

If the Court allows amicus participation, MOA proposes that it be permitted to submit briefs on dispositive motions within seven days after the brief of the party it supports, the timeline followed under Federal Rule of Appellate Procedure 29(a)(6).

---

[42] *See Calif. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.,* 309 F.3d 1113, 1118 (9th Cir. 2002) (affirming district court ruling that would-be intervenor's interest was more appropriately addressed as amici curiae).

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 15 of 17

## Conclusion

As a public landowner and local government, MOA has a significant protectable interest implicated by the legal and factual questions raised by ARRC's claim of an exclusive use easement. This interest is not adequately represented by existing parties to this litigation and MOA's ability to protect the interest may be impaired by the resolution of this matter. Common questions of law and fact underpin MOA's intervention and there are not jurisdictional impediments or dangers of delay or prejudice in the litigation for the existing parties. MOA's motion for intervention is timely and discretionary factors regarding permissive intervention, particularly the unique government and public trust steward perspective, weigh in favor of including MOA as a party. If intervention is not permitted, inclusion of MOA as amicus curiae will provide valuable insight during this litigation.

Respectfully submitted this 16th day of March, 2021.

KATHRYN R. VOGEL
Municipal Attorney

By:___/s/Robert P. Owens_____
      Municipal Attorney's Office
      P.O. Box 196650
      Anchorage, Alaska 99519-6650
      Phone: (907) 343-4545
      Fax: (907) 343-4550
      E-mail: uslit@muni.org
      Alaska Bar No. 8406043

Memorandum ISO MOA's Motion to Intervene
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 16 of 17

Certificate of Service

The undersigned hereby certifies that on <u>03/16/21</u>, a
true and correct copy of the foregoing was served on the
parties by electronic means through the CM/ECF system:

<u>/s/ Cathi Russell</u>
Cathi Russell, Legal Secretary
Municipal Attorney's Office

**Memorandum ISO MOA's Motion to Intervene**
*ARRC v. Flying Crown Association*; Case No. 3:20-cv-00232-JMK
Page 17 of 17