Robert P. Owens
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Proposed Intervenor-Defendant Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION, | ) |
|                Plaintiff, | ) ) ) |
| vs. | ) ) |
| FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, | ) ) ) ) |
|                Defendant, | ) ) |
|                and | ) ) |
| MUNICIPALITY OF ANCHORAGE, | ) ) |
|                [Proposed] Intervenor Defendant | ) ) ) |
| | ) Case No. 3:20-cv-00232-JMK |

## PROPOSED ANSWER OF INTERVENOR-DEFENDANT THE MUNICIPALITY OF ANCHORAGE

The Municipality of Anchorage (MOA) answers Plaintiff Alaska Railroad Corporation's (ARRC) Complaint as follows:

## JURISDICTION AND VENUE

1. Answering paragraph 1, Defendant denies that jurisdiction is proper in this Court.

2. Answering paragraph 2, to the extent there may be jurisdiction in this Court, Intervenor-Defendant admits that venue is proper.

## PARTIES

3. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 3.

4. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 4.

5. Paragraph 5 is a statement of Plaintiff's legal intent and Intervenor-Defendant cannot admit nor deny such a statement; to the extent Paragraph 5 contains factual allegations, they are denied.

## RELEVANT FACTS

6. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 6.

7. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 7.

8. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 8.

9. Paragraph 9 is an argument of law that requires no response; to the extent Paragraph 9 contains factual allegations, they are denied.

10. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 10.

11. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 11.

12. Intervenor-Defendant admits the first sentence of Paragraph 12. With regard to the second sentence, Intervenor-Defendant responds that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response.

13. Paragraph 13 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

14. Paragraph 14 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

15. Answering Paragraph 15, Intervenor-Defendant responds that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response. To the extent any factual allegations are made, they are denied.

16. Answering Paragraph 16, Intervenor-Defendant lacks sufficient knowledge to admit or deny what "[s]ome have argued" and therefore deny the same. The remainder of the allegations of Paragraph 16 constitute legal argument that requires no response. To the extent any factual allegations are made, they are denied.

17. Answering Paragraph 17, Intervenor-Defendant responds that ARTA is a law that speaks for itself and any additional allegations by Plaintiff are arguments of law that require no response.

18. Paragraph 18 is an argument of law that requires no response. To the extent it contains factual allegations, Intervenor-Defendants admit that the IBLA has rendered a decision that includes—in a quote—the language quoted in part by Plaintiff, but denies that Plaintiff has properly represented the language in its context, that such decision is applicable to the case at bar, and that it was correctly decided.

19. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 19.

20. Intervenor-Defendant lacks specific knowledge of the facts alleged in Paragraph 20 but, on information and belief, admits the Alaska Railroad had been operating at the time the patent was issued. Intervenor-Defendant lacks sufficient knowledge to admit or deny the remainder of the allegations.

21. Intervenor-Defendant lacks specific knowledge of the facts alleged in Paragraph 21 but, on information and belief, admits them.

22. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 22.

23. Intervenor-Defendant lacks sufficient knowledge to admit or deny the allegations of Paragraph 23.

24. Intervenor-Defendant lacks knowledge as to Plaintiff's motivation in bringing this action and therefore cannot admit or deny the first sentence of Paragraph 24. Intervenor-Defendant denies the second sentence of Paragraph 24.

## CAUSE OF ACTION
### (Quiet Title for ARRC Pursuant to AS § 09.45.010)

25. Intervenor-Defendant reasserts and realleges its responses to Paragraphs 1-24 of the Complaint.

26. Paragraph 26 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

27. Paragraph 27 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

28. Paragraph 28 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

29. Paragraph 29 is an argument of law that requires no response. To the extent any factual allegations are made, they are denied.

30. Paragraph 30 is denied.

## PRAYER FOR RELIEF

31. Intervenor-Defendant denies Plaintiff's Prayer for Relief in its entirety and requests the Court enter judgment against Plaintiff.

## AFFIRMATIVE DEFENSES

Intervenor-Defendant raises the following affirmative defenses:

1. This Court lacks subject-matter jurisdiction over Plaintiff's claims.

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. The interest held by Plaintiff is a non-exclusive easement for railroad operation purposes reserving to the fee owners all surface and subsurface rights not required for the proper operation of the railroad.

## PRAYER FOR RELIEF

A. Enter judgment against Plaintiff on its claim and in favor of Intervenor-Defendant MOA on its affirmative defenses;

B. Enter judgment clarifying that the interest held by Plaintiff is a non-exclusive easement for railroad operation purposes and reserving to the fee owners all surface and subsurface rights not required for the proper operation of the railroad;

C. Grant Intervenor-Defendant an award of attorneys' fees and costs as allowed by law; and

D. Enter any other relief this Court deems appropriate.

Respectfully submitted this 16th day of March, 2021.

        KATHRYN R. VOGEL
        Municipal Attorney

    By: /s/Robert P. Owens
        Municipal Attorney's Office
        P.O. Box 196650
        Anchorage, Alaska 99519-6650
        Phone: (907) 343-4545
        Fax: (907) 343-4550
        E-mail: uslit@muni.org
        Alaska Bar No. 8406043

Certificate of Service
The undersigned hereby certifies that on 03/16/21, a true and correct copy of the foregoing was served on the parties by electronic means through the CM/ECF system:

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office