Michael C. Geraghty, ABA#7811097
Email: Geraghty@oles.com
William G. Cason, ABA#2009083
Email: Cason@oles.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION, A NON-PROFIT; and also all other Persons or Parties Unknown Claiming a Right, Title, Estate, Lien, or Interest in the Real Estate Described in the Complaint in this Action,<br><br>    Defendant. | Case No. 3:20-cv-00232-JMK |

**ALASKA RAILROAD CORPORATION'S OPPOSITION TO MATANUSKA TELEPHONE ASSOCIATION, INC.'S MOTION TO INTERVENE AS DEFENDANT**

Plaintiff Alaska Railroad Corporation ("ARRC") opposes Matanuska Telephone Association, Inc.'s ("MTA") Motion to Intervene, because MTA has no protectable interest in the right-of-way ("ROW") at issue, and any interests it does have are adequately

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

represented by its own counsel's current involvement on behalf of Defendant FCHA. ARRC also opposes MTA's alternative request for permissive intervention because, as a permittee of ARRC, MTA lacks standing to join a quiet title action against ARRC, or challenge ARRC's interest in the ROW through its proposed counterclaims.[1]

### I. MTA is Not Entitled to Intervene as a Matter of Right

An applicant for intervention as of right must demonstrate that: (1) its motion is timely; (2) it has a "significant protectable interest" relating to the property or transaction which is the subject of the action; (3) disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest is not adequately represented by existing parties to the action. *See Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999). While MTA's motion is arguably timely, it has not shown a significant protectable interest in the ROW at issue, and has not shown any inadequacy in FCHA's representation of those legal issues which it claims an interest in.

---

[1] MTA's concern in this matter stems from a desire to pay lower permit fees for use of ARRC's ROW. MTA has no serious claim to holding any rights in the ROW *other* than those of a permittee. The declaration of its vice president acknowledges that MTA has, for decades, paid permit fees to the Railroad; both during periods of federal and state ownership. In July of 2015, MTA was notified by the Railroad that its permit fees would be modified for the first time in 25 years, prompting a flurry of letters in which MTA requested, among other things, a new permit from ARRC at the previous rates but indexed for inflation. Allowing this long-simmering fee dispute to spill over here would needlessly distract from the relatively straightforward questions of law that this case currently presents.

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

A. <u>MTA has shown no significant protectable interest in the ROW</u>

The Ninth Circuit applies a two-part test to determine whether an applicant has a significant protectable interest in a case sufficient to support intervention. First, the applicant must show that it asserts an interest that is protected under some law. *Donnelly*, 159 F.3d at 409. Second, it must show a relationship between its legally protected interest and the plaintiff's claims. *Id.* (internal citation omitted).

MTA claims no specific interest in the right-of-way at issue here, which pertains solely to FCHA. (*See* Dkt. No. 42-1, p. 22). Rather, MTA claims, bizarrely, that based on the repealed 1914 Act it has general rights to ARRC's ROW which are "co-extensive with the rights of the Railroad." (MTA Memorandum, Dkt. 42-1 p. 3).[2] MTA's proposed Answer further alleges that ARRC has disregarded "the statutory purposes of the 1914 Easement for railroad, telephone and telegraph purposes," and that ARRC's "disregard of this statutory command has directly and significantly harmed MTA."[3]

While MTA's Motion and accompanying Memorandum of Law make repeated references to the "1914 Easement Act" and "the 1914 Easement," understanding the precise nature or theory of its claims is difficult – in part because the 1914 Act to which MTA refers contains no actual mention of an "easement" or "easements" at all. Rather, the 1914 Act

---

[2] Act of March 12, 1914, 43 U.S.C. 975 *et seq.*; 38 Stat. 305 ("1914 Act"), repealed by ARTA, Pub.L. 97-468, Title VI, §615(a)(1). MTA also alleges a generic interest "in the correct legal interpretation of the easement rights claimed by [ARRC] under the 1914 [Act] . . . and under [ARTA]." (Dkt. 42-1, p. 3)

[3] MTA's Proposed Answer in Intervention (Dkt. No. 44, ¶ 15). MTA does not explain what this "statutory command" entails, or where it is contained within the statute.

