IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>                          Plaintiff,<br><br>    vs.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>                          Defendant. | Case No. 3:20-cv-00232-JMK<br><br>**ORDER RE<br>MOTION TO INTERVENE** |

Before the Court is a motion to intervene or, in the alternative, participate as amici curiae (the Motion) filed by ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company (collectively, ENSTAR).[1] Plaintiff, Alaska Railroad Corporation, opposed the Motion at Docket 31[2]; ENSTAR replied.[3] Defendant, Flying Crown Subdivision Addition No. 1 and Addition No. 2 Property Owners Association (Flying Crown), filed a response in non-opposition.[4]

---

    [1] Docket 24.
    [2] However, Plaintiff does not oppose ENSTAR's request to participate as amici curiae. *See* Docket 31 at 9.
    [3] Docket 37.
    [4] Docket 32.

## I. BACKGROUND

On September 21, 2020, Alaska Railroad Corporation filed an action to quiet title to its interest in a right-of-way ("ROW") crossing Flying Crown's property.[5] ENSTAR seeks to intervene as a defendant, both as a matter of right and permissively under Rule 24 of the Federal Rules of Civil Procedure.[6] ENSTAR alleges that it has entered into agreements for transportation corridor permits with Alaska Railroad Corporation in order to secure rights-of-way for ENSTAR's natural gas transmission pipelines.[7] ENSTAR has objected to Alaska Railroad Corporation's authority to charge rents under Permit 7615, asserting that Alaska Railroad Corporation "does not have authority over any right, title or interest in property that is transferred to it via the Alaska Railroad Transfer Act (ARTA) when that right, title, or interest was not vested in the United States at the time of transfer."[8] ENSTAR argues the legal issues in the present title dispute (*i.e.*, Alaska Railroad Corporation's "claim to an exclusive use easement") apply to its separate permit dispute with Plaintiff and seeks restitution for rents it believes it has unlawfully paid.[9]

## II. DISCUSSION

### A. Intervention As Of Right

Federal Rule of Civil Procedure 24(a)(2) gives a party a right to intervene when "[o]n a timely motion," the applicant "claims an interest relating to the property or

---

[5] Docket 1.
[6] Docket 25 at 5, 12.
[7] *Id.* at 3.
[8] *Id.* at 4 (internal quotations omitted).
[9] *Id.* at 10, 16. ENSTAR states: "In the same manner that the Railroad relies on a claimed exclusive use easement in this quiet title action against Flying Crown, the Railroad has required ENSTAR to obtain a permit and pay rent to run its gas lines." *Id.* at 10.

*Alaska RR Corp. v. Flying Crown Subdivision*　　　　　　　　　　　　　　　　Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:20-cv-00232-JMK   Document 52   Filed 03/23/21   Page 2 of 7

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[10] Further,

> [t]he Ninth Circuit requires an applicant for intervention as of right under Fed. R. Civ. P. 24(a)(2) to demonstrate that (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.[11]

Although given liberal construction in favor of applicants, "failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."[12]

While the parties agree that ENSTAR's Motion is timely, the Court cannot find that ENSTAR has demonstrated a significant protectable interest relating to the property or transaction that is the subject of this action. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims."[13] ENSTAR asserts that it "has a protectable interest in running its gas lines without paying the Railroad to access property that the Railroad lacks a legal right to control" and in "recovering in

---

[10] Also, under Fed. R. Civ. P. 24(a)(1), a movant "is given an unconditional right to intervene by a federal statute;" however, the Court is unaware of, and ENSTAR has not pointed to, any federal statute that gives it an unconditional right to intervene.
[11] *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).
[12] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).
[13] *Alisal Water Corp.*, 370 F.3d at 919.

*Alaska RR Corp. v. Flying Crown Subdivision*　　　　　　　　　　　　　　　Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene　　　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:20-cv-00232-JMK   Document 52   Filed 03/23/21   Page 3 of 7

restitution from the Railroad when it has continued to require rent despite ENSTAR's protest."[14] However, ENSTAR has "no claim to the specific parcel that is the subject of the Railroad's quiet title action against Flying Crown[.]"[15] Indeed, ENSTAR does not have to claim a *right* to the contested property to intervene.[16] However, it must claim an interest *related* to the property which is the subject of this action. ENSTAR has asserted no such interest. Instead, ENSTAR appears to seek a favorable ruling for Flying Crown and apply that legal precedent to its own contested permit on a separate parcel of land. While there likely will be common questions of law, the outcome of this particular quiet title action will not necessarily impact ENSTAR's asserted protectable interest, *i.e.*, its permit or any restitution to which it claims it is entitled.[17] Although a permit may be a legally protectable interest, ENSTAR has not established a relationship between Alaska Railroad Corporation's quiet title action and its specific permit. The Court therefore finds ENSTAR has failed to establish the first requirement under Fed. R. Civ. P. 24(a)(2), and will not permit intervention as a matter of right.

