IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>    Defendant. | Case No. 3:20-cv-00232-JMK<br><br>**ORDER RE<br>MOTION TO INTERVENE** |

Before the Court at Docket 42 is a motion to intervene (the Motion) filed by Matanuska Telephone Association, Inc., including its wholly owned subsidiaries MTA Communications, LLC, and MTA Fiber Holdings, LLC (collectively, "MTA"). Plaintiff Alaska Railroad Corporation ("ARRC") opposed the motion at Docket 51; MTA replied at Docket 56.

## I. BACKGROUND

On September 21, 2020, ARRC filed an action to quiet title to its asserted interest in a right-of-way ("ROW") crossing Flying Crown Subdivision Addition No. 1 and Addition No. 2 Property Owners Association's ("Flying Crown") property, which ARRC

characterizes as an exclusive-use easement.[1] MTA seeks to intervene as a defendant both as a matter of right and permissively under Rule 24 of the Federal Rules of Civil Procedure.[2] MTA alleges it "has had facilities and equipment located within the exterior boundaries of the Railroad easement," and as a permittee of ARRC to utilize those lands, has an interest in judicial determination of the legal issues governing this case.[3] ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company (collectively, "ENSTAR") sought to intervene in a similar fashion.[4] The Court granted in part and denied in part ENSTAR's Motion to Intervene at Docket 52, allowing ENSTAR to participate as *amici curiae*, but denying intervention. The Court also must deny MTA's request for intervention.

## II. DISCUSSION

### A. Intervention as of Right

The Ninth Circuit requires an applicant for intervention as of right under Rule 24(a)(2) to demonstrate that

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.[5]

---

[1] Docket 1.
[2] Docket 42-1 at 9–27.
[3] Dockets 42 at 3, 42-1 at 5 ("the legal questions raised in this case involve the purpose and scope of both the 1914 Easement and ARTA legislation. Resolution of these issues will directly affect all other landowners and occupants (including MTA) whose properties or facilities lie within the 200-foot-wide 1914 Easement right-of-way from Seward, Alaska, to Fairbanks, Alaska, and its environs.").
[4] Docket 24.
[5] *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene  Page 2
Case 3:20-cv-00232-JMK   Document 59   Filed 06/09/21   Page 2 of 10

Although given liberal construction in favor of applicants, "failure to satisfy any one of the requirements is fatal to the application. . . ."[6] While the parties agree that MTA's Motion is timely, the Court is not persuaded that MTA meets the remaining three factors required for intervention as a matter of right.

### 1. Significant, protectable interest

With regard to the first factor, "an applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims."[7] Although Rule 24(a)(2) does not require "a specific or equitable interest" be asserted,[8] an "applicant generally satisfies the 'relationship' requirement only if resolution of the plaintiff's claims will actually affect the applicant."[9] MTA asserts a "protectable interest in extending its telephone lines across or parallel to the tracks, overhead or buried, pursuant to a co-occupancy right that the 1914 Easement specifically reserved."[10] MTA represents itself as a "co-user of the 1914 easement" and appears to allege that the Act of March 12, 1914, 43 U.S.C. § 975 *et seq.* (commonly referred to as the Alaska Railroad Act or "1914 Act"),[11] in addition to reserving a ROW to the federal government for the construction of railways,

---

[6] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citation omitted).
[7] *Alisal Water Corp.*, 370 F.3d at 919.
[8] *Blake v. Pallan*, 554 F.2d 947, 952 (9th Cir. 1977).
[9] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998); *see Greene v. United States*, 996 F.2d 973, 976–78 (9th Cir. 1993) (holding proposed-intervenor lacked a significant protectable interest where resolution of plaintiff's claims would not affect proposed-intervenor directly).
[10] Docket 42-1 at 16.
[11] Docket 56 at 7.

also reserved a ROW to MTA for construction and maintenance of telephone lines.[12] MTA further notes it has "no facilities or equipment located within the Flying Crown lands."[13]

First, it is difficult for the Court to find that MTA has a legally protectable interest in co-occupancy rights to ARRC's ROW. The 1914 Act states:

> The authority herein granted shall include the power to construct, maintain, and operate telegraph and telephone lines so far as they may be necessary or convenient in the construction and operation of the railroad or railroads as herein authorized . . . and in all patents for lands hereafter taken up, entered or located in the Territory of Alaska, there shall be . . . reserved *to the United States* a right of way for the construction of railroads, telegraph and telephone lines.[14]

The Act appears to grant the federal government a right-of-way to construct telephone lines in accordance with railroad operations, not MTA. Furthermore, the 1914 Act was effectively repealed with the passage of ARTA in 1983. At this early stage in the litigation, the Court declines to rule on this issue specifically, but finds that, based on MTA's limited briefing of its claim to a property interest in ARRC's ROW, it has not met its burden of proving that it possesses a protectable right in such lands under the 1914 Act.

