Thomas E. Meacham, Attorney at Law
9500 Prospect Drive
Anchorage, Alaska 99507
Tel: 907-346-1077
Email: tmeacham@gci.net

*Attorney for* amicus curia *Applicant Matanuska Telephone Association, Inc*.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> FLYING CROWN SUBDIVISION ) <br> ADDITION NO. 1 AND ADDITION ) <br> NO. 2 PROPERTY OWNERS ) <br> ASSOCIATION, ) <br> Defendant, ) <br> and ) <br> ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> ) <br> Intervenor-Defendant ) | Case No. 3:20-cv-00232-JMK |

**UNOPPOSED MOTION OF MATANUSKA TELEPHONE ASSOCIATION, INC. TO PARTICIPATE AS *AMICUS CURIA***

**Motion to Participate** *Amicus Curia* of Matanuska Telephone Assn., Inc.
Alaska Railroad Corp. v. Flying Crown, No. 3:20-cv-00232-JMK

1

Case 3:20-cv-00232-JMK   Document 67   Filed 07/09/21   Page 1 of 3

Matanuska Telephone Association, Inc., ("MTA"), through its counsel Thomas E,. Meacham, Attorney at Law herewith files this unopposed to participate in this litigation as an *amicus curia*, in support of defendant Flying Crown and intervenor-defendant Municipality of Anchorage.

MTA had earlier moved to intervene as a party defendant in this litigation (Docket 42). After opposition filed by plaintiff Alaska Railroad Corporation ("ARC") at Docket 51, the Court denied MTA's motion to intervene as a party (Docket 59).

However, pages 7 and 8 of ARC's opposition to MTA's intervention, at Docket 51, gave ARC's consent for MTA to participate in this case as an *amicus curia*. It is a "common practice" for district courts to permit proposed intervenors whose intervention as a party is denied, to nevertheless participate as an *amicus curia*.[1] Such participation allows an *amicus* to present relevant issues that the parties themselves do not raise and argue.[2]

MTA has obtained the non-objection to its present Motion from defendants Flying Crown and the Municipality of Anchorage, and from existing *amicus* participant Enstar.

---

[1] 7C Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice & Procedure §1913 (3d ed. 2020)

[2] *Calif. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1118 (9th Cir 2002

**Motion to Participate** *Amicus Curia* of Matanuska Telephone Assn., Inc.
Alaska Railroad Corp. v. Flying Crown, No. 3:20-cv-00232-JMK

If the Court grants MTA's motion to participate as an *amicus curia*, MTA proposes that it be allowed to submit briefs on dispositive motions within seven (7) days following the final brief filed by the last of the parties that MTA supports, *i. e.,* Flying Crown and the Municipality of Anchorage. This timeline is consistent with the practice followed in the federal appellate courts under Federal Rule of Appellate Procedure 29(a)(6).

Dated at Anchorage, Alaska this 9th day of July, 2021.

    /S/ Thomas E. Meacham
Thomas E. Meacham, Attorney at Law
Alaska Bar No. 7111032
Counsel to proposed *amicus curia*
applicant Matanuska
Telephone Association, Inc.

Certificate of Service

I hereby certify that on July 9, 2021, I filed a true, correct and complete copy of the foregoing document with the Clerk of Court for the United States District Court, District of Alaska by using the CM/ECF system  Participants in Case No. 3:20-cv-00232-JMK who are registered CM/ECF users will be served by the CM/ECF system.

Thomas E. Meacham, Attorney at Law
By:    /S/ Thomas E. Meacham

**Motion to Participate** *Amicus Curia* of Matanuska Telephone Assn., Inc.
Alaska Railroad Corp. v. Flying Crown, No. 3:20-cv-00232-JMK

3