Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Phone: (907) 865-2600
Facsimile: (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email: wgcason@hollandhart.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>  Defendant,<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>  Intervenor-Defendant. | Case No. 3:20-cv-00232-JMK |

**OPPOSITION TO PROPOSED ORDER GRANTING MATANUSKA TELEPHONE ASSN., INC. PERMISSION TO PARTICIPATE AS AMICUS CURIAE**

Matanuska Telephone Association, Inc., ("MTA") has moved the Court to allow its participation as amicus curiae in this matter, in support of Defendants.[1] Plaintiff

---

[1] Dkt. No. 68-41, p. 2.

ARRC does not oppose MTA's participation in this capacity. However, ARRC <u>does</u> oppose MTA's proposed order, which would shorten, by half, ARRC's time to respond to arguments made by MTA.

## ARGUMENT

Under Local Civil Rule 7.2(b), oppositions to motions brought under Rule 56 must be filed within 21 days of service of the motion. Reply memoranda must be filed within <u>14 days</u> of service of the opposition. MTA seeks leave to file an amicus brief in opposition to ARRC's Motion 7 days *after* the deadline for opposition briefs, meaning that ARRC would have a shortened timeframe – 7 days in total – to respond to new arguments raised by MTA. Such order would be inequitable and is directly contrary to the practice followed by federal district courts when granting amicus status to a non-party.

The role of an amicus curiae is to introduce new arguments or perspectives for consideration by the court. *See Pakootas v. Teck Cominco Metals*, No. CV-04-256-LRS, 2011 U.S. Dist. LEXIS 169586, at *10 (E.D. Wash. Aug. 25, 2011) ("If amici briefs are filed, it is expected they will not merely parrot arguments already made by the parties."); *Sims Buick-GMC Truck v. GM LLC,* No. 4:14 CV 2238, 2017 U.S. Dist. LEXIS 228967, at *13-14 (N.D. Ohio Mar. 1, 2017) ("Ordinarily, the purpose of an amicus brief is to assist the court by offering a novel perspective on unresolved questions or issues not fully addressed by the parties.")

HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

OPPOSITION TO PROPOSED ORDER GRANTING MTA PERMISSION TO PARTICIPATE AS AMICUS CURIAE
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association, Case No. 3:20-cv-00232-JMK*
Page 2 of 5
Case 3:20-cv-00232-JMK   Document 70   Filed 07/14/21   Page 2 of 5

Indeed, MTA itself has argued that FCHA is unlikely to make its same arguments on the issues in this case. MTA's original Motion to Intervene emphasized that it had a unique perspective from FCHA, and that FCHA could not adequately represent its interests (though it is worth emphasizing again that MTA's counsel is also counsel of record for FCHA). *See* MTA Motion to Intervene (Dkt. 42-1) ("*Although Flying Crown may align with intervenor-applicant ENSTAR and with applicant MTA in disputing ARRC's claim to an exclusive-use easement for railroad purposes, neither Flying Crown nor applicant ENSTAR is able to adequately represent MTA's unique position. . .*")

Despite the parties' shared expectation that MTA's amicus brief is likely to raise novel legal theories or arguments of law, MTA seeks to constrain ARRC to only a 7-day period for response.[2] This would be contrary to the common practice of federal district courts, which generally require amicus curiae to submit opposition briefs on the same schedule as parties they support. *See* e.g., *Ohio Valley Envtl. Coal., Inc. v. McCarthy*, 313 F.R.D. 10, 32 (S.D. W. Va. 2015) (granting amicus curiae status, and ordering that "[t]he deadline for any amicus memorandum is the same as the deadline for the memorandum of the party whose position the amicus memorandum supports. But when the amicus memorandum supports the moving party, the deadline for the amicus memorandum in support is seven days after the filing of the principal motion. . . ");

---

[2] In support of this request, MTA cites only to the Federal Rules of Appellate Procedure. Those rules are inapposite here because, among other reasons, the appellate rules allow <u>21 days</u> for reply briefs to be filed, rather than the 14 days allowed by the Local Rules. *See FRAP* 31(a)(1).

HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

OPPOSITION TO PROPOSED ORDER GRANTING MTA PERMISSION TO PARTICIPATE AS AMICUS CURIAE
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK
Page 3 of 5

Case 3:20-cv-00232-JMK   Document 70   Filed 07/14/21   Page 3 of 5

*Brenner v. Scott*, 298 F.R.D. 689, 692 (N.D. Fla. 2014) (ordering that "[t]he deadline for FFA to [file its amicus brief] is the corresponding deadline for the memorandum of the party whose position FFA supports [unless] FFA supports the moving party . . ."); *Pakootas v. Teck Cominco Metals*, 2011 U.S. Dist. LEXIS 169586, at *10 (E.D. Wash. Aug. 25, 2011) (taking an alternative approach of allowing defendant the opportunity to respond to amici briefs in its reply, or in separate, later-filed briefs).

In line with these cases, the deadline for MTA to submit an amicus brief in opposition to ARRC's Motion for Summary Judgment should be the same as the deadline for Defendants. If either Defendant submits an affirmative motion which MTA seeks to support, then its brief in support of that affirmative motion should be due within 7 days of the motion.

## CONCLUSION

MTA seeks to submit briefing in opposition to ARRC's Motion for Summary Judgment. ARRC does not oppose this request, but simply asks that it be given a full and fair opportunity to engage with any new legal arguments raised by MTA's amicus briefing. Holding MTA to the same opposition briefing schedule as Defendants will allow ARRC to do so and will in no way prejudice MTA.

/

/

/

/

HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

OPPOSITION TO PROPOSED ORDER GRANTING MTA PERMISSION TO PARTICIPATE AS AMICUS CURIAE
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK
Page 4 of 5
Case 3:20-cv-00232-JMK   Document 70   Filed 07/14/21   Page 4 of 5

DATED at Anchorage, Alaska this 14th day of July, 2021.

HOLLAND & HART LLP
Attorneys for Alaska Railroad Corporation

/s/ Michael C. Geraghty
Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Phone: (907) 865-2600
Facsimile: (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email: wgcason@hollandhart.com

CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic service of the same to all counsel of record.

Donald W. McClintock, III
Eva Rivka Gardner
Thomas E. Meacham
*Attorneys for Flying Crown Subdivision*

Matt Mead
David A. Wilkinson
*Attorneys for ENSTAR Natural Gas Company, a division of SEMCO Energy, Inc., and Alaska Pipeline Company*

Robert P. Owen
*Attorney for Proposed Intervenor-Defendant Municipality of Anchorage*

/s/ Michael C. Geraghty

OPPOSITION TO PROPOSED ORDER GRANTING MTA PERMISSION TO PARTICIPATE AS AMICUS CURIAE
*Alaska Railroad Corporation v. Flying Crown Homeowners' Association*, Case No. 3:20-cv-00232-JMK
Page 5 of 5

Case 3:20-cv-00232-JMK   Document 70   Filed 07/14/21   Page 5 of 5

**HOLLAND & HART LLP**
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)