Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Phone: (907) 865-2600
Facsimile: (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email:  wgcason@hollandhart.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>               Plaintiff,<br><br>   v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>               Defendant,<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>               Intervenor-Defendant. | Case No. 3:20-cv-00232-JMK |

**MOTION FOR LEAVE TO FILE SUR-REPLY OR, IN THE ALTERNATIVE, TO STRIKE LATE-FILED BRIEF**

Matanuska Telecom Association, Inc. ("MTA") has submitted its *amicus* brief to the Court after the close of briefing, and 42 days after fellow *amici* ENSTAR Natural Gas Company. This timing denies the Alaska Railroad Corporation ("ARRC") any opportunity to respond to the issues it raises.

The timing of MTA's brief is contrary to the intent of the Court's order granting it permission to participate in the case as an *amicus*, and conflicts with MTA's own request to submit briefing "consistent with the practice followed in the federal appellate courts." It is also contrary to the fundamental principle that new arguments cannot be presented on a dispositive motion without giving opposing parties an opportunity to respond. ARRC therefore asks that the Court allow it the opportunity to respond in the form of a sur-reply (to be filed within 7 days), or in the alternative, that MTA's brief be stricken as untimely.

### I.  The Timing of MTA's Motion Conflicts with the Court's Order and its Own Request.

On July 9, 2021 MTA filed a Motion seeking the Court's permission to participate *amicus curia* in this matter so that it could "present relevant issues that the parties themselves do not raise."[1] At the time, ARRC's Motion for Summary Judgment had been pending for nearly 8 months, and MTA had already sought leave to file an opposition brief to ARRC's motion as an intervening defendant.[2] When its Motion to Intervene was denied, MTA instead sought leave to participate as *amicus curia*, asking the Court's permission to brief dispositive motions on "[a] timeline consistent with the practice followed in the federal appellate courts."[3]

---

[1] MTA Motion to Participate *Amicus Curia* of MTA (Dkt. No. 67, p. 2).
[2] MTA Memorandum in support of Motion to Intervene (Dkt. No. 42-1, p. 12).
[3] MTA Motion to Participate *Amicus Curia* of MTA (Dkt. No. 67, p. 2).

MOTION FOR LEAVE TO FILE SUR-REPLY, OR STRIKE LATE-FILED BRIEF
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 2 OF 6

Case 3:20-cv-00232-JMK   Document 98   Filed 10/08/21   Page 2 of 6

HOLLAND &
HART LLP
1029 W. 3rd Avenue,
Suite 550
Anchorage, AK
99501
(907) 865-2600
(907) 865-2680 (fax)

On July 22, the Court granted MTA's request to participate as *amicus curia*. However, rather than granting it permission to participate in all dispositive motions as it had requested, the Court granted MTA permission to file a single brief on summary judgment.[4] This order was clearly intended to give MTA the opportunity to respond to *ARRC's* Motion for Summary Judgment because, when it was entered, FCHA's cross-motion had not yet been filed (although MTA's counsel has entered an appearance in this case as counsel for FCHA, and presumably was aware of its plans to file a cross-motion). If the Court's order had been followed, ARRC would have had the opportunity to respond to issues raised by MTA in its own reply brief.

When FCHA's cross-motion was eventually filed, MTA chose to not seek clarification from the Court on the order granting it status as an *amicus*, apparently assuming that it could change the timing of its brief to correspond to FCHA's cross-motion instead – raising new arguments against ARRC's motion at a time when ARRC would be unable to respond. MTA's brief openly acknowledges that it is intended to engage with ARRC's Motion for Summary Judgment and "respond[s] to the assertions made by [ARRC] in its Complaint and summary judgment briefs."[5]

Aside from being contrary to the intent of the Court's order, the timing of MTA's brief conflicts with its own request to submit briefing on a "timeline consistent with the

---

[4] Order Granting Permission to Participate as *Amicus Curia* (Dkt. No. 74).
[5] MTA's *Amicus* Brief (Dkt. No. 97, p. 2).

