Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska 99501
Phone: (907) 865-2600
Facsimile: (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email: wgcason@hollandhart.com

*Attorneys for Alaska Railroad Corporation*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RAILROAD CORPORATION,<br><br>                  Plaintiff,<br><br>  v.<br><br>FLYING CROWN SUBDIVISION ADDITION NO. 1 AND ADDITION NO. 2 PROPERTY OWNERS ASSOCIATION,<br><br>                  Defendant,<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                  Intervenor-Defendant. | Case No. 3:20-cv-00232-JMK |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff Alaska Railroad Corporation ("ARRC"), pursuant to Local Civil Rule 7.1(d), respectfully submits this Notice of Supplemental Authority to apprise the Court of a November 10, 2021 decision in *L.K.L. Assocs. v. Union Pac. R.R. Co.*, Nos. 18-4123, 18-4130, 2021 WL 5227586 (10th Cir. Nov. 10, 2021). The Tenth Circuit's

decision reverses, in part, the decision by the district court, which was cited by both ARRC and Flying Crown Homeowners' Association in previous briefing.[1]

ARRC draws the Court's attention to Section II of the decision, which reverses the district court on the question of "whether a railroad's 1875 Act right of way includes the right to exclude others." *See* attached decision, pp. 9-15. That section concludes by stating:

> [T]he distinction between an easement and fee title has no bearing on Union Pacific's right to exclusive occupancy in this case. The fact that an easement can confer exclusivity on its holder is clear. Exclusivity is thus consistent with *Brandt*'s guidance that a right of way under the 1875 Act is nothing more than an easement. As discussed, the difference between a fee and an easement plays a pivotal role in determining ownership when a right of way has been abandoned—as in *Brandt*—or when there are questions about the rights to subsurface oil and minerals—as in *Great Northern*. "[T]hat the 1875 Act granted a fundamentally different interest in the rights of way than did the predecessor statutes," *Brandt*, 572 U.S. at 106, is not relevant to whether a railroad with an 1875 Act easement has the right to exclude. As a result, we hold that Union Pacific had the right to exclude L.K.L. and Heber from property they possessed in fee to the extent that Union Pacific's 1875 Act right of way traversed that property. A railroad easement is exclusive in character.

*Id.*, p. 15.

---

[1] *See e.g.,* Flying Crown's Consolidated Memorandum on Summary Judgment [Dkt. No. 85], pp. 15-16; ARRC's Consolidated Reply on Summary Judgment [Dkt. No. 89], p. 12.

HOLLAND & HART LLP
1029 W. 3rd Avenue, Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

DATED at Anchorage, Alaska this 19th day of November, 2021.

HOLLAND & HART LLP
Attorneys for Alaska Railroad Corporation

 /s/ Michael C. Geraghty
Michael C. Geraghty, ABA#7811097
William G. Cason, ABA#2009083
1029 W. 3rd Avenue, Suite 550
Anchorage, Alaska  99501
Phone:  (907) 865-2600
Facsimile:  (907) 865-2680
Email: mcgeraghty@hollandhart.com
Email: wgcason@hollandhart.com

CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic service of the same to all counsel of record.

/s/ Michael C. Geraghty

**HOLLAND & HART LLP**
1029 W. 3rd Avenue,
Suite 550
Anchorage, AK 99501
(907) 865-2600
(907) 865-2680 (fax)

ARRC'S NOTICE OF SUPPLEMENTAL AUTHORITY
Alaska Railroad Corp. v. Flying Crown, *Case No. 3:20-cv-00232-JMK*
PAGE 3 OF 3

Case 3:20-cv-00232-JMK   Document 115   Filed 11/19/21   Page 3 of 3