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

(commonly referred to as the "Alaska Railroad Act") reserved a right-of-way for railroad purposes to the federal government, and included authority *for the federal government* to "construct, maintain, and operate telegraph and telephone lines *so far as they may be necessary or convenient in the construction and operation of the railroad or railroads*."[4] And, perhaps more importantly, the 1914 Act has been repealed for nearly 40 years.

MTA offers no coherent rationale for how the federal government's reservation of a right-of-way for *itself* in the now-repealed 1914 Act could give MTA any protectable interest in the ROW today (or what bearing a "statutory command" from a repealed statute should have in this case). MTA even acknowledges in its Memorandum that the federal government's interests "were, after 1983, conveyed to ARRC under ARTA." (MTA Memorandum, Dkt. 42-1, p. 5).

The 1914 Act's relevance to this case is that it governed the ROW reserved in the Sperstad Patent, and thus arguably limited which rights the federal government was able to convey to ARRC under ARTA. However, as a repealed statute, it cannot on its own support any new claims of possessory rights by MTA. As such, while MTA does at least *claim* an

---

[4] (emphasis added). The 1914 Act states, "The authority herein granted shall include the power to construct, maintain, and operate telegraph and telephone lines so far as they may be necessary or convenient in the construction and operation of the railroad or railroads as herein authorized. . . and in all patents for lands hereafter taken up, entered or located in the Territory of Alaska, there shall be . . . reserved to the United States a right of way for the construction of railroads, telegraph and telephone lines." While in effect, the 1914 Act was "commonly known as the Alaska Railroad Act." *The Honorable Don Young*, B- 124195 (Comp.Gen.), 1974 WL 370113 (June 19, 1974).

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

interest in the ROW independent of its ARRC-granted permits, such claim does not withstand scrutiny and cannot support MTA's attempted intervention here.

B. MTA's interests are adequately represented by FCHA

Even if an applicant for intervention has shown that it has a significant protectable interest which may be impaired in the action, which MTA has not, there is no right to intervene if "the applicant's interest is adequately represented by existing parties." Fed.R.Civ.P. 24(a)(2). The most important factor in determining the adequacy of representation is how the interest of the proposed intervenor compares with the interests of existing parties.[5] *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006) (internal citation omitted). When an applicant for intervention and an existing party have the same ultimate objective in an action, a presumption of adequacy of representation arises. *Id.*

While MTA, like ENSTAR, may have a business interest in the legal issues of this case, it already shares counsel with existing defendant FCHA. As such, there should be a presumption that MTA's perspective on these issues will be competently represented by its own attorney, who need not be afforded the opportunity to brief each issue twice. Federal courts, including the 9th Circuit, regularly apply a presumption against intervention by such

---

[5] MTA, like ENSTAR, has asserted that its interests are not protected by FCHA because FCHA is not a public utility, and it uses ARRC's ROW in a different manner than MTA. (Dkt. No. 42-1, p. 18). However, as in *League of United Latin Am. Citizens*, distinguishable organizations (in that case a private organization and a public entity) may nevertheless share the same ultimate objective in a suit. In this case, MTA and FCHA share the same ultimate objective in the issue presently before the court – whether the federal government validly conveyed an exclusive use easement to ARRC. As such, a presumption of adequacy in FCHA's representation should arise.

ARRC's OPPOSITION TO MTA's MOTION TO INTERVENE - Page 5 of 8
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

similarly represented parties. *See Union Cent. Life Ins. Co. v. Hamilton Steel Prod. Inc.*, 374 F.2d 820, 823 (7th Cir.1967) ("Inadequate representation can hardly be claimed where the same attorneys represent the Union's class representatives and the proposed intervenor."); *In re Weingarten*, 492 F. App'x 754, 756 (9th Cir.2012) (unpublished) ("Moreover, the [potential intervenors] are represented by the same counsel as [an existing party], indicating that he is 'capable and willing to make' the same arguments that the [potential intervenors] would make if they were permitted to intervene.") (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir.2002)).