---

[14] Docket 25 at 10.
[15] *Id.*
[16] *United States v. Carpenter*, 526 F.3d 1237, 1240 (9th Cir. 2008) ("To the extent that the United States is arguing that intervenor-appellants lack any interest in the quiet title action, we believe that position is foreclosed by our prior opinion, in which we held that the intervenors were entitled to intervene because they had the requisite interest in seeing that the wilderness area be preserved for the use and enjoyment of their members.").
[17] *Prescott, Trustee of Fountainhead Global Trust v. Comm'r of Internal Revenue*, No. CV. 05-834-AS, 2005 WL 8176883, *6 (D. Or. Nov. 15, 2005) ("Applicants cannot claim that a disposition in this quiet title action will impair or impede their ability to protect their interest when they have no significantly protectable interest in [the property] in the first place.").

## B. Permissive Intervention

ENSTAR argues it also should be granted permissive intervention under Fed. R. Civ. P. 24(b). "Permissive intervention is committed to the broad discretion of the district court";[18] however, a movant first must show: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[19] "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest' and 'whether the intervenors' interests are adequately represented by other parties.'"[20] The Court also must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[21]

Alaska Railroad Corporation argues ENSTAR, as a permittee, should not be granted permissive intervention because it "does not have standing to challenge [Alaska Railroad Corporation's] title to the ROW," and thus does not satisfy the first step.[22] ENSTAR contends that because the claim brought by Alaska Railroad Corporation is grounded in federal question jurisdiction, its intervention will not "inappropriately enlarge

---

[18] *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).
[19] *Freedom from Religion Found., Inc., v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Permissive intervention also may be granted where a movant "is given a conditional right to intervene by a federal statute;" however, the Court is unaware of, and ENSTAR not pointed to, any federal statute that gives ENSTAR a conditional right to intervene. *See* Fed. R. Civ. P. 24(b)(1)(A).
[20] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citing *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).
[21] Fed. R. Civ. P. 24(b)(3).
[22] Docket 31 at 7–8.

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene  Page 5
Case 3:20-cv-00232-JMK   Document 52   Filed 03/23/21   Page 5 of 7

or impermissibly alter the Court's jurisdiction."[23] But even if the Court could find an independent basis for jurisdiction over ENSTAR's claims, those claims bring with them entirely new questions of fact and law relating to the tracts of land ENSTAR's natural gas transmission lines inhabit. Additionally, ENSTAR seeks to bring an entirely new claim for restitution for the rents it has paid to Alaska Railroad Corporation to access the ROW under a permit.[24] ENSTAR also rightly notes that its claims will deal with subsurface rights, not presently as issue in this case. Allowing ENSTAR to interject claims related to its permit will complicate this litigation's case management.[25] The Court, therefore, will decline to exercise its discretion in granting permissive intervention.

In light of the foregoing, ENSTAR will not be permitted to intervene under Rule 24.

## C. Amici Curiae

ENSTAR alternatively requests to "participate as amici curiae and to file memoranda addressing positions taken by the parties in dispositive motions, including filing an amicus brief in opposition to the Railroad's summary judgment motion."[26] Alaska Railroad Corporation and Flying Crown do not oppose ENSTAR's participation in this capacity.[27] "The district court has broad discretion to appoint amici curiae[,]"[28] and

---

[23] Docket 25 at 15. The Court notes that in federal-question cases, the jurisdictional grounds requirement only drops away when the proposed intervenors "bring[] no new claims." *Freedom from Religion Found.*, 644 F.3d at 844. Here, ENSTAR seeks to bring several new claims.
[24] Docket 25 at 10.
[25] *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (denying permissive intervention when "allowing intervention would only serve to undermine the efficiency of the litigation process.").
[26] Docket 24 at 2–3.
[27] *See* Dockets 31 at 9; 32 at 1–2.
[28] *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982) (overruled on other grounds).

*Alaska RR Corp. v. Flying Crown Subdivision*　　　　　　　　　　　　　　Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene　　　　　　　　　　　　　　　　　　　　　　　　　Page 6
Case 3:20-cv-00232-JMK　　Document 52　　Filed 03/23/21　　Page 6 of 7

should normally be allowed when . . . the amicus has an interest in some other case that may be affected by the decision in the present case, or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide[.][29]

Here, the Court finds that ENSTAR has shown it is able to provide information that will be helpful to the Court in determining the scope of Alaska Railroad Corporation's rights, and in interpreting ARTA. Accordingly, the Court grants ENSTAR leave to participate as amici curiae.

## III. CONCLUSION

Therefore, IT IS HEREBY ORDERED that ENSTAR's Motion to Intervene at Docket 24 is **GRANTED** to the extent that it is allowed to participate as amici curiae and **DENIED** to the extent that it is granted intervention.

IT IS SO ORDERED this 23rd day of March, 2021, at Anchorage, Alaska.

                                           */s/ Joshua M. Kindred*
                                           JOSHUA M. KINDRED
                                           United States District Judge

---

[29] *Washington v. DeVos*, No. 2:20-CV-0182-TOR, 2020 WL 6488184 at *1 (E.D. Wash. June 12, 2020) (internal citation omitted).