Second, the underlying subject matter here is ARRC's asserted rights to an exclusive-use easement on Flying Crown's property. MTA's speculative interest in constructing telephone lines across other properties on which ARRC asserts a ROW, or MTA's suggestion that ARRC overcharges for access to lands on which it claims a similar exclusive-use easement, is far too attenuated from Plaintiff's claim in this case to permit

---

[12] *Id.*
[13] Docket 42-1 at 17.
[14] Act of March 12, 1914, 43 U.S.C. § 975, *et seq.*; 38 Stat. 305 ("1914 Act"), repealed by ARTA, Pub. L. 97-468, Title VI, § 615(a)(1) (emphasis added).

*Alaska RR Corp. v. Flying Crown Subdivision*　　　　　　　　　　　　　　　　Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4
Case 3:20-cv-00232-JMK　　Document 59　　Filed 06/09/21　　Page 4 of 10

intervention.[15] Nor is MTA's "continuing interest in a judicial determination of the scope and extent of ARRC's underlying railroad easement rights that are central to the Flying Crown litigation" sufficiently related to plaintiff's claims.[16] Just as ENSTAR argued in its Motion to Intervene,[17] MTA claims that the Court's legal determinations in this case will have *stare decisis* consequences for all other lands on which ARRC asserts an exclusive-use easement grounded in the 1914 Act and Alaska Railroad Transfer Act ("ARTA").[18] But again, this interest is "several degrees removed" from the actual issue in this litigation, which is the property interest asserted by ARRC on the lands owned by Flying Crown pursuant to the Sperstad Patent.[19] A generalized interest in the outcome of a case is not enough to support a right of intervention where there are no direct, ascertainable impacts to the applicant.[20] Simply put, this Court is not convinced MTA has asserted a significant protectable interest and the interests asserted fall short of meeting the relationship requirement required by the Ninth Circuit.

---

[15] *See Montana v. United States Env't Prot. Agency*, 137 F.3d 1135, 1141–42 (9th Cir. 1998) (holding that proposed intervenors lacked interest requiring intervention because they did not have the type of permit that was the subject of the action).
[16] Docket 42-1 at 17.
[17] *See* Docket 24.
[18] Docket 42-1 at 16 ("Without an authoritative judicial interpretation, it is clear that ARRC intends to continue asserting its claim to an exclusive-use easement, solely for railroad purposes, against private landowners, public utilities, municipalities, and even telephone companies that were granted specific recognition in the 1914 Easement.").
[19] *Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).
[20] *See Pub. Serv. Co. of New Hampshire v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998) ("[U]ndifferentiated, generalized interest in the outcome of an ongoing action is too porous of a foundation on which to premise intervention as of right.") (cited to in *Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004)).

*Alaska RR Corp. v. Flying Crown Subdivision*  Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene  Page 5
Case 3:20-cv-00232-JMK   Document 59   Filed 06/09/21   Page 5 of 10

## 2. Impairment of interest

Even if the Court could determine that MTA has a significant protectable interest in this litigation, it cannot find that disposition of the action may, as a practical matter, impair or impede MTA's ability to protect that interest. MTA asserts that "a judicial decision as to ARRC's 'exclusive-use' claim and Flying Crown's defense will have direct and anticipated implications for MTA, whether those implications may arise by way of future collateral estoppel, persuasive legal precedent, or otherwise."[21] Essentially, MTA argues that the legal decisions rendered in this case, principally whether ARTA transferred an exclusive interest in the ROW to ARRC, will determine whether ARRC may continue to claim an exclusive-use easement on lands MTA pays rents to access. At the heart of MTA's contention is its assertion that ARRC demands "exorbitant" fees for such access, which in turn places an economic burden on MTA's business operations.[22] MTA appears to quietly suggest that it would no longer be required to pay rent to ARRC, or at least have leverage to negotiate for a lower price with perhaps an alternative landlord, in the event that this Court found for Flying Crown. Indeed, it is true that "[i]ntervention may be required when considerations of *stare decisis* indicate that an applicant's interest will be practically impaired."[23] But here, MTA has not shown how its alleged interests will be impaired as a *practical* matter, aside from alluding to a tenuous chain of events and speculating as to possible causes of legal action in the event of an adverse decision for

---

[21] Docket 56 at 8.
[22] Docket 42-1 at 19, 24.
[23] *Greene v. United States*, 996 F.2d 973, 977 (9th Cir. 1993).

ARRC.[24]  The "direct and anticipated implications" MTA insinuates are not clear, and even more unclear is whether a decision in this litigation would impact MTA's relationship as a permittee to ARRC.  Further, "the stare decisis problem is greatly lessened where there are parties already in the suit whose position on the issues is the same as the absent party's."[25]  Here, Flying Crown almost certainly will make the same legal arguments as MTA.  In sum, MTA has not convinced this Court that a disposition in this quiet title action may impair its ability to protect its alleged interests.

### 3. Adequate representation

In determining the adequacy of representation, the Court considers three factors:  "whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that the other parties would neglect."[26]  MTA does not directly address any of the three factors established by the Ninth Circuit, but asserts that Flying Crown is ill-equipped to represent MTA's "unique position as a telephone utility providing services specifically recognized in the types of uses stated in the 1914 Easement Act."[27]  ARRC

---

[24] *Prescott, Trustee of Fountainhead Global Trust v. Comm'r of Internal Revenue*, CV. 05-834-AS, 2005 WL 8176883, *6 (D. Or. Nov. 15, 2005) (finding intervention as a matter of right not warranted where "disposition in th[e] pending quiet title action without Applicants' participation [w]ould have no controlling effect on their asserted interest.").
[25] *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977).
[26] *People of State of California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986).
[27] Docket 42-1 at 18.

*Alaska RR Corp. v. Flying Crown Subdivision*            Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene            Page 7
Case 3:20-cv-00232-JMK   Document 59   Filed 06/09/21   Page 7 of 10

argues that because MTA and Flying Crown are represented by the same counsel, a presumption against intervention arises.[28]

The Ninth Circuit has found that a presumption of adequate representation arises "when a current party to the litigation has the same 'ultimate objective' as the proposed intervenor."[29] MTA's ultimate objectives in this litigation are judicial interpretations of the 1914 Act and ARTA finding ARRC does not possess an exclusive-use easement in its ROW.[30] These are essentially the same objectives as Flying Crown. MTA's assertion that it shares co-occupancy rights with ARRC pursuant to the 1914 Act is neither here nor there regarding whether ARRC has an exclusive-use easement in the ROW on Flying Crown's property.[31] MTA thus has failed to demonstrate it would offer any necessary elements to the proceeding that other parties would neglect. Further, although intervention may not always be presumptively barred when parties share counsel, in this case the Court finds that because Mr. Meacham, counsel for MTA, already is representing Flying Crown, he is capable and likely to assert all of MTA's arguments in favor of its interpretation of the 1914 Act and ARTA.[32]

MTA has not demonstrated a significant protectable interest in ARRC's asserted exclusive use-easement on Flying Crown's property, nor has it demonstrated that

---

[28] Docket 51 at 5–6.
[29] *In re Weingarten*, 492 Fed. Appx. 754, 756 (9th Cir. 2012).
[30] Docket 42-1 at 18.
[31] *Id.* at 20.
[32] *See In re Weingarten*, 492 Fed. Appx. 754, 756 (9th Cir. 2012) ("the Weingartens are represented by the same counsel as their father, indicating that he is 'capable and willing to make' the same arguments that the Weingartens would make if they were permitted to intervene.").

its interests will be impaired or inadequately represented by Flying Crown in this litigation. Therefore, MTA will not be permitted to intervene as a matter of right.[33]

**B.	Permissive Intervention**

MTA argues it also should be granted permissive intervention under Federal Rule of Civil Procedure 24(b). "Permissive intervention is committed to the broad discretion of the district court"[34]; however, a movant must first show: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[35] "Where a putative intervenor has met these requirements, the court may also consider other factors in the exercise of its discretion, including 'the nature and extent of the intervenors' interest and 'whether the intervenors' interests are adequately represented by other parties."[36] The Court also considers "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[37]

The parties appear to agree that MTA's claims raise common questions of law and that the Motion is timely.[38] The Court concurs. However, ARRC argues MTA should not be permitted intervention because it "lacks standing to challenge ARRC's title to the ROW."[39] MTA argues that this jurisdictional concern drops away in cases "where

---

[33] *See* Fed. R. Civ. P. 24(a).
[34] *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).
[35] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).
[36] *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009) (citing *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)).
[37] Fed. R. Civ. P. 24(b)(3).
[38] Docket 51 at 7 (noting opposition only on jurisdictional grounds).
[39] *Id.*

*Alaska RR Corp. v. Flying Crown Subdivision*	Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene	Page 9
Case 3:20-cv-00232-JMK   Document 59   Filed 06/09/21   Page 9 of 10

the district court's jurisdiction is based upon federal question jurisdiction[.]"[40] Assuming the Court could find that MTA need not prove independent jurisdiction for its claims, discretionary factors would still weigh against permitting intervention. As previously discussed, the Court finds that MTA's interests in this litigation are far too attenuated to justify its intervention, and also that its interests will be adequately represented by the current parties.[41] Furthermore, determination of MTA's permit dispute with ARRC on properties not implicated in ARRC's quiet title action against Flying Crown will unnecessarily complicate adjudication of this litigation.[42] The Court will therefore decline to exercise its discretion in granting permissive intervention.

In light of the foregoing, the Court declines MTA's request to intervene under Rule 24.

### III. CONCLUSION

Therefore, IT IS ORDERED that MTA's Motion to Intervene at Docket 42 is **DENIED.**

IT IS SO ORDERED this 9th day of June, 2021, at Anchorage, Alaska.

                                                      */s/ Joshua M. Kindred*
                                                     JOSHUA M. KINDRED
                                                   United States District Judge

---

[40] Docket 42-1 at 23.
[41] *See supra* Sections II(A)(1), (3).
[42] *See Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) (denying permissive intervention when "allowing intervention would only serve to undermine the efficiency of the litigation process.").

*Alaska RR Corp. v. Flying Crown Subdivision*      Case No. 3:20-cv-00232-JMK
Order Re Motion to Intervene      Page 10
Case 3:20-cv-00232-JMK    Document 59    Filed 06/09/21    Page 10 of 10