HOLLAND &
HART LLP
1029 W. 3rd Avenue,
Suite 550
Anchorage, AK
99501
(907) 865-2600
(907) 865-2680 (fax)

MOTION FOR LEAVE TO FILE SUR-REPLY, OR STRIKE LATE-FILED BRIEF
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 3 OF 6

Case 3:20-cv-00232-JMK   Document 98   Filed 10/08/21   Page 3 of 6

practice followed in the federal appellate courts," because the federal appellate rules generally don't allow *amici curiae* to file reply briefs at all.[6] MTA's decision to file its brief at this late date is a plain attempt at gamesmanship based on a perceived ambiguity in the Court's order, and should not be rewarded – especially for a non-party that has been permitted to brief the Court on a purely permissive basis.

## II. If MTA's *Amicus* Brief is Allowed, ARRC Should be Given an Opportunity to Respond.

Courts have regularly affirmed the principle embedded in the Civil Rules that new arguments cannot be presented on a dispositive motion without opposing parties being given the opportunity to respond. This is true even when those arguments are raised by *amici curiae*. *See e.g.*, *Friends of Animals v. United States Fish & Wildlife Serv.,* No. 4:18-cv-00053-DN-PK, 2021 U.S. Dist. LEXIS 187246, at *5 (D. Utah Sep. 28, 2021) (Denying motion to file an *amicus* brief because, "[b]y filing their Motion on the deadline for Plaintiff's reply brief, the State Amici did not allow Plaintiff an opportunity to respond to the information raised in the proposed amicus brief. <u>Granting leave to the State Amici to now participate in the case would necessitate granting leave for Plaintiff to file a sur-reply</u>. This would further extend the case's briefing schedule and delay the disposition of the case.") (emphasis added).

---

[6] FRAP 29(a)(7) ("Except by the court's permission, an *amicus curiae* may not file a reply brief.")

MOTION FOR LEAVE TO FILE SUR-REPLY, OR STRIKE LATE-FILED BRIEF
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 4 OF 6

HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

The ruling in *Friends of Animals* follows other decisions from the 9th Circuit regarding opportunities to respond to new arguments in summary judgment motions. *See e.g., Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (holding that one party cannot submit new evidence in a reply without giving the other party an opportunity to respond, and that "[s]uch a result would be unfair."); *accord Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the movant an opportunity to respond.")

### III. Conclusion

When MTA first sought permission to participate as *amicus curia*, ARRC stated that it "does not oppose this request, but simply asks that it be given a full and fair opportunity to engage with any new legal arguments raised by MTA's *amicus* briefing."[7] That position has not changed. ARRC asks that it be allowed to submit a sur-reply to MTA's brief within 7 days, the same amount of time it would have had to respond to MTA's arguments under the Court's original order. In the alternative, ARRC asks that MTA's late-filed brief be stricken.

---

[7] Opposition to Proposed Order Granting MTA Permission to Participate as Amicus Curiae (Dkt. No. 70, p. 4).

HOLLAND & HART LLP
1029 W. 3rd Avenue,
Suite 550
Anchorage, AK
99501
(907) 865-2600
(907) 865-2680 (fax)

MOTION FOR LEAVE TO FILE SUR-REPLY, OR STRIKE LATE-FILED BRIEF
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 5 OF 6

Case 3:20-cv-00232-JMK   Document 98   Filed 10/08/21   Page 5 of 6

DATED at Anchorage, Alaska this 8th day of October, 2021.

HOLLAND & HART LLP

Attorneys for Alaska Railroad Corporation

 /s/ Michael C. Geraghty
Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska  99501
Phone:  (907) 865-2600
Facsimile:  (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email: wgcason@hollandhart.com

CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic service of the same to all counsel of record.

/s/ Michael C. Geraghty

**HOLLAND & HART LLP**
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

MOTION FOR LEAVE TO FILE SUR-REPLY, OR STRIKE LATE-FILED BRIEF
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 6 OF 6

Case 3:20-cv-00232-JMK   Document 98   Filed 10/08/21   Page 6 of 6