Further, MTA's Motion to Intervene evidences coordination with ENSTAR and FCHA. This should underscore the degree to which MTA's attempt at intervention here is primarily a tactical effort – and a collaborative one – to stack multiple parties and counterclaims against ARRC. Allowing these three parties to do so would add unnecessary expense and distraction to the case and is legally unsupported.

## II.     MTA Should Also Be Denied Permissive Intervention

As shown above, MTA does not have the right to intervene in this action. As shown below, MTA also should be denied permissive intervention. An applicant seeking permissive intervention must prove that it meets three threshold requirements: (1) it has a claim or defense that shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the

OLES MORRISON RINKER & BAKER LLP
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

applicant's claims. Fed. R. Civ. P. 24(b)(1)(B); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

MTA claims a legal right to ARRC's ROW "co-extensive with the rights of the Railroad." (Dkt. 42-1 p. 3). If this were true, or supported by any colorable argument whatsoever, then it might reasonably justify MTA's intervention in this action as a matter of right. But it is not (see Section I, *supra*). As such, the only legal interest MTA has in the ROW is that of ARRC's permittee – and, as a permittee, MTA lacks standing to challenge ARRC's title to the ROW.[6] Thus, its request for intervention should fail for lack of independent jurisdiction over its claims. *See United States v. Hays*, 515 U.S. 737, 742 (1995) (recognizing that "standing is perhaps the most important of the jurisdictional doctrines.") (internal quotations omitted).

### III. ARRC Does Not Oppose MTA Participating as Amicus Curiae

As with ENSTAR, ARRC will not object to any decision to allow MTA to submit amicus briefs on the legal questions already at issue. Amicus status for MTA is more

---

[6] As explained in ARRC's Opposition to ENSTAR's Motion to Intervene (Dkt. No. 31), permittees and lessees of real property are generally estopped from challenging their landlord's title. *AAA Valley Gravel, Inc. v. Totaro*, 219 P.3d 153, 169 n.7 (Alaska 2009) (Matthews, J. dissenting in part), *as amended* (Jan. 19, 2010) (explaining the "general rule that a tenant is estopped from challenging his landlord's title. . . even if he himself purchases a title to the property that is superior to his landlord's title.") (citing 49 Am.Jur.2d *Landlord and Tenant* § 768 (2006)); 53 C.J.S. Licenses § 149 ("[a] licensee is estopped during the time the license exists to deny the title of the licensor or of anyone claiming under the licensor.") (citing cases); *Air-Ag, Inc. v. F & H Santa Fe Rail, Inc.*, 22 S.W.3d 596, 597 (Tex. App. 2000) ("[W]e reaffirm the long-standing rule . . . that a tenant may not challenge its landlord's title.")

ARRC's OPPOSITION TO MTA's MOTION TO INTERVENE - Page 7 of 8
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

appropriate here than intervention because it will allow MTA to participate in resolution of the legal issues already in dispute – namely, the nature of the reservation made by the federal government pursuant to the 1914 Act.

## CONCLUSION

ARRC welcomes MTA's briefing in this case as an amicus. However, it has not met the requirements for intervention, and therefore ARRC requests the Court DENY MTA's request to intervene in this matter.

OLES MORRISON RINKER & BAKER LLP<br>
Attorneys for Plaintiff

Dated: March 16, 2021     By: s/ Michael C. Geraghty
                              Michael C. Geraghty, ABA#7811097
                              William G. Cason, ABA#2009083

CERTIFICATE OF SERVICE
I hereby certify that on March 16, 2021, a copy of the foregoing document was served electronically on the following party(ies):

Donald W. McClintock, III
Eva Rivka Gardner
Thomas E. Meacham
*Attorneys for Flying Crown Subdivision*

Matt Mead
David A. Wilkinson
*Attorneys for ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company*

OLES MORRISON RINKER & BAKER LLP

s/ Michael C. Geraghty

4831-2495-2502, v. 11

**OLES MORRISON RINKER & BAKER LLP**
188 W. Northern Lights Blvd., Suite 1020
Anchorage, Alaska 99503-3985
Tel: (907) 258-0106   Fax: (907) 258-5519

ARRC's OPPOSITION TO MTA's MOTION TO INTERVENE - Page 8 of 8
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK